

John K. Salcedo
jsalcedo@bfesf.com
(415) 353-0999 ext. 109

May 7, 2025

**<u>Filed via Pacer</u>**

District Judge Hon. James Donato
San Francisco Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Estate of Jesus Eric Magana v. County of Alameda, et al.*
           U.S.D.C. Northern District of California
           Case No.: 3:24-cv-04716-JD

Dear Judge Donato:

    Pursuant to Paragraph 17 of this Court's Standing Order for Discovery in Civil Cases and Civil Local Rules, Defendants County of Alameda, Alameda County Sheriff's Office, Yesenia Sanchez, Erik Baker, Zacary Tsang-Lee, and Peter Candelario (collectively "Defendants") submit this correspondence requesting a protective order or leave to file a protective order from further production to Plaintiff's Subpoena Deuces Tecum served on Rosen Bien Galvan and Grunfeld, LLP ("RBGG") on January 8, 2025 (the "Subpoena"). The Subpoena seeks documents obtained by RBGG from discovery in *Babu, et al. v. County of Alameda, et al.* ("*Babu*"), a class action by Santa Rita Jail ("SRJ") inmates and a subclass of inmates with psychiatric disabilities who alleged cruel and unusual use of isolation, due process violations, inadequate mental health care, and failure to provide reasonable accommodations to disabled inmates at SRJ. The parties therein came to a resolution through the entry of a Consent Decree.

    In the *Babu* case, the County of Alameda (the "County") produced documents to RBGG in accordance with a Stipulated Protective Order entered on May 29, 2019, which is based upon this Court's Model Protective Order. (*Babu* Dkt. 30) The County marked documents "Confidential" to limit use of the documents in other litigation. On February 13, 2025, in response to Plaintiff's Subpoena Duces Tecum served in this matter, RBGG served a response identifying 25 bates stamped documents and separate publicly-available documents.

    Defendants respectfully seek an order preventing further disclosure by RBGG of in response to the subpoena as it violates the *Babu* Protective Order and Defendants will produce identical documents in discovery under the Protective Order in this case. Alternatively, Defendants request leave to file a motion for protective order seeking the same relief.

**FACTUAL BACKGROUND AND SUMMARY OF MEET AND CONFER**

    Plaintiff propounded Requests for Production of Documents ("RPD") on Defendants on November 1, 2024. The RPD seeks a wide range of records pertaining to Decedent's incarceration and death.

    On November 12, 2024, the Bankruptcy Court ordered an automatic stay on all proceedings involving Wellpath and its clients ("Bankruptcy Stay"). (Wellpath Bankruptcy Dkt.



17) On January 16, 2025, this Court also stayed proceedings in this matter. (Dkt. 32) The stay was subsequently extended until April 30, 2025 and then May 7, 2025 by the Bankruptcy Court.

On January 8, 2025, Plaintiff served the Subpoena on RBGG seeking 27 categories of documents produced by the County in the *Babu* matter, **after the Bankruptcy Court made it clear this case was stayed**. The requests in the Subpoena are identical to many of those in Plaintiff's RPD propounded on November 1, 2024.

On February 13, 2025, despite the Bankruptcy Stay, RBGG served responses and objections to the Subpoena, identifying 25 bates stamped documents and publicly-available audits by the neutral monitor experts appointed in the *Babu* matter.

On February 25, 2025, defense and Plaintiff's counsel met and conferred regarding the Subpoena. Defense counsel requested the Subpoena be withdrawn as the requests were identical to Plaintiff's Requests for Production and because the stay remained in place. Plaintiff disagreed the stay applied to RBGG and refused to withdraw the subpoena.

On February 28, 2025, the parties met and conferred by Zoom in order to comply with Paragraph 17 of the Court Standing Order for Discovery in Civil Cases. This conference complies with Paragraph 17 as Wellpath's counsel is located more than 50 miles away. Counsel for the parties agreed the County was to produce responses to Plaintiff's discovery requests on May 2, 2025 provided the Bankruptcy Stay ended on April 30, 2025 and Defendants' objection to the Subpoena was to be served by May 1, 2025.

Plaintiff's and defense counsel further met and conferred regarding withdrawal of the Subpoena. Defense counsel requested Plaintiff withdraw the Subpoena because the Subpoena violated the *Babu* Protective Order and Defendants intended to produce identical documents on May 2. Plaintiff's counsel disagreed and argued Plaintiff was entitled to the discovery in the *Babu* litigation to determine whether the County's responses to the Requests for Production to be served on May 2, 2025 differed from the production in *Babu* and offered no other justification.

On April 30, 2025, the County's counsel contacted Plaintiff's counsel and advised all documents identified by RBGG would be produced by the County in discovery. Given Plaintiff's concern was the County withholding documents, the County's counsel offered a 2-week extension for Plaintiff to review the County's document production to eliminate the need for confidential documents from the *Babu* matter to be disclosed in violation of the Protective Order. Plaintiff's counsel refused to grant the 2-week extension. Plaintiff's counsel agreed to extend the deadline to May 8, 2025 after the stay was extended to May 7, 2025.

## ARGUMENT

Good cause exists for a protective order preventing further disclosure of documents as the Subpoena is an effort by Plaintiff to circumvent Defendants' right to make evidentiary objections and to the stay and may violate the Protective Order in the *Babu* matter. The Court has the power to issue the requested protective order. "A protective order should be granted when the moving party establishes 'good cause' for the order and 'justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....' "

Hon. James Donato
May 7, 2025
Page 3



Fed. R. Civ. P., Rule 26(c). In evaluating whether the requisite "good cause" exists, courts have found the following factors relevant: (1) whether the information is being sought for a legitimate purpose; (2) whether disclosure will violate any privacy interest; (3) whether disclosure will cause a party embarrassment; (4) whether disclosure is important to public health and safety; (5) whether sharing of information among litigants will promote fairness and efficiency in the litigation; (6) whether the party seeking the protective order is a public entity or official; and (7) whether the case involves issues of public importance. *See Glenmede Trust Co. v. Thompson* (3d Cir. 1995) 56 F.3d 476, 483.

    Good cause exists for a protective order preventing RBGG from producing documents in response to the Subpoena. The Subpoena was not issued for a legitimate purpose as it was served after it became clear to Plaintiff discovery was stayed in this case. As the stay ends on April 30, 2025 and Defendants agreed to serve its discovery responses on May 2, 2025, the Subpoena is redundant and will result in duplicative discovery. Plaintiff's justification for serving the Subpoena appears to be to challenge the County's confidentiality designations in *Babu*. Plaintiff has no legal basis to challenge the County's designations in the *Babu* case.

    Plaintiff also appears to be attempting to deny Defendants the right to object by seeking documents from a party who has no standing (or incentive) to object on behalf of Defendants. The Subpoena is improper as the *Babu* case involves different issues than this case. The County had different grounds for objecting or motivations to produce documents for the purpose of reaching the Consent Decree. Therefore, allowing Plaintiff to obtain documents from RBGG undermines the County's reliance on the Protective Order in deciding to produce documents in *Babu*. Moreover, Defendants reviewed RBGG's Exhibit A and intend to produce all the documents subject to the existing Protective Order in this case. Accordingly, Plaintiff will not be prejudiced by a protective order preventing further response to the Subpoena by RBGG as Plaintiff will obtain the same documents in Defendants' document production.

    The Subpoena is duplicative, unnecessary, and is based upon an unfounded claim by Plaintiff the County will not comply with its discovery obligations. Accordingly, good cause is shown for an order preventing RBGG from disclosing documents in response to the Subpoena or in the alternative leave to file a motion for protective order. We appreciate your attention to this matter. Please feel free to contact my office if you have any questions. Thank you.

    Sincerely,

    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

    By:    */s/ John K. Salcedo*
        John K. Salcedo
        Attorney for Defendants COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANG-LEE, & PETER CANDELARIO