

John K. Salcedo
jsalcedo@bfesf.com
(415) 353-0999 ext. 109

June 23, 2025

**Filed via Pacer**

District Judge Hon. James Donato
San Francisco Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:   *Estate of Jesus Eric Magana v. County of Alameda, et al.*
           U.S.D.C. Northern District of California
           Case No.: 3:24-cv-04716-JD

Dear Judge Donato:

       Pursuant to Paragraph 17 of this Court's Standing Order for Discovery in Civil Cases and Civil Local Rules, Defendants County of Alameda, Alameda County Sheriff's Office, Yesenia Sanchez, Erik Baker, Zacary Tsang-Lee, and Peter Candelario (collectively "Defendants") submit this correspondence requesting a protective order or leave to file a motion for protective order barring production of documents pursuant to Plaintiff's Subpoena Deuces Tecum served on Rosen Bien Galvan and Grunfeld, LLP ("RBGG") on January 8, 2025 (the "Subpoena"). The Subpoena seeks documents obtained by RBGG from discovery in *Babu, et al. v. County of Alameda, et al.* ("*Babu*"), a class action by Santa Rita Jail inmates and a subclass of inmates with psychiatric disabilities who alleged cruel and unusual use of isolation, due process violations, inadequate mental health care, and failure to provide reasonable accommodations to disabled inmates at SRJ. The parties therein came to a resolution through the entry of a Consent Decree.

       The County of Alameda produced documents to RBGG in the *Babu* case pursuant to a Stipulated Protective Order entered on May 29, 2019, which is based upon this Court's Model Protective Order. (*Babu* Dkt. 30) The County designated documents "Confidential" to limit use of the documents in other litigations. In this matter, on February 13, 2025, while this matter was stayed due to the Wellpath bankruptcy, RBGG served a response to the Subpoena identifying 25 bates stamped documents marked "Confidential" ("RBGG Documents") and separate publicly-available documents.

       Defendants respectfully seek an order preventing further disclosure by RBGG in response to the Subpoena as it violates the *Babu* Protective Order, the stay of the present matter, and Defendants produced identical documents in discovery under the Protective Order in this case. Alternatively, Defendants request leave to file a motion for protective order seeking the same relief.

### FACTUAL BACKGROUND AND SUMMARY OF MEET AND CONFER

       Plaintiff propounded Requests for Production of Documents ("RPD") on Defendants on November 1, 2024. The RPD sought a wide range of records pertaining to Decedent's incarceration and death.



On November 12, 2024, the Bankruptcy Court ordered an automatic stay on all proceedings involving Wellpath and its clients ("Bankruptcy Stay"). (Wellpath Bankruptcy Dkt. 17.) On January 16, 2025, this Court also stayed proceedings in this matter. (Dkt. 32) The stay was subsequently extended until April 30, 2025 and then May 7, 2025 by the Bankruptcy Court.

On January 8, 2025, **after this matter was stayed**, Plaintiff served the Subpoena on RBGG seeking 27 categories of documents produced by the County in the *Babu* matter. The requests in the Subpoena are identical to many requests in Plaintiff's RPD propounded on the County on November 1, 2024. On February 13, 2025, despite the Bankruptcy Stay, RBGG served responses to the Subpoena, identifying the RBGG Documents and publicly-available documents related to the *Babu* matter.

On February 28, 2025, the parties conferred regarding the Subpoena. Defense counsel requested Plaintiff withdraw the Subpoena as it violated the *Babu* Protective Order and identical documents would be produced after the stay was lifted. Ms. Huang asserted Plaintiff was entitled to the discovery in the *Babu* litigation to determine whether the County's responses to the RPD differed from the production in *Babu* and offered no other justification. The parties agreed the deadline for RBGG's further production and the County's objection was due on May 8, 2025 after the stay was lifted on May 7, 2025.

On May 21, 2025, the parties met in person Pursuant to Paragraph 17 to confer regarding the Subpoena and agreed for the County to conduct a first look of the RBGG Documents to determine whether they should be withheld. Under the first look agreement, the County advised the parties production it intended to file this letter by June 23, 2025. The County determined, after reviewing the RBGG Documents that RBGG should not produce said records and that a protective order is necessary to prevent further disclosure of records pursuant to the subpoena.

## ARGUMENT

Good cause exists for a protective order preventing further disclosure of the RBGG documents as the Subpoena is an effort by Plaintiff to circumvent Defendants' right to make evidentiary objections, violates the stay ordered by this Court, and violates the Protective Order in the *Babu* matter. The Court has the power to issue the requested protective order. "A protective order should be granted when the moving party establishes good cause. Fed. R. Civ. P., Rule 26(c). In determining whether "good cause" exists, courts evaluate the following factors: (1) whether the information is being sought for a legitimate purpose; (2) whether disclosure will violate any privacy interest; (3) whether disclosure will cause a party embarrassment; (4) whether disclosure is important to public health and safety; (5) whether sharing of information among litigants will promote fairness and efficiency in the litigation; (6) whether the party seeking the protective order is a public entity or official; and (7) whether the case involves issues of public importance. *See Glenmede Trust Co. v. Thompson* (3d Cir. 1995) 56 F.3d 476, 483.

Good cause for a protective order exists in this case. The Subpoena was not issued for a legitimate purpose since it was served during the Bankruptcy Stay. The Bankruptcy Stay ended on May 7, 2025 and Defendants served its responses to Plaintiff's requests for production of documents and document production as a courtesy to resolve the dispute over the Subpoena. Further, Ms. Huang has no legal basis to challenge the County's designations in *Babu* case.


The Subpoena also is redundant and will result in duplicative discovery. The County's May 8 document production includes more documents and videos regarding Decedent's in-custody use of force incidents than those contained in the RBGG Documents. The RBGG Documents included 2 body worn camera videos and 23 other documents pertaining to Decedent's use of force incidents. The May 8 production included all body worn camera footage and photographs pertaining to the use of force incidents. Except for a few reports in the RBGG Documents that the County is working to produce, the County's May 8 production is more comprehensive than the RBGG Documents. Accordingly, Plaintiff will not be prejudiced by a protective order preventing further response to the Subpoena by RBGG, as Plaintiff has already obtained discovery from Plaintiff which is more complete than the RBGG documents.

Furthermore, Plaintiff attempts to deny Defendants the right to object by seeking documents from a party who has no standing (or incentive) to object on behalf of Defendants. The Subpoena is improper as the *Babu* case involves different issues than this case. The County had different grounds for objecting or motivations to produce documents for the purpose of reaching the Consent Decree. Thus, allowing Plaintiff to obtain documents from RBGG undermines the County's reliance on the Protective Order in deciding to produce documents in the *Babu* case.

Finally, allowing Plaintiff access to the *Babu* Documents subject to the *Babu* Protective Order complicates discovery by requiring compliance with **two separate** Protective Orders. This makes compliance with the Protective Orders more complicated and increases the possibility of inadvertent disclosure. Moreover, the County's other outside counsel who represented the County in *Babu* will have to be involved in enforcing the *Babu* Protective Order as to Plaintiff, which forces the County to bear additional costs. This complexity and potential cost can be avoided by issuing an order preventing production of the RBGG Documents.

The Subpoena is duplicative and is based upon an unfounded claim by Plaintiff that the County will not comply with its discovery obligations, which has been proven false by the County's May 8 production. Thus, good cause exists for an order preventing RBGG from disclosing documents in response to the Subpoena or alternatively, an order granting the County leave to file a motion for protective order. We appreciate your attention to this matter.

Sincerely,

BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By: _____*/s/ John K. Salcedo*_____
John K. Salcedo
Attorney for Defendants
COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANG-LEE, & PETER CANDELARIO