LAW OFFICES OF

# YOLANDA HUANG

Date: July 9, 2025

Hon. James Donato
San Francisco District Court
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re: Estate of Jesus Eric Magana, Case No.: 3-24-cv-04716-JD

Dear Judge Donato:

    This is plaintiffs' response to County Defendants' second discovery brief (Dkt 42)on this issue. Their first effort was voluntarily withdrawn (Dkt. 40). County Defendants' second letter brief: 1) fails to comply with this Court's standing order by not attaching any of the relevant communications between the parties; 2) fails to cite any authority, caselaw or statute, which supports its request; and, 3) fails to state any good cause or valid justification for a protective order.

1. Statement of Facts

    Rosen, Bien, Galvan and Grunfeld ("RBGG") are the attorneys representing the plaintiffs in the class action, Babu v. County of Alameda et al. 5:18-CV-07677, concerning multiple issues including the use of force, particularly against individuals with a mental health disability. (See Babu, Consent Decree, Dkt. 266-1, p. 25-27). RBGG is currently monitoring Alameda County Sheriff's Office compliance with the consent decree. The subject protective order in Babu, was stipulated to in the Motion for Approval of the Consent Decree. (Babu, Dkt 266-1, p. 72-73). Jesus Eric Magana, the decedent had a diagnosis of schizophrenia and there are multiple incidents of use of force involving the decedent prior to his death. The circumstances and conduct of those use of force are relevant in understanding and contextualizing the facts contributing to the death of Jesus Eric Magana. County defendants do not dispute the relevance nor that these documents are generally discoverable.

2. Parties' Discussion And The Babu Protective Order

The parties have been discussing this issue since February, 2025. The Babu protective order is based on the Northern District's Model Protective Order. (Babu, Protective Order, Dkt. 30, Attached as Exhibit A). Ernest Galvan notified County Defendants' counsels in Babu of this subpoena duces tecum. Ernest Galvan, in email correspondence to John Salcedo, County

defendants' counsel in the present case, also stated his support of this subpoena and cited the Hernandez order (Hernandez v. Monterey County, No. 13-cv-02354-BLF). Hernandez, like Babu, was a class action jail conditions case with a consent decree regarding Monterey County Jails. In Hernandez, following the death of a class member, the family of the decedent sought documents disclosed in Hernandez. The Hernandez order stated that "where documents from Hernandez pertaining to a deceased class member are relevant and discoverable, they should be produced to the survivors' counsel." (Email attached as Exhibit B). (Hernandez Order attached as Exhibit C.)

3. The 9th Circuit Favors Access to Information.

The 9th Circuit has taken the consistent view has been that "[t]he Ninth Circuit 'strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation.' *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citing *Beckman*, 966 F.2d at 475)." The Court in Hernandez cited *Foltz*, supra. as one reason to modify the Hernandez protective order and permit the discovery for plaintiffs in a collateral proceeding. (Hernandez v. Monterey County, No. 13-cv-02354-BLF, p. 4, l. 16-18)

4. The Protective Order in Babu Does Not Shield the Sought Documents

The fact that there is a protective order in the Babu case, does not automatically shield Babu documents from discovery in the present case. The specific language in the Babu protective order grants to this Court the review and determination of whether there is good cause for a protective order appropriate in this instance of a subpoena duces tecum for Babu documents. (See Babu Protective Order, Dkt. 30. §8(c)) There is no requirement in the Babu protective order for this matter to be raised with the Babu court.

5. Plaintiffs' Are Entitled to The Subpoenaed documents

Defendants' primary argument is that County defendants in this case should control what documents plaintiff has access to. As the Court in *Genentech, Inc. v. Insmed Inc.*, 442 F. Supp. 2d 838, 849 (CAND, 2006) stated, RBGG, as a law firm may have "different documents in their possession, custody, or control," and plaintiffs are not required to rely on the good graces of defendants for the production.

6. Any Possible Burden Does Not Fall On County Defendants.

County defendants' claim of some duplication created by the subpoena is also not good cause. The subpoena places no burden on County Defendants. The subpoena request is to RBGG to produce the documents, and RBGG has not complained of a burden. Under Rule 45 of the Federal Rules of Civil Procedure, the burden of proving that a subpoena is duplicative or oppressive lies with the party seeking to quash it. Other than allegations, County defendants cite no facts certifying that there is a burden on them nor that the subpoena is duplicative.

7. County Defendants Fail to Articulate Any Specific Prejudice or Harm

The 9th Circuit's caselaw on protective orders regarding discovery materials provides a baseline. A party seeking an ordinary protective order under Federal Rule of Civil Procedure 26(c) must show that "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.

2002). If the party makes this showing, the court must then determine if an order is necessary by "balanc[ing] the public and private interests " at stake. *Id.* at 1211.

The party seeking to enforce a protective order must demonstrate "good cause" under Rule 26(c) to justify continued protection of the documents. Courts have held that stipulated protective orders, which are often overinclusive, do not inherently satisfy the "good cause" requirement. The burden remains on the party seeking protection to show specific prejudice or harm if the protective order is not upheld *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir., 2003), *Father M. v. Various Tort Claimants* (In re Roman Catholic Archbishop), 661 F.3d 417 (9th Cir., 2011).

Good cause order under Federal Rule of Civil Procedure 26(c) requires demonstration that "specific prejudice or harm will result if the protective order is not granted." *United States of Am. ex rel. Everest Principals, LLC v. Abbott Labs.*, 2025 U.S. Dist. LEXIS 122922 *8(CAND, 2025), *Sec'y of Labor v. Valley Wide Plastering Constr., Inc.*, 2021 U.S. Dist. LEXIS 23068*3(ADC, 2021). In the present case, County defendants' letter brief fails to meet this burden, as it does not provide the particularized and specific demonstration of harm required under Ninth Circuit precedent. Accordingly, the request for a protective order should be denied. *Ground Zero Ctr. for Non-Violent Action v. United States Dep't of the Navy*, 860 F.3d 1244, 1260 (9th Cir., 2017)

County defendants have had two tries at this effort. Indeed, County defendants' first and second letter briefs on this issue are by and large identical, except for two paragraphs in the entire letter (3rd and 2nd paragraphs from the end). And both letter briefs fail to meet the Ninth Circuit's stringent requirements for establishing "good cause." The letter briefs do not provide specific examples or articulated reasoning to substantiate its claims of harm or prejudice. Instead, they rely on broad and conclusory allegations, which are insufficient under Rule 26(c). County defendants "good cause" are based solely on objections to the subpoena, and the protective order in the Babu matter. Objections based on the bankruptcy stay are now moot. As the Ninth Circuit has made clear, such generalized assertions do not satisfy the "good cause" standard. *Curry v. Rolland*, 2024 U.S. Dist. LEXIS 11134 (CAED, 2024), Mlejnecky v. Olympus *Imaging Am., Inc.*, 2011 U.S. Dist. LEXIS 16128 (CAED, 2011).

The Ninth Circuit has recognized that protective orders should not be granted lightly, as they can impede the just, speedy, and inexpensive determination of actions, which is a core policy of the Federal Rules of Civil Procedure. USCS Fed Rules Civ Proc R 1, *Pegatron Tech. Serv., Inc. v. Zurich Am. Ins. Co.*, F. Supp. 3d 1197 (ODC, 2019). In this case, County defendants' complete failure to articulate even one specific and particularized showing of harm weighs heavily against granting the protective order.

Therefore, given that County defendants cite no authority for their argument, and fail to state any facts showing good cause, this Court should deny County Defendants request for a protective order and deny County Defendants request for leave to file a motion for protective order.

Sincerely,

*/s/ Yolanda Huang*

Yolanda Huang
Attorney for Plaintiffs