# EXHIBIT C

**HERNANDEZ COURT ORDER MODIFYING PROTECTIVE ORDER TO PERMIT DISCOVERY
5:13-CV-02354 (BLF) CAND**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSE HERNANDEZ, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | Case No. 13-cv-02354-BLF<br><br>**ORDER GRANTING MOTION FOR PERMISSIVE INTERVENTION AND CLARIFICATION OR MODIFICATION OF PROTECTIVE ORDER; AND VACATING HEARING SET FOR DECEMBER 2, 2021**<br><br>[Re: ECF 693] |

Plaintiffs in a separate action pending in this district, *Estate of Rafael Ramirez Lara, et al. v. County of Monterey, et al.* ("*Lara*"), No. 21-cv-02409-PJH, have filed a Motion for Permissive Intervention in the present action, *Hernandez, et al. v. County of Monterey, et al.* ("*Hernandez*"), No. 13-cv-02354-BLF. The proposed intervention would be for the limited purpose of clarifying or modifying the protective order in *Hernandez* to permit the *Lara* plaintiffs to obtain records produced in *Hernandez* that pertain to the *Lara* plaintiffs' decedent, Rafael Ramirez Lara ("Lara"), who was a *Hernandez* class member. The Motion for Permissive Intervention is opposed by *Hernandez* defendants County of Monterey, Monterey County Sheriff's Office, and California Forensic Medical Group, Inc. ("CFMG").[1]

The Court finds the motion suitable for decision without oral argument and VACATES the hearing set for December 2, 2021. *See* Civ. L.R. 7-1(b). The Motion for Permissive Intervention is GRANTED for the reasons discussed below.

---

[1] It appears from the *Lara* plaintiffs' papers that CFMG, the Monterey County Jail's health care provider, has changed its name to Wellpath. For the sake of simplicity, the Court continues to refer to the entity as CFMG.

## I. BACKGROUND

*Hernandez* was filed in May 2013 to challenge the medical care, mental health care, safety, and disability access provided to inmates at the Monterey County Jail. *See* Compl., ECF 1. On December 22, 2014, the judge then assigned to the case, Magistrate Judge Paul S. Grewal, approved the parties' amended stipulated protective order ("Protective Order"). *See* Protective Order, ECF 401. The Protective Order allows the parties to designate as "Confidential Information" any documents or materials that contain (a) proprietary information, (b) security-sensitive information, (c) confidential personal information, or (d) information reasonably believed to be protected from disclosure pursuant to law. *Id.* ¶ 1. The Protective Order restricts access to Confidential Information to the Court and its staff; Defendants and their staff; Plaintiff and Defense experts; Neutral experts; and Plaintiff and Defense counsel and their staff. *Id.* ¶ 10. However, the Protective Order provides that it does not "preclude Plaintiffs' counsel from reviewing with the Plaintiffs his or her own Jail medical and/or custody records." *Id.*

In August 2015, Magistrate Judge Grewal approved a Settlement Agreement requiring changes in Monterey County Jail policies and practices. *See* Final Approval Order, ECF 494. *Hernandez* thereafter was reassigned to the undersigned judge. *See* Reassignment Order, ECF 550. In November 2017, this Court issued an order addressing Plaintiffs' motion to enforce the Settlement Agreement. *See* Order Granting in Part and Denying in Part Plaintiffs' Motion to Enforce Settlement Agreement, ECF 619. Among other things, Plaintiffs asserted that Monterey County was unreasonably denying Class Counsel and court-appointed monitors access to the records of Monterey County Jail inmates treated at Natividad Medical Center ("Natividad"). *See id.* at 5. Plaintiffs sought those records for targeted individuals and defined groups of individuals for the purpose of determining whether Defendants were complying with their obligations under the Settlement Agreement. *See id.* at 7. Monterey County expressed concern that such production would violate federal and state laws. *See id.* at 5-6.

This Court determined that it had authority to order production of the records in question to Class Counsel and court-appointed monitors. *See* Order Granting in Part and Denying in Part Plaintiffs' Motion to Enforce Settlement Agreement at 6. To determine whether production was

1    warranted, the Court balanced the privacy interests of individual inmates against Plaintiffs' interest in
2    ensuring Defendants' compliance with the Settlement Agreement and court orders. *See id.* at 6-7. The
3    Court concluded that production of inmate records was necessary to permit Class Counsel and
4    neutral monitors to confirm that Defendants were living up to the Settlement Agreement. *See id.*
5    at 7. However, the Court declined to issue a blanket order requiring Natividad to produce any and
6    all records requested by Class Counsel or the monitors. *See id.* The Court instead stated that it
7    would consider requests for records on case by case basis, and that record requests could be
8    presented by stipulation of the parties or by administrative motion if the parties could not agree to
9    production of specific records. *See id.* at 7-8. Pursuant to this process, the Court has approved
10   numerous stipulated requests for production of records as to specific inmates. *See, e.g.,*
11   Stipulation and Order, ECF 628; Stipulation and Order, ECF 647; Stipulation and Order, ECF 649;
12   Stipulation and Order, ECF 662.

13   Lara was a *Hernandez* class member. *See* Rifkin Decl. ¶ 3, ECF 695. He died in the
14   Monterey County Jail on December 22, 2019. *See id.* ¶ 2. The *Lara* plaintiffs, Lara's estate and
15   his three adult children, retained attorney Lori Rifkin to help them discover the circumstances of
16   Lara's death. *See id.* Ms. Rifkin contacted Class Counsel in the *Hernandez* case, who obtained
17   Lara's records pursuant to a stipulated request to the Court under the procedure discussed above.
18   *See id.* ¶¶ 3-4. However, Class Counsel declined to provide Lara's records to the *Lara* plaintiffs
19   on the basis that doing so would violate the *Hernandez* Protective Order. *See id.* ¶ 5. The *Lara*
20   plaintiffs were able to obtain some records from CFMG and by means of a Public Records Act
21   request to Monterey County, but they were unable to obtain the remainder of Lara's custody file,
22   including an incident report relating to his death. *See id.* ¶¶ 6-9.

23   On April 2, 2021, the *Lara* plaintiffs filed the *Lara* action against Monterey County and
24   others, alleging that Lara died after compulsively drinking excessive amounts of water as a result
25   of untreated schizophrenia. *Lara* Compl. ¶ 1, ECF 1 in Case No. 21-cv-02409-PJH. On April 30,
26   2021, the *Lara* plaintiffs filed the present Motion for Permissive Intervention for the purpose of
27   clarifying or modifying the *Hernandez* Protective Order so that they may obtain Lara's records
28   that were produced in *Hernandez*. *See* Motion for Permissive Intervention, ECF 693.

3

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24(b), governing permissive intervention, provides in relevant part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Where permissive intervention is sought to litigate a claim on the merits under Rule 24(b), the movant must show: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).

While "the primary focus of Rule 24(b) is intervention for the purpose of litigating a claim on the merits," Rule 24(b) also permits intervention for the purpose of seeking modification of a protective order. *Beckman*, 966 F.2d at 472-73. When permissive intervention is sought for that purpose, factor (1) of the traditional test does not apply, as "an independent jurisdictional basis is not required." *Id*. at 473. With respect to factor (3), "the importance of access to documents prepared for similar litigation involving the same parties satisfie[s] the commonality requirement of 24(b)." *Id*.

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citing *Beckman*, 966 F.2d at 475). "[T]he collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Id.* at 1132. The court issuing the protective order also "must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id*. at 1133.

## III. DISCUSSION

The *Lara* plaintiffs seek to intervene in *Hernandez* for the limited purpose of clarifying or modifying the *Hernandez* Protective Order so that they may obtain Lara's records that were produced in *Hernandez*. The *Lara* plaintiffs argue two bases for obtaining those records. First, they assert that they are entitled to the records under the plain language of the *Hernandez* Protective Order, and they seek clarification on that point. Second, they argue that if they are not

4

1  entitled to Lara's records under the *Hernandez* Protective Order, that order should be modified to

2  allow them access to the records. The *Lara* plaintiffs have submitted a proposed Complaint in

3  Limited Intervention alleging these alternative bases for relief. *See* Proposed Compl. in

4  Intervention, ECF 693-1.

5      *Hernandez* defendants County of Monterey, Monterey County Sheriff's Office, and CFMG

6  oppose the motion to intervene, arguing that the records may be obtained through discovery in the

7  *Lara* case, and that the present motion is an inappropriate attempt to "by-pass normal discovery

8  processes." Monterey Opp. at 2, ECF 697.

9      As an initial matter, the *Lara* plaintiffs properly may seek permissive intervention for

10 purposes of clarifying or modifying the *Hernandez* Protective Order to allow them access to

11 Lara's records that were produced in *Hernandez*. *See Beckman*, 966 F.2d at 472-73. Defendants'

12 opposition to the motion based on the asserted impropriety of "by-pass[ing] normal discovery

13 processes" ignores the Ninth Circuit's holdings in *Beckman* and *Foltz*, cited above. In those cases,

14 the Ninth Circuit expressed a strong preference for granting motions to intervene brought by

15 litigants in collateral cases who seek discovery produced in the main case. *See Foltz*, 331 F.3d at

16 1131 (citing *Beckman*, 966 F.2d at 475). The Ninth Circuit observed that "[a]llowing the fruits of

17 one litigation to facilitate preparation in other cases advances the interests of judicial economy by

18 avoiding the wasteful duplication of discovery." *Id.* (citing *Beckman*, 966 F.2d at 475).

19     Applying the standards set forth in *Beckman* and *Foltz*, this Court has no difficulty in

20 finding that permissive intervention and modification of the Protective Order are appropriate here.

21 The Court begins its analysis with the traditional test for permissive intervention, with the *caveat*

22 that the Ninth Circuit has held that the first factor does not apply when intervention is sought for

23 the purpose of modifying a protective order: (1) an independent ground for jurisdiction; (2) a

24 timely motion; and (3) a common question of law and fact between the movant's claim or defense

25 and the main action. *See Beckman*, 966 F.2d at 473. With respect to the second factor, the Court

26 concludes that motion is timely because the *Lara* action was filed less than two months ago, on

27 April 2, 2021. With respect to the third factor, the Court finds that the commonality requirement

28 is met because the records in question were produced in similar litigation in which the *Lara*

plaintiffs' decedent, Lara, was a class member. Accordingly, permissive intervention is appropriate here.

Turning to the merits of the *Lara* plaintiffs' request for clarification or modification of the Protective Order, the Court is not persuaded that the *Lara* plaintiffs are entitled to Lara's records under the plain language of the Protective Order. The *Lara* plaintiffs rely on language in the Protective Order providing that "[n]othing in this Protective Order will preclude Plaintiffs' counsel from reviewing with the Plaintiffs his or her own Jail medical and/or custody records." Protective Order ¶ 10, ECF 401. That language contemplates communications between Class Counsel and a named plaintiff in *Hernandez* or, perhaps, a class member of *Hernandez*, regarding that inmate's own records. Nothing in the language suggest that it authorizes Class Counsel's disclosure of records to the family of a deceased inmate. Thus in the Court's view, the *Lara* plaintiffs read this provision of the Protective Order too broadly.

However, the Court concludes that the *Lara* plaintiffs have demonstrated that modification of the Protective Order is warranted to allow them access to Lara's records that were produced in *Hernandez*. Applying the relevant factors articulated by the Ninth Circuit, the Court finds that the *Lara* plaintiffs have established "the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Foltz*, 331 F.3d at 1132. The records clearly are relevant to the *Lara* action and generally are discoverable in that action. Defendants do not dispute the records' relevance or discoverability. Indeed, Defendants' primary opposition argument is that the records are discoverable in *Lara* and should be obtained through the discovery process in that case. The Court also finds that any countervailing reliance interest of Defendants is slight and is outweighed by the policy of avoiding duplicative discovery. *See id*. at 1133. Defendants have not articulated any prejudice that would result from allowing the *Lara* plaintiffs access to the records in question. To the extent that Defendants relied on the Protective Order, and on limitations subsequently imposed by the Court with respect to disclosure of Natividad records, to protect inmates' privacy interests, the inmate in question is deceased and the records are sought by his own estate and family. Accordingly, the Court finds that any interest Defendants may have in non-disclosure is outweighed by the policy of avoiding duplicative discovery.

6

1  In summary, the Court finds it appropriate to allow the *Lara* plaintiffs to intervene and to 2 modify the *Hernandez* Protective Order to grant the *Lara* plaintiffs access to Lara's records that 3 were produced in *Hernandez*. The *Lara* plaintiffs will be subject to the restrictions of the 4 *Hernandez* Protective Order. This ruling is consistent with the Ninth Circuit's direction in *Foltz* 5 that, "Where reasonable restrictions on collateral disclosure will continue to protect an affected 6 party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify 7 an otherwise proper protective order so that collateral litigants are not precluded from obtaining 8 relevant material should generally be granted." *Foltz*, 331 F.3d at 1132.

9 In granting the *Lara* plaintiffs' motion, this Court makes no comment on what may or may 10 not be discoverable or admissible in the *Lara* case. Those determinations are for the *Lara* court. 11 *See Foltz*, 331 F.3d at 1133 ("If the protective order is modified, the collateral courts may freely 12 control the discovery processes in the controversies before them without running up against the 13 protective order of another court.").

## IV. ORDER

(1) The *Lara* plaintiffs' motion to intervene is GRANTED;

(2) The *Lara* plaintiffs SHALL file their proposed Complaint in Limited Intervention in this case as soon as is practicable;

(3) The *Hernandez* Protective Order is hereby MODIFIED to grant the *Lara* plaintiffs access to Lara's medical and custody records, including any incident report or document relating to his death, that were produced in the *Hernandez* case;

(4) The hearing set for December 2, 2021 is VACATED; and

(5) This order terminates ECF 693.

Dated: May 27, 2021

BETH LABSON FREEMAN
United States District Judge

7