Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Lindsey M. Romano (SBN: 337600)
Kendra N. Stark (PRO HAC VICE)
Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054
Email: lromano@grsm.com
kstark@grsm.com
***Attorneys for Defendants California Forensic Medical Group dba Wellpath, Rajendra Mahajan, Sumeet Chagger, and Harpreet Hundal***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JESUS ERIC MAGANA and JESUS MAGANA DUARTE<br><br>Plaintiffs,<br>V<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANG-LEE, PETER CANDELARIO, CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC & WELLPATH MANAGEMENT, INC., also known as LIQUIDATING TRUST, a nominal party, RAJENDRA MAHAJAN, SUMEET CHAGGER, HARKAMALJIT HUNDAL, and DOE 1 to 20,<br><br>Defendants. | CASE NO. 3:24-cv-04716-JD<br><br>**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., RAJENDRA MAHAJAN, SUMEET CHAGGER, AND HARPEET HUNDAL'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: October 9, 2025<br>Time: 10:00AM<br>Location: Phillip Burton Federal Building & United States Courthouse Courtroom 11, 19th Floor 450 Golden Gate Avenue San Francisco, CA 94102 |

**THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on October 9, 2025, at 10:00am, or as soon thereafter as the matter may be heard, in Courtroom 11, 19th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, counsel for Defendants California Forensic Medical Group, Inc., Rajendra Mahajan, Sumeet Chagger, and Harpreet Hundal ("CFMG Defendants") will bring for hearing their Motion to Dismiss Plaintiffs' First

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Amended Complaint. In support of this Motion, the CFMG Defendants rely upon and incorporate by reference this Notice of Motion, accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action as set forth in the Court's electronic filing system (ECF), and any oral and documentary evidence as may be presented at the time of this hearing.

The CFMG Defendants submit the following Motion to Dismiss Plaintiffs' First Amended Complaint as barred by the applicable statute of limitations, and for a failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), on the following causes of action:

First Claim – 42 U.S.C. § 1983

Second Claim – 42 U.S.C. § 12101, *et seq.*

Third Claim – 29 U.S.C. § 701, *et seq.*

Fourth Claim - 42 U.S.C. § 1983, U.S. Const. Amend. XIV

Seventh Claim – Cal. Evid. Code § 1158

Eighth Claim – Cal. Civ. Code. § 52.1

Ninth Claim – Intentional Infliction of Emotional Distress

Tenth Claim – Negligence

Eleventh Claim – Spoliation of Evidence under F.R.C.P. 37(e)

Twelth Claim – Cal. Code. Civ. Proc. § 377.60

As such, the above causes of action against the CFMG Defendants should be dismissed without leave to amend.

Dated: August 8 , 2025 GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Kendra Stark
Kendra N. Stark
Lindsey M. Romano
***Attorneys for the CFMG Defendants***

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND BACKGROUND ....7

II. STANDARD FOR MOTION TO DISMISS ....7

III. STATEMENT OF RELEVANT FACTS ....8

IV. LEGAL ARGUMENT ....9

A. Many of Plaintiffs' claims against the CFMG Defendants are barred by the applicable statute of limitations. ....9

B. Plaintiffs have failed to state a claim upon which relief can be granted for deliberate indifference under the Fourteenth Amendment. ....10

C. Plaintiffs have failed to state a *Monell* claim against CFMG under 42 U.S.C. § 1983. ....13

D. Plaintiffs have failed to state a claim upon which relief can be granted pursuant to the American with Disabilities Act. ....15

E. Plaintiffs have failed to state a claim upon which relief can be granted for a failure to produce patient records under Cal. Evid. Code § 1158. ....16

F. Plaintiffs have failed to state a claim upon which relief can be granted under § 504 of the Rehabilitation Act. ....16

G. Plaintiffs have failed to state a claim upon which relief can be granted under the California Bane Civil Rights Act § 52.1. ....17

H. Plaintiffs have failed to state a claim for intentional infliction of emotional distress upon which relief can be granted. ....18

I. Plaintiffs have failed to state a claim for negligence against the CFMG Defendants. ....19

J. Plaintiffs have failed to state a claim for spoliation of evidence upon which relief can be granted. ....20

K. Plaintiffs have failed to state a claim for wrongful death upon which relief can be granted. ....21

V. CONCLUSION ....21

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adena v. Shasta Couty,* et. al.,
No. 2:21CV00770 (C.D. Cal. filed April 29, 2021) ....................13, 17

*Anderson v. Cnty. of Fresno*,
No. 121CV01134ADASAB, 2023 WL 2761168 (E.D. Cal. Ar. 3, 2023)....................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................7

*Atayde v. Napa State Hosp.*,
255 F.Supp.3d 978 (E.D. Cal. 2017)....................8, 13

*Austin B. v. Escondido Union Sch. Dist.*,
149 Cal. App. 4th 860 (2007) ....................17

*Bem v. Stryker Corp.*,
No. C 15-2485 MMC, 2015 WL 4573204 (N.D. Cal. July 29, 2015) ....................21

*Berkley v. Dowds,*
152 Cal. App. 4th 518 (2007) ....................18, 19

*Butler v. Nat'l Cmty. Renaissance of California,*
766 F.3d 1191 (9th Cir. 2014) ....................9

*Castro v. Cnty. of Los Angeles*,
833 F.3d 1060 (9th Cir. 2016) ....................10, 11, 12,

*Connick v. Thompson*,
563 U.S. 51 (2011)....................14

*Cross v. Bonded Adjustment Bureau*,
48 Cal.App.4th 266 (1996) ....................18

*Davenport v. Litton Loan Servicing, LP*,
725 F.Supp.2d 862 (N.D. Cal. 2010) ....................18

*Doe v. Att'y Gen. of U.S.*,
941 F.2d 780 (9th Cir. 1991) ....................16

*Douglas v. California Dep't of Youth Auth.*,
271 F.3d 812 (9th Cir.), amended, 271 F.3d 910 (9th Cir. 2001) ....................10

*Duvall v. County of Kitsap*,
260 F.3d 1124 (9th Cir. 2002) ....................15

*Egberto v. Nevada Dep't of Corr.*,
678 F. App'x 500 (9th Cir. 2017) ....................11

*Ervin v. Jones*,
No. 219CV01883KJMCKDPS, 2020 WL 4350137 (E.D. Cal. July 29, 2020)....................8

*Est. of Bosco by & Through Kozar v. Cnty. of Sonoma,*
640 F. Supp. 3d 915 (N.D. Cal. 2022) ....................20

*Est. of Chivrell v. City of Arcata*,
694 F. Supp. 3d 1218 (N.D. Cal. 2023) ....................21

*Estelle v. Gamble*,
429 U.S. 97 (1976)....................8, 13

*Francis v. Hammond*,
673 Fed.Appx. 661 (9th Cir. 2016)....................11, 12

*Howe v. Yellowbook, USA*,
840 F.Supp.2d 970 (2007) ....................7

*Huffman v. Lindquist*,
37 Cal. 2d 465 (1951) ....................20

*Hughes v. Rodriguez*,
31 F.4th 1211 (9th Cir. 2022) ....................17

*Iverson v. Atlas Pacific Eng'g*,
143 Cal.App.3d 219 (1983) ....................18

*Jackson v. McIntosh*,
90 F.3d 330 (9th Cir. 1996) ....................11

*Jett v. Penner*,
439 F.3d 1091 (9th Cir. 2006) ....................10

*Lozano v. Cnty. of Santa Clara*,
No. 19- CV-02634-EMC, 2019 WL 6841215 (N.D. Cal. Dec. 16, 2019) ....................9, 10

*Martin v. Cal. Dep't of Veterans Affairs,*
560 F.3d 1042 (9th Cir. 2009) ....................16

*Monell v. N.Y. City Dep't of Social Servs.*,
436 U.S. 658 (1978)....................13

*Powell v. Kleinman*,
151 Cal. App. 4th 112 (2007) ....................19

**Gordon Rees Scully Mansukhani, LLP**
**315 Pacific Avenue**
**San Francisco, CA 94111**

*Quick v. San Francisco Superior Court*,
65 F.Supp.3d 907 (N.D. Cal 2014) ....................15

*Scalia v. Cnty. of Kern*,
493 F.Supp.3d 890 (E.D. Cal. 2019)....................11

*Snider v. United States*,
No. 520CV02644JWHSHKX, 2021 WL 8773826 (C.D. Cal. Dec. 9, 2021) ................19, 20

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ....................7

*Toguchi v. Chung*,
391 F.3d 1051 (9th Cir. 2004) ....................11, 12

*Trevino v. Gates*,
99 F.3d 911 (9th Cir. 1996) ....................14

*Trujillo v. California Forensic Med. Grp.*,
No. EDCV202131JGBSHKX, 2021 WL 4803484 (C.D. Cal. July 8, 2021) ....................8

*Tsao v. Desert Palace, Inc.*,
698 F.3d 1128 (9th Cir. 2012) ....................14, 15

*U.S. Dept. of Transp. v. Paralyzed Veterans of America*,
477 U.S. 597 (1986) ....................16

*Walker v. Fred Meyer, Inc.*,
953 F.3d 1082 (9th Cir. 2020) ....................7

*Wander v. Kaus*,
304 F.3d 856 (9th Cir. 2002) ....................15

*Wilkins-Jones v. County of Alameda,*
859 F. Supp. 2d. 1039 (N.D. Cal. 2012) ....................15

*Yau v. Santa Margarita Ford, Inc.*,
229 Cal.App.4th 144 (2014) ....................18

**Statutes**

42 U.S.C. § 1983 ....................7, 8, 9, 12, 16

Cal. Civ. Code § 52.1 ....................17

**Rules**

Fed. R. Civ. P. 8 ....................7

Fed. R. Civ. P. 12(b)(6)....................7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION AND BACKGROUND

On July 9, 2025, Plaintiffs Estate of Jesus Eric Magana and Jesus Magana Duarte filed the First Amended Complaint ("FAC") against Defendants CFMG, Inc., Rajendra Mahajan, Sumeet Chagger, Harkamaljit Hundal, several County of Alameda Defendants, and DOES 1 through 20. Plaintiffs assert ten causes of action against the CFMG Defendants for violations of federal and state laws. Plaintiffs primarily allege that the CFMG Defendants were deliberately indifferent and negligent in their treatment of Mr. Magana and proximately caused his death. The CFMG Defendants now move to dismiss Plaintiffs' claims against them with prejudice and without leave to amend. These claims are barred by the applicable statute of limitations and fail to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD FOR MOTION TO DISMISS

For a pleading to withstand a Rule 12(b)(6) motion to dismiss, it must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Walker v. Fred Meyer, Inc.,* 953 F.3d 1082, 1086 (9th Cir. 2020). A complaint must therefore "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 975 (2007). Conclusory allegations and unwarranted inferences, or a simple recitation of the elements of the claim asserted, are insufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Further, even factual allegations accepted as true have to make a plausible case that the plaintiff is entitled to relief, to justify requiring the opposing party to be subjected to the expense of discovery and litigation. *Id.* If a plaintiff fails to meet the above requirements, the complaint must be dismissed.

In the deliberate indifference context, California District Courts have held that a complaint must contain specific factual allegations regarding actions or inactions taken by each medical provider to support the claim against them. *Anderson v. Cnty. of Fresno*, No.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

121CV01134ADASAB, 2023 WL 2761168, at *31 (E.D. Cal. Ar. 3, 2023). A plaintiff must allege facts demonstrating that the medical provider made some intentional decision regarding the plaintiff's medical treatment. *Ervin v. Jones*, No. 219CV01883KJMCKDPS, 2020 WL 4350137, at *3 (E.D. Cal. July 29, 2020). Boilerplate recitations of the elements of a Section 1983 claim or conclusory statements that the provider failed to provide sufficient medical care are inadequate to establish a viable claim. *Id.*; *Trujillo v. California Forensic Med. Grp.*, No. EDCV202131JGBSHKX, 2021 WL 4803484, at *3 (C.D. Cal. July 8, 2021). Further, factual allegations demonstrating that the medical provider was merely negligent in diagnosing or treating a medical need are insufficient to support a claim of deliberate indifference, as it is well-established that medical negligence does not become a constitutional violation simply because the patient is incarcerated. *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 990 (E.D. Cal. 2017); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976).

## III. STATEMENT OF RELEVANT FACTS

On March 28, 2023, Mr. Jesus Eric Magana was arrested and booked at the Santa Rita Jail in Alameda County and identified as a Behavioral Health Inmate (BHU) for housing in Step 1 of the Restrictive Housing Unit (RHU). [Dkt. 49, ¶¶ 49-51.] On April 26, 2023, around 10:40 am, medical staff were informed by jail staff that Mr. Magana was ill and a nurse was called to his cell. [Dkt. 49, ¶¶ 73-78]. The nurse arrived at Mr. Magana's cell and was told that jail staff witnessed Mr. Magana drinking cups of water in his cell to make himself vomit. [Dkt. 49, ¶¶ 80-84]. In response, jail staff turned off the water to Mr. Magana's cell and provided Mr. Magana with clean clothing. [Dkt. 49, ¶¶ 92-93]. The nurse asked jail staff to transport Mr. Magana to the Outpatient Housing Unit (OPHU) where he could be seen by a doctor. [Dkt. 49, ¶ 94].

Once Mr. Magana arrived at the OPHU at 10:50 am, Dr. Mahajan was called to evaluate him. [Dkt. 49, ¶¶ 97-99]. Dr. Mahajan arrived at 10:52 am and discussed Mr. Magana's condition with jail staff and the nurse. [Dkt. 49, ¶¶ 97-100]. Dr. Mahajan then assessed Mr. Magana and asked him questions about his condition. [Dkt. 49, ¶¶ 101-104]. After hearing about the repeated vomiting, Dr. Mahajan ordered a shot of Ondansetron to prevent further vomiting

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

and nausea and, at 10:55 am, he admitted Mr. Magana to the OPHU for observation. [Dkt. 49, ¶ 105-106]. Dr. Mahajan then documented the results of his assessment, including Mr. Magana's normal vitals and lack of distress or discomfort, as well as his diagnosis of acute gastritis with vomiting. [Dkt. 49, ¶ 107]. Dr. Magana ordered staff to provide Zofran, Gatorade, protonix (which Mr. Magana refused), and 4 hours of observation at minimum. [Dkt. 49, ¶ 107].

At 11:05 am, jail staff assigned to the OPHU found a cell for Mr. Magana. [Dkt. 49, ¶ 111]. At 11:09 am, Nurse Sumeet Chagger checked on Mr. Magana. [Dkt. 49, ¶ 113]. Between 11am and 3pm, jail staff performed eight separate "Well-Being Checks" for Mr. Magana, and no CFMG medical staff were called or otherwise requested as a result of those checks. [Dkt. 49, ¶¶ 123-129, 134].

Around 3:19 pm, approximately 4 hours after being admitted to the OPHU, per Dr. Mahajan's instructions, CFMG Nurse Harpreet Hundal went to check on Mr. Magana with jail staff. [Dkt. 49, ¶ 138]. Upon finding Mr. Magana unresponsive, jail staff called a "Code 3" emergency, and Dr. Mahajan and multiple other medical staff responded with life-saving measures. [Dkt. 49, ¶ 139-142]. After an emergency medical response from the Alameda County Fire Department failed to revive Mr. Magana, life-saving measures were discontinued at 4:06 pm. [Dkt. 49, ¶¶ 146-147]. Mr. Magana's autopsy reported that he died of acute water intoxication. [Dkt. 49, ¶ 148].

## IV. LEGAL ARGUMENT

### A. Many of Plaintiffs' claims against the CFMG Defendants are barred by the applicable statute of limitations.

Because Section 1983 does not have its own statute of limitations, the Northern District of California looks to the personal injury statute of limitations from the forum state. *Butler v. Nat'l Cmty. Renaissance of California,* 766 F.3d 1191, 1198 (9th Cir. 2014). In California, a personal injury stemming from a health care provider's alleged professional negligence requires commencement of an action one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury. Cal. Civ. Proc. § 340.5; *See also Lozano v. Cnty. of Santa Clara*, No. 19- CV-02634-EMC, 2019 WL 6841215 (N.D. Cal. Dec. 16, 2019), aff'd, No.

20-15992, 2021 WL 4077000 (9th Cir. Sept. 8, 2021)). In *Lozano*, the Court held that the claims against the health care providers were time barred because the complaint was filed over one year after his death. *Id*. at *8-9. Moreover, the one-year statute of limitations that is established in § 340.5 overrides the two-year statute of limitations contemplated by § 335.1 when the allegation involves a healthcare provider. *Id*. Therefore, the applicable statute of limitations on Plaintiff's Section 1983 claims and state law claims, which are based on professional negligence allegations, is one year.

Additionally, like a Section 1983 claim, Section 504 of the Rehabilitation Act does not have its own statute of limitations. Therefore, the courts pull from analogous state law to determine the statute of limitations. *Douglas v. California Dep't of Youth Auth.*, 271 F.3d 812 (9th Cir.), amended, 271 F.3d 910, no. 11 (9th Cir. 2001). The Ninth Circuit has held that there is a one-year statute of limitations for Section 504 of the Rehabilitation Act claims. *Id.* at 823.

Mr. Magana died on April 27, 2023. [Dkt. 49, ¶ 25]. The statute of limitations therefore expired on professional negligence-based claims related to his death on April 27, 2024. The original Complaint was not filed until August 2, 2024. A Demand for Preservation letter was sent by Plaintiffs' counsel on October 12, 2023, meaning Plaintiffs were well-aware of Mr. Magana's death prior to the expiration of the statute of limitations. Moreover, CFMG did not receive any notice of intent to sue between April 27, 2024, and July 28, 2024, meaning there are no grounds for a 90-day extension of the statute of limitations under Cal. Civ. Proc. § 364(d).

For the forgoing reasons, Plaintiff's claims against the CFMG Defendants are barred, and Plaintiffs' First, Third, Fourth, Eighth, Tenth and Twelth Claims should be dismissed.

### B. Plaintiffs failed to state a claim upon which relief can be granted for deliberate indifference under the Fourteenth Amendment.

To maintain a claim under 42 U.S.C. § 1983 based on an inmate's medical treatment, a plaintiff must show that defendants exhibited "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Medical care claims brought by pretrial detainees arise under the Fourteenth Amendment's Due Process Clause. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069–70 (9th Cir. 2016).

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

A deliberate indifference claim contains two elements. First, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Egberto v. Nevada Dep't of Corr.*, 678 F. App'x 500, 503 (9th Cir. 2017). Second, a plaintiff must also show that the defendant was deliberately indifferent to that serious medical need. In the Ninth Circuit, viable claims for deliberate indifference brought by pretrial detainees under the Fourteenth Amendment are evaluated under an objective deliberate indifference standard. *Castro*, 833 F.3d at 1070. "[T]he defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Castro*, 833 F.3d at 1071 (internal citations omitted). The plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* Moreover, the Eastern District has held that simply failing to provide a specific service does not indicate deliberate indifference. *Scalia v. Cnty. of Kern*, 493 F. Supp. 3d 890, 899 (E.D. Cal. 2019). Similarly, a mere difference of opinion regarding the manner or quality of medical treatment is also insufficient to establish deliberate indifference. *Toguchi v. Chung,* 391 F.3d 1051, 1058 (9th Cir. 2004) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)); *Francis v. Hammond,* 673 Fed.Appx. 661, 663—64 (9th Cir. 2016) (citing *Jackson*, 90 F.3d at 332).

Here, Plaintiffs allege that Mr. Magana was evaluated, diagnosed, monitored, and treated by CFMG medical staff multiple times on the day of his death. [Dkt. 49, ¶¶ 78-79, 88-89, 94, 99–103,105–107, 113, 138, 142–145]. Dr. Mahajan, as alleged in the Complaint, discussed Mr. Magana's condition with custody officials and with Mr. Magana before admitting him to the out-patient housing unit (OPHU) for medical observation. [Dkt. 49, ¶¶ 99–103, 105–106]. Dr. Mahajan also ordered a shot of Ondansetron to prevent nausea and vomiting prior to admitting him to the OPHU. [Dkt. 49, ¶ 105]. During admission, Dr. Mahajan took detailed notes of Mr. Magana's condition and performed a comprehensive assessment, observing that Mr. Magana had normal vitals, was "not in any distress or discomfort" and "was non toxic" with no pain or tenderness in his abdomen. [Dkt. 49, ¶ 107]. Dr. Mahajan diagnosed Mr. Magana with acute

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

gastritis and vomiting. [Dkt. 49, ¶ 107]. Dr. Mahajan wrote down a detailed plan of treatment, including administering Zofran, providing Gatorade 3/times per day to keep him hydrated, and protonix to assist with stomach issues. [Dkt. 49, ¶ 107]. Dr. Mahajan also directed staff to keep Mr. Magana in the OPHU for at least 4 hours, and to not return him to general housing until he was stable. [Dkt. 49, ¶ 107].

Plaintiffs' conclusory allegation regarding Dr. Mahajan's treatment of Mr. Magana is that, despite the workup, diagnosis, and treatment documented in the Complaint, he "failed to conduct a proper medical screening" and was therefore deliberately indifferent. [Dkt. 49, ¶ 108]. But Plaintiffs' assertion that a failure to diagnose and treat water intoxication is deliberate indifference because Dr. Mahajan allegedly "failed to detect the several severe symptoms of water intoxication" is simply incorrect under the law. [Dkt. 49 ¶ 108]. It is not deliberate indifference for a medical provider to arrive at a different, or even incorrect, diagnosis after he or she has performed a full medical workup and assessment. The Ninth Circuit has repeatedly held that a mere difference of opinion regarding the manner or quality of medical treatment is insufficient to establish deliberate indifference. *Toguchi,* 391 F.3d at 1058; *Francis,* 673 Fed.Appx. at 663. Plaintiff does not, and cannot, allege any facts to support that diagnosing and treating Mr. Magana for gastritis was "objectively unreasonable" under the circumstances and is somehow akin to "reckless disregard" on the part of Dr. Mahajan. *Castro*, 833 F.3d at 1071.

Additionally, at no point do Plaintiffs allege facts supporting that CFMG medical staff acted in an "objectively unreasonable manner." *Castro*, 833 F. 3d at 1071. On the contrary, the Complaint contains multiple allegations demonstrating medical staff undertook reasonable measures to address Mr. Magana's symptoms within minutes of him being brought to the OPHU and again after finding him unresponsive. [Dkt. 49, ¶¶ 97, 98, 99–103, 105–106, 113]. For example, Nurse Chagger checked on Mr. Magana at 11:09 am, just a few minutes after he was admitted to the OPHU, and there are no allegations that Mr. Magana was exhibiting symptoms that were ignored during that visit. [Dkt. 49, ¶ 113]. Plaintiffs generally allege that Mr. Magana's condition "continued to deteriorate" while he was in OPHU and that Nurse Chagger and Nurse

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Hundal "failed to observe and detect" Mr. Magana's medical needs. [Dkt. 49, ¶¶ 114, 115]. However, it is also alleged in the Complaint that multiple jail staff performed well-being checks on Mr. Magana between 11:12 am and 3:19pm and did not summon medical attention or otherwise inform CFMG staff that Mr. Magana was in need of any immediate intervention. [Dkt. 49, ¶¶ 123-138]. Rather, approximately 4 hours after he was placed in OPHU, as instructed by Dr. Mahajan, Nurse Hundal went to check on Mr. Magana. [Dkt. 49 ¶ 138]. It was at that point, around 3:19pm, that Mr. Magana was found unresponsive. [Dkt. 49 ¶ 138]. Multiple CFMG medical staff performed life saving measures on Mr. Magana just minutes later. [Dkt. 49, ¶¶ 113, 142]. A Complaint that contains multiple allegations establishing the provision of attentive medical care cannot also support a claim for deliberate indifference. *See Adena v. Shasta Couty,* et. al., No. 2:21CV00770 (C.D. Cal. filed April 29, 2021), Order Granting Mot. Summ. J. at 9.

The law is clear that disagreement with a course or quality of treatment in response to a medical concern does not establish deliberate indifference or become a constitutional violation simply because it occurs in a jail. *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 990 (E.D. Cal. 2017); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976). Mr. Magana was not ignored or otherwise disregarded by CFMG medical staff; he was evaluated, diagnosed, treated, and cared for multiple times over the course of a few hours. [Dkt. 49, ¶¶ 78-79, 88-89, 94, 99–103,105–107, 113, 138, 142–145]. This conduct simply does not support a claim of deliberate indifference against the CFMG Defendants.

For the foregoing reasons, the claim of deliberate indifference against the CFMG Defendants should be dismissed.

### C. Plaintiffs have failed to state a *Monell* claim against CFMG under 42 U.S.C. § 1983.

Plaintiffs also attempt to hold CFMG liable under a theory of "municipal/supervisory liability" based on deliberate indifference. [Dkt. 49, ¶ 192]. Because there is no vicarious liability under Section 1983, governments and their contractors can be held liable only if they cause a person to be subjected to a deprivation of their constitutional rights. *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978). In order to succeed on a *Monell* claim, a

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

plaintiff must show the existence of policies, customs, practices and/or procedures that violate constitutionally protected rights. *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). Absent a formal policy, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). The Ninth Circuit has held that a plaintiff must meet a heightened pleading standard by showing that the policy amounts to deliberate indifference to the plaintiff's constitutional rights, and that the policy caused the violation. *Tsao v. Desert Palace, Inc.*, 698 F. 3d 1128, 1143-44 (9th Cir. 2012).

Plaintiffs' Complaint contains multiple conclusory allegations that CFMG has inadequate policies and customs, but Plaintiffs do not identify a single formal policy or practice that could have feasibly caused the death of Mr. Magana. [Dkt. 49, ¶¶ 192, 231]. In fact, Plaintiffs cite to multiple policies alleged to be created by CFMG that specifically address the alleged harm at issue here. [Dkt. 49, ¶¶ 110 (d), 120 (h)]. Moreover, the FAC clearly states that Mr. Magana received an evaluation and treatment plan within minutes of being brought to the outpatient housing unit, in compliance with CFMG policy. [Dkt. 49, ¶¶ 57, 97]. Plaintiffs allege that CFMG "maintained policies or customs of action and inaction" and "knew or should have known" that staff "were inadequately trained, supervised, or disciplined." [Dkt. 49 ¶ 192]. Yet nowhere in the 77-page Complaint do Plaintiffs allege facts supporting that any staff member was not properly trained, that a particular policy was violated, or that Mr. Magana was not promptly evaluated, diagnosed and treated. Rather, Plaintiffs, through the use of conclusory allegations, ask this Court to infer, from the mere fact that Mr. Magana passed away, that there must be policy and custom failure. The FAC does not support a claim that CFMG has or had a policy or practice of delaying and denying medical care that caused any patient to be injured by conduct that amounted to deliberate indifference to medical needs.

Moreover, the reference to a Grand Jury Report, other patient medical histories, and unrelated litigation proves nothing about the care provided to Mr. Magana and is not evidence that CFMG had a policy or practice that caused Mr. Magana's injuries. [Dkt. 49, ¶¶ 34-35, 182–

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

185]. Many of the unrelated cases and different patient medical histories referenced by Plaintiffs relate to tooth aches, suicides, and mental health concerns, none of which are at issue in the case at bar.[Dkt. 49 ¶ 184 (a)-(bb)]. Plaintiffs have therefore failed to meet the heightened pleading standard for *Monell* claims under the Fourteenth Amendment as established by the Ninth Circuit in *Tsao v. Desert Palace, Inc.*, which requires showing that the alleged policy/custom caused the alleged injury. 698 F. 3d 1128, 1143-44 (9th Cir. 2012).

For the forgoing reasons, Plaintiffs failed to allege sufficient facts to state a claim for *Monell* liability against CFMG, and the claim should be dismissed.

**D. Plaintiffs have failed to state a claim upon which relief can be granted pursuant to the American with Disabilities Act.**

The allegations in the Complaint do not properly state a claim for relief under the Americans with Disabilities Act ("ADA") and cannot survive a motion to dismiss under Rule 12(b)(6). 42 U.S.C. § 12312, or Title II of the ADA, is inapplicable to the CFMG Defendants. However, even if Plaintiffs had properly identified Title III of the ADA as the relevant statute for private entities, the law does not allow for the requested relief.

Claims for damages under the ADA do not apply to a private entity such as CFMG. An ADA violation is established where a plaintiff proves that: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2002). A majority of courts, including those within the Ninth Circuit, hold that Title II of the ADA does not apply to government contractors. *Wilkins-Jones v. County of Alameda,* 859 F. Supp. 2d. 1039, 1046 (N.D. Cal. 2012). Title II applies only to public entities. *See Quick v. San Francisco Superior Court*, 65 F.Supp.3d 907 (N.D. Cal 2014). Title III of the ADA offers recourse against private entities, but only in the form of injunctive relief, not damages. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). The ADA therefore does not offer recourse against private entities in the form of damages, regardless of the type of liability alleged, and Plaintiffs' claim against the

CFMG Defendants under the ADA should be dismissed.

**E. Plaintiffs have failed to state a claim upon which relief can be granted for a failure to produce patient records under Cal. Evid. Code § 1158.**

Plaintiffs erroneously allege that CFMG failed to produce patient records in compliance with Cal. Evid. Code §1158. On July 12, 2024, Counsel for CFMG received an email request from Plaintiffs' counsel for the release of medical records. Counsel for CFMG informed counsel for Plaintiffs that "Pursuant to California Probate Code § 8400 (a), we cannot approve the request and release Mr. Magana's records until you provide us the letters confirming that Mr. Young's appointment as administrator of the estate is now effective." Counsel for Plaintiffs sent the letter verifying Mr. Young's appointment on August 5, 2024. That same day, counsel for CFMG shared access to Mr. Magana's medical records, as requested. [*See* Declaration of Attorney Kendra Stark, Exhibit A].

For the forgoing reasons, Plaintiffs failed to state a claim for violation of Cal. Evid. Code §1158 against the CFMG Defendants, and the claim should be dismissed.

**F. Plaintiffs have failed to state a claim upon which relief can be granted under § 504 of the Rehabilitation Act.**

Plaintiffs' claim for violation of the Rehabilitation Act, 29 U.S.C. § 794a, fails for reasons similar to the claim for violation of the ADA. Like ADA claims, claims asserted under the Rehabilitation Act can only be brought against public entities or those entities who receive federal funds, not including government contractors. *See U.S. Dept. of Transp. v. Paralyzed Veterans of America*, 477 U.S. 597 (1986); *See Doe v. Att'y Gen. of U.S.*, 941 F.2d 780, 785 (9th Cir. 1991), *overruled on other grounds by* Lane v. Pena, 518 U.S. 187 (1996). "Because there is no significant difference between the standards of the ADA and the Rehabilitation Act, the claims may be analyzed together. See *Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1047 n. 7 (9th Cir. 2009)*. Because CFMG is a private entity providing services pursuant to a government contract, [Dkt. 49, ¶ 29], Plaintiffs' claim for damages under the Rehabilitation Act is improperly pled and should be dismissed.





Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

### G. Plaintiffs have failed to state a claim upon which relief can be granted under the California Bane Civil Rights Act § 52.1.

The Tom Bane Civil Rights Act provides for a cause of action when a defendant "interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1. The Ninth Circuit has held that "[t]he elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007).

Rather than alleging facts that would support the requisite "specific intent" to violate a constitutional right, Plaintiffs simply restate and summarize all previous claims. [Dkt. 49, ¶¶ 230–238]. This is clearly insufficient to support a Bane Act claim, particularly when the causes of action *underlying* the Bane Act claim are deficient in their own right, as outlined above. As with Plaintiffs' claims of deliberate indifference, the FAC fails to contain any allegations to support an "intent" on the part of the individual providers to violate Mr. Magana's constitutional rights. Just as a complaint which contains multiple allegations establishing the provision of attentive medical care cannot support a claim for deliberate indifference, it also should not be able to support a claim for a civil rights violation under Cal. Civ. Code § 52.1. *See Adena v. Shasta Couty,* et. al., No. 2:21CV00770 (C.D. Cal. filed April 29, 2021).

For the forgoing reasons, Plaintiffs fail to allege sufficient facts to state a claim for liability under the Bane Act against the CFMG Defendants, and the claim should be dismissed.

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

**H. Plaintiffs have failed to state a claim for intentional infliction of emotional distress upon which relief can be granted.**

Plaintiffs also assert a claim for intentional infliction of emotional distress ("IIED"). To state a claim for IIED, a plaintiff must allege: (1) extreme and outrageous conduct by the defendant; (2) an intent to cause, or reckless disregard of the probability of causing emotional distress; (3) the plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's conduct. *Cross v. Bonded Adjustment Bureau*, 48 Cal.App.4th 266, 270 (1996); *Iverson v. Atlas Pacific Eng'g*, 143 Cal.App.3d 219, 228 (1983). "Extreme and outrageous conduct" means conduct that is so extreme as to exceed all bounds of decency usually tolerated in a civilized community. *Cross*, 48 Cal.App.4th at 270. In addition, the plaintiff must plead facts showing that the emotional distress suffered was severe. Emotional distress is "severe" when it is of such substantial or enduring quality that no reasonable person in a civilized society should be expected to endure it. *Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862, 884 (N.D. Cal. 2010). Allegations must also establish a direct causal link between the defendant's conduct and the plaintiff's distress. *Iverson*, 143 Cal.App.3d at 228. A plaintiff must allege with particularity the facts constituting extreme and outrageous conduct to survive a demurrer. *Yau v. Santa Margarita Ford, Inc.*, 229 Cal.App.4th 144, 161 (2014). Generalized or conclusory allegations are insufficient. *Id.*

Here, as a threshold matter, there are no allegations describing the nature or severity of any emotional distress allegedly suffered by Plaintiffs, which is independently fatal to this claim. *See Berkley v. Dowds,* 152 Cal. App. 4th 518, 530 (2007) ("A wrong without damages is not actionable")(citing Hilliard v. A.H. Robins Co. 148 Cal.App.3d 374(1983)). Vague references to trauma or grief are insufficient. *See Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010)(holding that just because an event is "likely to be fraught with unique emotions and angst" does not make it IIED).

Moreover, Plaintiffs primarily allege acts or omissions of medical neglect or deliberate indifference to medical needs, which do not inherently rise to the level of "extreme and

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

outrageous" conduct required to support an IIED claim. *Cross*, 48 Cal.App.4th at 270. Allegations of failing to monitor, misdiagnosing, or inadequately treating a medical condition, even if negligent or grossly negligent, do not, without more, establish the conduct necessary to support an IIED claim. *See Berkley v. Dowds,* 152 Cal. App. 4th 518, 534, 61 Cal. Rptr. 3d 304, 317 (2007)("[A] medical diagnosis and treatment advice will not be considered outrageous unless they are false and given in bad faith. (Cf. *Trear v. Sills* (1999) 69 Cal.App.4th 1341, 1357–1358, 82 Cal.Rptr.2d 281 [false but good faith diagnosis of sexual abuse not outrageous])).

The FAC also does not include any facts that could support the conclusion that the CFMG Defendants intended to cause emotional distress or acted with conscious disregard for that outcome. There are no factual allegations that any defendants' actions were taken for the purpose of inflicting emotional injury. On the contrary, there are many factual allegations to support a conclusion that the defendants' actions were for the express purpose of attempting to help Mr. Magana. [Dkt. 49, ¶¶ 78-79, 88-89, 94, 99–103,105–107, 113, 138, 142–145].

For the forgoing reasons, Plaintiffs fail to allege sufficient facts to state a claim for IIED against the CFMG Defendants, and the claim should be dismissed.

**I. Plaintiffs have failed to state a claim for negligence against the CFMG Defendants.**

To state a cause of action for medical negligence, a plaintiff must allege facts establishing, "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence."' *Powell v. Kleinman*, 151 Cal. App. 4th 112, 122 (2007)(internal citations omitted). Specifically, a plaintiff is required to explain "why such alleged failures breached the standard of care." *Snider v. United States*, No. 520CV02644JWHSHKX, 2021 WL 8773826, at *5 (C.D. Cal. Dec. 9, 2021).

First, Plaintiffs allege that multiple CFMG Defendants are medical providers. [Dkt. 49, ¶¶ 20–23]. Plaintiffs, however, assert a general negligence claim against them, rather than a claim for professional or medical negligence. Because the claims arise from the provision of

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

medical care by the CFMG medical staff, Plaintiffs were required to plead a claim of professional negligence against them, not general negligence. *See Huffman v. Lindquist*, 37 Cal. 2d 465, 473, 234 P.2d 34, 39–40 (1951).

Even if the Court were to determine that Plaintiffs' claims should be interpreted as a professional or medical negligence claim, Plaintiffs have not sufficiently pleaded such a claim. Plaintiffs once again simply "reallage[]" the general facts contained in the Complaint as a basis for a negligence claim, without identifying how any specific fact supports Plaintiffs' conclusion that the treatment of Mr. Magana breached the standard of care, [Dkt. 49, ¶ 251], as is required to establish negligence. *Snider v. United States*, No. 520CV02644JWHSHKX, 2021 WL 8773826, at *5 (C.D. Cal. Dec. 9, 2021)(a plaintiff must explain "why such alleged failures breached the standard of care"). Plaintiffs' own FAC establishes that CFMG medical providers exercised due care and evaluated, monitored, and treated Mr. Magna multiple times on the day of his death. [Dkt. 49, ¶¶ 78-79, 88-89, 94, 99–103,105–107, 113, 138, 142–145].

For the forgoing reasons, Plaintiffs fail to allege sufficient facts to state a claim for negligence against the CFMG Defendants, and the claim should be dismissed.

**J. Plaintiffs have failed to state a claim for spoliation of evidence upon which relief can be granted.**

Rule 37(e) does not authorize an independent cause of action for spoliation of evidence. To the extent this claim is seeking sanctions against CFMG Defendants under 37(e), sanctions may only be appropriate if: (1) the information qualifies as ESI; (2) the ESI is lost and cannot be restored or replaced; (3) the ESI should have been preserved in the anticipation or conduct of litigation; and (4) the responding party failed to take reasonable steps to preserve the ESI. *See Est. of Bosco by & Through Kozar v. Cnty. of Sonoma,* 640 F. Supp. 3d 915, 924 (N.D. Cal. 2022) (internal citations omitted). If the court finds "prejudice to another party from loss of the information," then it may "order measures no greater than necessary to cure the prejudice." Fed R. Civ. P. 37(e)(1).

Here, Plaintiffs have failed to plead any of the necessary elements to support relief under Rule 37(e). There are no allegations that any specific ESI was lost, no allegations that it cannot

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

be restored or replaced, no allegations that CFMG Defendants failed to take reasonable preservation steps, and no allegations that Plaintiffs have suffered any resulting prejudice. For these reasons, Plaintiffs' claim for spoliation of evidence against the CFMG Defendants should be dismissed.

**K. Plaintiffs have failed to state a claim for wrongful death upon which relief can be granted.**

To successfully state a claim for wrongful death in California, a plaintiff must allege "(1) a wrongful act or neglect on the part of one or more persons that (2) causes (3) the death of another person." *Est. of Chivrell v. City of Arcata*, 694 F. Supp. 3d 1218, 1240 (N.D. Cal. 2023). A wrongful death claim fails if it does not allege the "manner in which [the defendant] was negligent, or how any such negligence caused or contributed in any manner to any specified injury." *Bem v. Stryker Corp.*, No. C 15-2485 MMC, 2015 WL 4573204, at *1 (N.D. Cal. July 29, 2015).

Here, the FAC offers generalized descriptions of alleged institutional failures and lapses in monitoring (see, e.g., Dkt. 49, ¶¶ 33–37, 53–137) but fails to connect those allegations to any concrete theory of proximate causation or legally cognizable "wrongful act" by any particular defendant. Plaintiffs improperly attempt to bootstrap dozens of other allegations into the wrongful death claim by wholesale incorporation of all prior paragraphs. By relying on generalized references to policy failures and deliberate indifference (*see, e.g.*, Dkt. 49 ¶¶ 33–37, 108–110, 121–123), Plaintiffs effectively plead generalized tort theories that cannot sustain a wrongful death claim.

## V. CONCLUSION

For the reasons above, Plaintiffs' claims are barred by the applicable statute of limitations, and Plaintiffs have failed to allege sufficient facts to support their claims against the CFMG Defendants. Plaintiffs' claims against them should therefore be dismissed with prejudice and without leave to amend.

///

///

Dated: August 8, 2025 GORDON REES SCULLY MANSUKHANI, LLP

By: *Kendra Stark*
Lindsey Romano
Kendra Stark
***Attorneys for Defendants California Forensic Medical Group. Inc. , Rajendra Mahajan, Sumeet Chagger, and Harpreet Hundal***

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 9411

**CERTIFICATE OF SERVICE**

*Estate of Jesus Eric Magana v. County of Alameda, et al.*

U.S.D.C., Northern District of California, Case No.: 3:24-cv-04716

I, Michelle Rockhill certify that this document, filed through the Court's ECF system on **August 8, 2025**, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*s/ Michelle Rockhill*