1  Yolanda Huang (State Bar No. 104543)
   LAW OFFICES OF YOLANDA HUANG
2  2748 Adeline Street, Suite A
3  Berkeley, California 94703
   Telephone:    (510) 329-2140
4  Facsimile:    (510) 580-9410
   E-Mail:    yhuang.law@gmail.com
5
6  Mark E. Merin (State Bar No. 043849)
   Paul H. Masuhara (State Bar No. 289805)
7  LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
8  Sacramento, California 95814
   Telephone:    (916) 443-6911
9  Facsimile:    (916) 447-8336
   E-Mail:    mark@markmerin.com
10          paul@markmerin.com
11
   Attorneys for Plaintiffs
12 ESTATE OF JESUS ERIC MAGANA
   and JESUS MAGANA DUARTE
13

14          UNITED STATES DISTRICT COURT

15         NORTHERN DISTRICT OF CALIFORNIA

16            SAN FRANCISCO DIVISION

17 ESTATE OF JESUS ERIC MAGANA            Case No. 3:24-cv-04716-JD
   and JESUS MAGANA DUARTE,
18                                        **PLAINTIFFS' MEMORANDUM
                                          IN OPPOSITION TO COUNTY
19              Plaintiffs,               DEFENDANTS' MOTION TO DISMISS
                                          FIRST AMENDED COMPLAINT**
20 vs.

21 COUNTY OF ALAMEDA, ALAMEDA            Date:      October 25, 2025
   COUNTY SHERIFF'S OFFICE, YESENIA      Time:      10:00 a.m.
22 SANCHEZ, ERIK BAKER, ZACHARY TSANG-   Location:  Phillip Burton U.S. Courthouse
   LEE, PETER CANDELARIO, CALIFORNIA                450 Golden Gate Avenue
23 FORENSIC MEDICAL GROUP, INC.,                     San Francisco, CA 94102
   WELLPATH LLC & WELLPATH              Courtroom: 11 (19th Floor)
24 MANAGEMENT, INC., also known as      District
   LIQUIDATING TRUST, a nominal party,  Judge:     Hon. James Donato
25 RAJENDRA MAHAJAN, SUMEET CHAGGER,
   HARKAMALJIT HUNDAL, and DOE 1 to 20,
26
27              Defendants.
28

---

### TABLE OF CONTENTS

I.    INTRODUCTION ...............................................................................................................1

II.   STATEMENT OF RELEVANT FACTS AND PROCEEDINGS .....................................1

III.  ARGUMENT .....................................................................................................................1

   A.   DELIBERATE INDIFFERENCE (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983).....................1

     1.   Baker (Individual Liability) ...........................................................................1

     2.   Tsang-Lee & Candelario (Individual Liability) .............................................2

     3.   County & Sheriff's Office (Municipal Liability).............................................4

     4.   Sanchez (Supervisory Liability) ....................................................................9

   B.   TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101, *ET SEQ*.)

     § 504 OF THE REHABILITATION ACT (29 U.S.C. § 701, *ET SEQ*.)..........................................10

   C.   FAMILIAL ASSOCIATION (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983) ...........................11

   D.   CALIFORNIA GOVERNMENT CLAIMS ACT (CAL. GOV. CODE § 810 *ET SEQ*.) ...............11

   E.   FAILURE TO SUMMON MEDICAL CARE (CAL. GOV. CODE § 845.6) ................................12

   F.   TOM BANE CIVIL RIGHTS ACT (CAL. CIV. CODE § 52.1) .......................................13

   G.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS..........................................14

   H.   SPOLIATION OF EVIDENCE (FED. R. CIV. P. 37(E))..........................................15

   I.   IMMUNITY UNDER CALIFORNIA GOVERNMENT CODE § 820.8 .....................................15

IV.   CONCLUSION................................................................................................................15

i

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**
*Estate of Magana v. County of Alameda*, United States District Court, Northern District of California, Case No. 3:24-cv-04716-JD

# TABLE OF AUTHORITIES

### CASES

*A.D. v. Cal. Highway Patrol*, 712 F.3d 446 (9th Cir. 2013) ......................................................14

*Adams v. City of Redding*, 2022 U.S. Dist. LEXIS 208077 (E.D. Cal. Nov. 15, 2022) ...............................6

*Alexander v. Cal. Dep't of Corr. & Rehab.*, 2014 U.S. Dist. LEXIS 177381 (E.D. Cal. Dec. 23, 2014) ..15

*Austin v. County of Alameda*, 2015 U.S. Dist. LEXIS 80048 (N.D. Cal. June 19, 2015) ...........................2

*Barnett v. County of Los Angeles*, 2021 U.S. Dist. LEXIS 40959 (C.D. Cal. Mar. 4, 2021) ....................13

*Barry v. County of Riverside*, 2022 U.S. Dist. LEXIS 28409 (C.D. Cal. Jan. 27, 2022) ............................5

*Boarman v. County of Sacramento*, 2013 U.S. Dist. LEXIS 46326 (E.D. Cal. Mar. 29, 2013) ................6

*Bock v. County of Sutter*, 2012 U.S. Dist. LEXIS 124699 (E.D. Cal. Aug. 30, 2012) ............................13

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009) .................................................................5

*Bradley v. County of Sonoma*, 2020 U.S. Dist. LEXIS 50067 (N.D. Cal. Mar. 23, 2020) .......................11

*Brink v. County of San Diego*, 2024 U.S. Dist. LEXIS 118503 (S.D. Cal. July 3, 2024) ...........................2

*Burke v. Regalado*, 935 F.3d 960 (10th Cir. 2019) ....................................................................................9

*Campos v. County of Kern*, 2017 U.S. Dist. LEXIS 32520 (E.D. Cal. Mar. 7, 2017) .................................3

*Chaidez v. Alameda County*, 2023 U.S. Dist. LEXIS 178368 (N.D. Cal. Oct. 3, 2023) ....................7, 8, 9

*Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766 (Cal. Ct. App. 2017) ...................13, 14

*Cotta v. County of Kings*, 686 F. App'x 467 (9th Cir. 2017) ..............................................................11, 14

*Cravotta v. County of Sacramento*, 717 F. Supp. 3d 941 (E.D. Cal. 2024) ............................................15

*D'Braunstein v. Diaz-Durazo*, 131 F.4th 764 (9th Cir. 2025) ...................................................................2

*Dorger v. City of Napa*, 2012 U.S. Dist. LEXIS 124551 (N.D. Cal. Aug. 31, 2012) .................................7

*Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) .....................................................................10

*Essex v. County of Imperial*, 2025 U.S. Dist. LEXIS 28789 (S.D. Cal. Feb. 18, 2025) .............................7

*Estate of Arroyo v. County of San Diego*, 2024 U.S. Dist. LEXIS 200333 (S.D. Cal. Nov. 4, 2024)..........4

*Estate of Claypole v. County of San Mateo*, 2014 U.S. Dist. LEXIS 144209 (N.D. Cal. Oct. 9, 2014) ....13

*Estate of Hill v. NaphCare, Inc.*, 2025 U.S. App. LEXIS 13773 (9th Cir. June 5, 2025) ...............4, 5, 8, 9

*Estate of Jackson v. City of Modesto*, 2021 U.S. Dist. LEXIS 199638 (E.D. Cal. Oct. 14, 2021).......10, 15

*Estate of Jackson v. City of Modesto*, 2022 U.S. Dist. LEXIS 137906 (E.D. Cal. Aug. 3, 2022).............10

ii

1  *Estate of Johnson v. County of Sacramento*, 2024 U.S. Dist. LEXIS 13494 (E.D. Cal. Jan. 24, 2024).6, 7, 10

2  *Estate of Miller v. County of Sutter*, 2020 U.S. Dist. LEXIS 204517 (E.D. Cal. Oct. 30, 2020) ................8

3  *Estate of Miller v. County of Sutter*, 2022 U.S. Dist. LEXIS 29273 (E.D. Cal. Feb. 16, 2022) ..................7

4  *Estate of Neil v. County of Colusa*, 2022 U.S. Dist. LEXIS 167659 (E.D. Cal. Sep. 14, 2022) ...........5, 11

5  *Estate of Prasad v. County of Sutter*, 958 F. Supp. 2d 1101 (E.D. Cal. 2013) ...........................................2

6  *Estate of Roman v. City of Newark*, 914 F.3d 789 (3d Cir. 2019) ................................................................5

7  *Estate of Sanchez v. County of Stanislaus*, 2023 U.S. Dist. LEXIS 203673 (E.D. Cal. Nov. 14, 2023)....14

8  *Estate of Silva v. City of San Diego*, 2020 U.S. Dist. LEXIS 221679 (S.D. Cal. Nov. 25, 2020).............10

9  *Estate of Temple v. Placer County Sheriff's Office*, 2025 U.S. Dist. LEXIS 59037 (E.D. Cal. Mar. 27, 2025) .6

10  *Fogleman v. County of Los Angeles*, 2012 U.S. Dist. LEXIS 199922 (C.D. Cal. July 25, 2012) ...............5

11  *Frary v. County of Marin*, 81 F. Supp. 3d 811 (N.D. Cal. 2015) ......................................................2, 4, 12

12  *Galley v. County of Sacramento*, 2023 U.S. Dist. LEXIS 120541 (E.D. Cal. July 13, 2023) ...................10

13  *Gordon v. County of Orange*, 6 F.4th 961 (9th Cir. 2021) ...........................................................................6

14  *Greer v. County of San Diego*, 2023 U.S. Dist. LEXIS 34460 (S.D. Cal. Mar. 1, 2023)...........................7

15  *Holmes v. County of Orange*, 2016 U.S. Dist. LEXIS 204433 (C.D. Cal. Dec. 14, 2016) ........................5

16  *Horton v. City of Santa Maria*, 915 F.3d 592 (9th Cir. 2019) ...................................................................12

17  *Hughes v. County of Mendocino*, 2016 U.S. Dist. LEXIS 63644 (N.D. Cal. May 13, 2016) .....................2

18  *Johnson v. Baca*, 2014 U.S. Dist. LEXIS 196976 (C.D. Cal. Mar. 3, 2014).............................................15

19  *Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978) .........................................................................................9

20  *Johnson v. Shasta County*, 83 F. Supp. 3d 918 (E.D. Cal. 2015) ...............................................................6

21  *Khatib v. County of Orange*, 2008 U.S. Dist. LEXIS 24530 (C.D. Cal. Mar. 26, 2008) .........................14

22  *Kim v. City of Belmont*, 2018 U.S. Dist. LEXIS 9946 (N.D. Cal. Jan. 22, 2018)....................................12

23  *Kirkpatrick v. County of Washoe*, 843 F.3d 784 (9th Cir. 2016)..................................................................9

24  *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) .................................................................9, 10

25  *Laurel v. County of Alameda*, 2025 U.S. Dist. LEXIS 161155 (N.D. Cal. Aug. 19, 2025) .....7, 8, 9, 11, 13

26  *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062 (9th Cir. 2013) ...................................................11

27  *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062 (9th Cir. 2013).............................................2, 14

28  *Long v. County of Los Angeles*, 442 F.3d 1178 (9th Cir. 2006) ...................................................................9

iii

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) .................................................................15

*Luttrell v. Hart*, 2020 U.S. Dist. LEXIS 173856 (N.D. Cal. Sep. 22, 2020) ..............................13

*M.H. v. County of Alameda*, 90 F.Supp.3d 889 (N.D. Cal. 2013) .............................................13

*Martinez v. County of Sonoma*, 2016 U.S. Dist. LEXIS 233 (N.D. Cal. Jan. 4, 2016) ...............12

*Martinez v. GEO Grp., Inc.*, 2019 U.S. Dist. LEXIS 143217 (C.D. Cal. Apr. 30, 2019) ...........14

*Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890 (N.D. Cal. 2013)..........................6

*McNeil v. Corr. Med. Care, Inc.*, 2019 U.S. Dist. LEXIS 157466 (N.D.N.Y. Sep. 16, 2019)..................5

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157 (C.D. Cal. 2010) ...........5

*Mollica v. County of Sacramento*, 2023 U.S. Dist. LEXIS 85698 (E.D. Cal. May 15, 2023) .........5, 14, 15

*Mullins v. County of Fresno*, 2021 U.S. Dist. LEXIS 220432 (E.D. Cal. Nov. 15, 2021) .......................4

*Nehad v. Browder*, 929 F.3d 1125 (9th Cir. 2019) .................................................................10

*Nyarecha v. County of Los Angeles*, 2024 U.S. App. LEXIS 26252 (9th Cir. Oct. 17, 2024) ...................8

*Ochoa v. City of San Jose*, 2021 U.S. Dist. LEXIS 226380 (N.D. Cal. Nov. 17, 2021) ...........................6, 7

*OSU Student All. v. Ray*, 699 F.3d 1053 (9th Cir. 2012) ........................................................9

*Parenti v. County of Monterey*, 2018 U.S. Dist. LEXIS 59352 (N.D. Cal. Apr. 6, 2018) ......................12

*Park v. Thompson*, 851 F.3d 910 (9th Cir. 2017) ....................................................................7

*Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699 (Cal. 1989)......................................................12

*Ramirez v. County of Los Angeles*, 2012 U.S. Dist. LEXIS 92418 (C.D. Cal. July 3, 2012)..............15

*Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir. 1991) ..............................................9

*Regal v. County of Santa Clara*, 2025 U.S. Dist. LEXIS 103571 (N.D. Cal. May 31, 2025)...................5

*Rodriguez v. County of Los Angeles*, 891 F.3d 776 (9th Cir. 2018) .......................................10, 13, 14, 15

*Russell v. Lumitap*, 31 F.4th 729 (9th Cir. 2022)...................................................................3, 5

*S.P. v. County of San Bernardino*, 2020 U.S. Dist. LEXIS 102022 (C.D. Cal. Mar. 24, 2020)..................7

*Sakamoto v. County of Los Angeles*, 800 F. App'x 487 (9th Cir. 2020).......................................11

*Sauls v. County of LaSalle*, 2023 U.S. Dist. LEXIS 131970 (N.D. Ill. July 31, 2023) ..........................8

*Saxton v. County of Sonoma*, 2025 U.S. Dist. LEXIS 115828 (N.D. Cal. June 17, 2025).................11, 14

*Sheehan v. City & County of San Francisco*, 743 F.3d 1211 (9th Cir. 2014) ...........................10

*Shibley v. County of San Bernardino*, 2022 U.S. Dist. LEXIS 103615 (C.D. Cal. Apr. 5, 2022)...............7

iv

*Simms v. Bear Valley Cmty. Healthcare Dist.*, 80 Cal. App. 5th 391 (Cal. Ct. App. 2022).......................12

*Singleton v. Clark County*, 2025 U.S. Dist. LEXIS 18052 (W.D. Wash. Jan. 31, 2025) ............................8

*Skydecker v. County of Alameda*, 2024 U.S. Dist. LEXIS 193781 (N.D. Cal. Oct. 24, 2024)..................13

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .............................................................................................9

*Steel v. Alameda County Sheriff's Office*, 428 F. Supp. 3d 235 (N.D. Cal. 2019) ...................................1, 8

*Stoetling v. County of Orange*, 2020 U.S. Dist. LEXIS 247116 (C.D. Cal. Sep. 23, 2020).....................11

*Stucker v. Louisville Metro Gov't*, 2024 U.S. App. LEXIS 11731 (6th Cir. May 13, 2024).......................5

*Tapia v. NaphCare Inc.*, 2025 U.S. Dist. LEXIS 152555 (W.D. Wash. Aug. 7, 2025) .............................9

*Tapia v. Naphcare Inc.*, 2025 U.S. Dist. LEXIS 7277 (W.D. Wash. Jan. 14, 2025)..................................8

*Tater v. City of Huntington Beach*, 2021 U.S. Dist. LEXIS 181601 (C.D. Cal. Mar. 25, 2021)..........11, 12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ..............................................................5

*Totton v. City of Sacramento*, 2022 U.S. Dist. LEXIS 171561 (E.D. Cal. Sep. 21, 2022)..........................5

*Trujillo v. County of Los Angeles*, 2019 U.S. Dist. LEXIS 212065 (C.D. Cal. Jan. 22, 2019) .................14

*Vega v. County of Yolo*, 2012 U.S. Dist. LEXIS 49733 (E.D. Cal. Apr. 6, 2012)......................................8

*Villarreal v. County of Monterey*, 254 F. Supp. 3d 1168 (N.D. Cal. 2017)...............................................13

*Washington v. County of San Diego*, 2006 U.S. Dist. LEXIS 104209 (S.D. Cal. Sep. 8, 2006)...............12

*Wiggins v. County of Riverside*, 2025 U.S. Dist. LEXIS 140761 (C.D. Cal. June 9, 2025).....................10

*Woods v. August*, 2019 U.S. Dist. LEXIS 228300 (N.D. Cal. Mar. 14, 2019) ..........................................11

*Yela Fiduciary Servs., LLC v. Benton County*, 2023 U.S. Dist. LEXIS 132060 (D. Or. Apr. 12, 2023) .....4

<u>STATUTES</u>

Cal. Gov. Code § 911.................................................................................................................................12

<u>REGULATIONS</u>

Cal. Code Regs. tit. 15 § 1027.5(a)..............................................................................................................4

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
*Estate of Magana v. County of Alameda*, United States District Court, Northern District of California, Case No. 3:24-cv-04716-JD

# I.     **INTRODUCTION**

Plaintiffs oppose County Defendants' motion to dismiss, ECF No. 57.

# II.     **STATEMENT OF RELEVANT FACTS AND PROCEEDINGS**

Generally, this action arises from the April 27, 2023, in-custody death of 26-year-old pre-trial detainee Jesus Eric Magana at the Santa Rita Jail. On August 2, 2024, the Estate of Jesus Eric Magana initiated this action by filing the Complaint. ECF No. 1. On July 9, 2025, the Estate of Jesus Eric Magana and Jesus Magana Duarte (collectively, "Plaintiffs") filed the currently-operative First Amended Complaint against the County of Alameda, Alameda County Sheriff's Office, Yesenia Sanchez, Erik Baker, Zachary Tsang-Lee, and Peter Candelario (collectively, "County Defendants")[1] and the California Forensic Medical Group, Inc., Wellpath LLC & Wellpath Management, Inc. (also known as Liquidating Trust), Rajendra Mahajan, Sumeet Chagger, and Harkamaljit Hundal (collectively, "Wellpath Defendants"). ECF No. 49 ("1AC"). On August 9, 2025, County Defendants filed the instant motion to dismiss. ECF No. 57 ("Motion").[2]

# III.     **ARGUMENT**

The standard applicable to a Rule 12(b)(6) motion to dismiss is well-known to the Court and is not repeated here. *Steel v. Alameda County Sheriff's Office*, 428 F. Supp. 3d 235, 240 (N.D. Cal. 2019).

## A.     **DELIBERATE INDIFFERENCE (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)**

### 1.     **Baker (Individual Liability)**

County Defendants argue that Baker's "conduct was [not] 'objectively unreasonable'" because "Baker … immediately removed [Magana] from his cell and transferred him to the OPHU for medical treatment upon observing he was vomiting." Motion at 11. But Plaintiffs allege that, "[o]n April 27, 2023, around 10:12 a.m., [Baker], a deputy sheriff, was serving lunch to inmates in the area of the jail in which [Magana] was housed. [Baker] was informed by an inmate that [Magana] was 'projectile vomiting' inside of his cell. [Baker] approached [Magana]'s cell. [Baker] observed that the 'cell floor was covered in a wet substance and it appeared to be vomit' and that [Magana] wore 'no shoes on his

---

[1] Luis Martinez is not alleged to be a party-defendant, 1AC ¶¶ 8–23, and, thus, Plaintiffs do not oppose his dismissal, to the extent that his actions allegedly gives rise to any claim.

[2] All references to filed documents include the page number provided at the top of the document via the CM/ECF court docketing system, rather than the page number provided at the bottom of the document.

feet and the bottom of his pants were wet.' [Baker] asked [Magana] if he was 'ok and if he was feeling well.' [Magana] 'shook his head side to side in a 'no' gesture.' [Baker] and asked [Magana] 'if he had been throwing up.' [Magana] responded by 'nodding his head [']yes.[']' [Baker] told [Magana] that he 'would contact a nurse to check on him. [Baker] failed to contact a nurse to check on [Magana]'s condition. At around 10:35 a.m., [Baker] observed [Magana] 'projectile vomiting' inside of his cell. [Baker] again told [Magana] that he 'would contact a nurse. [Baker] again failed to contact a nurse to check on [Magana]'s condition." 1AC ¶¶ 57–66.

"[O]fficers must seek to provide an injured detainee or arrestee with objectively reasonable medical care in the face of medical necessity creating a substantial and obvious risk of serious harm, including by summoning medical assistance." *D'Braunstein v. Diaz-Durazo*, 131 F.4th 764, 771 (9th Cir. 2025). "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081 (9th Cir. 2013) (citation & alteration omitted). Thus, Plaintiffs' allegations that on *two occasions* "[Baker] fail[ed] to notify and summon medical staff to determine whether [Magana]'s presentation indicated the need for medical treatment," 1AC ¶¶ 55– 67, gives rise to deliberate indifference because "[Baker]'s failure to summon prompt medical treatment for [Magana] was objectively unreasonable, and that [Baker] acted with reckless disregard for [Magana]'s safety and well-being." *See D'Braunstein*, 131 F.4th at 769–70; *e.g.*, *Brink v. County of San Diego*, 2024 U.S. Dist. LEXIS 118503, at *12 (S.D. Cal. July 3, 2024) ("decision not to refer Plaintiff for further medical care"); *Hughes v. County of Mendocino*, 2016 U.S. Dist. LEXIS 63644, at *5–6 (N.D. Cal. May 13, 2016) ("[officer] knew of [decedent]'s need for medical help and … failed to summon it"); *Frary v. County of Marin*, 81 F. Supp. 3d 811, 828 (N.D. Cal. 2015) ("caused the delay or denial of medical care"); *Austin v. County of Alameda*, 2015 U.S. Dist. LEXIS 80048, at *18 (N.D. Cal. June 19, 2015) ("[officer] never provided [plaintiff] with any medical treatment"); *Estate of Prasad v. County of Sutter*, 958 F. Supp. 2d 1101, 1113 (E.D. Cal. 2013) ("[deputies] observed [decedent]'s condition dramatically worsen and develop" but did not "return[] [decedent] to the emergency room").

### 2. Tsang-Lee & Candelario (Individual Liability)

County Defendants argue that Tsang-Lee and Candelario's "conduct was [not] 'objectively

2

unreasonable'" because they did not know "[Magana] was in acute medical distress..." Motion at 11. But "[a] defendant can be liable even if he did not actually draw the inference that the plaintiff was at a substantial risk of suffering serious harm, so long as a reasonable official in his circumstances would have drawn that inference." *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022); *e.g.*, *Campos v. County of Kern*, 2017 U.S. Dist. LEXIS 32520, at \*22 (E.D. Cal. Mar. 7, 2017).

Plaintiffs allege that, "[a]t about 11:05 a.m., [Tsang-Lee] and [Candelario], deputy sheriffs assigned to the OPHU, [and others], transported [Magana] to the OPHU and confined him in a medical observation cell, OPHU-WEST-11. [Magana] was 'placed on the bed face down' in the cell and the restraints were removed from his arms, waist, and legs. At about 11:09 a.m., ... [Tsang-Lee] and [Candelario] attempted to speak with [Magana]. [Magana] did not respond. After he was transferred to the OPHU, [Magana]'s condition continued to deteriorate and he was experiencing medical distress including loss of consciousness. [Tsang-Lee], [Candelario], [and others] were responsible for monitoring and supervising [Magana] including his observed medical condition. [Tsang-Lee], [Candelario], [and others] failed to observe and detect [Magana]'s immediate medical needs, including loss of consciousness." 1AC ¶¶ 111–115. "Around 11:12 a.m.," "11:38 a.m.," "12:05 p.m.," "12:30 p.m.," "1:07 p.m.," and "1:37 p.m., [Tsang-Lee] reported conducting a 'Well-Being Check Inmate and Cell' on [Magana] in his cell which lasted no more than seconds. [Tsang-Lee] failed to conduct a safety check sufficient to determine that [Magana]'s presentation indicated the need for medical treatment." *Id*. ¶¶ 123–128. "Around 2:10 p.m., [Tsang-Lee] observed [Magana] unresponsive and unconscious in his cell. [Tsang-Lee] did not call for an emergency medical response. . . . [Candelario] kicked the cell door three times in attempt to elicit a response from [Magana]. [Magana] remained unresponsive and unconscious. . . . [Tsang-Lee] watched [Magana] for about 25 seconds without any response. [Candelario] said, 'You don't see them?' [Tsang-Lee] said, 'No.' [Candelario] looked into the cell, kicked the cell door three more times, and observed that [Magana] remained unresponsive and unconscious. [Candelario] watched [Magana] for about one minute and 30 seconds without any response. . . . [Tsang-Lee] and [Candelario] walked away from the cell. [Magana] was in medical distress, including from the acute effects of PPD/water intoxication, and required immediate medical attention. [Tsang-Lee] and [Candelario] ignored [Magana] and made no further efforts to observe his medical distress." *Id*. ¶¶ 129–133.

3

A jail official must monitor inmates, including through timely *and* sufficient safety checks. *See*, *e.g.*, Cal. Code Regs. tit. 15 § 1027.5(a) ("Safety checks will determine the safety and well-being of individuals and shall be conducted at least hourly through direct visual observation of all people held and housed in the facility."); *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) ("pre-trial detainees [] have a right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment"). Thus, Plaintiffs' allegations that "[Tsang-Lee] and [Candelario]'s fail[ed] to conduct a safety check sufficient to determine that [Magana]'s presentation indicated the need for medical treatment," 1AC ¶¶ 111–137, gives rise to deliberate indifference because "[Magana] was in medical distress from the acute effects of PPD/water intoxication including loss of consciousness" and "[he] required immediate medical attention," *id*. ¶¶ 133–135. *See*, *e.g.*, *Estate of Arroyo v. County of San Diego*, 2024 U.S. Dist. LEXIS 200333, at *28 (S.D. Cal. Nov. 4, 2024) ("[official] could see [decedent] lying on the ground" but "did not take action"); *Yela Fiduciary Servs., LLC v. Benton County*, 2023 U.S. Dist. LEXIS 132060, at *38 (D. Or. Apr. 12, 2023) ("[deputies] failed to check [decedent] for signs of life despite their knowledge of [her] prior symptoms"); *Frary*, 81 F. Supp. 3d at 826 (deputy "disregarded [] risk by failing to … more closely and regularly monitoring [decedent]"); *id*. at 829–30 ( "[deputy] yelled and knocked hard on [decedent]'s door but received no response from him"); *see also Estate of Hill v. NaphCare, Inc.*, 2025 U.S. App. LEXIS 13773, at *10 n.4 (9th Cir. June 5, 2025) ("six different guards passed a dying inmate 26 times without performing an adequate safety check").

### 3. County & Sheriff's Office (Municipal Liability)

County Defendants argue that some (but not all) types of Plaintiffs' "Policy / Custom" allegations, *see* 1AC ¶¶ 170–188, are insufficient, including "Incidents of Inadequate Medical Care," "grand jury reports," and "Wellpath's operations." Motion at 14. But it is not proper to "deconstruct[] and dismiss[] [municipal liability theories] piecemeal based on the form of proof—or more specifically, the types of allegations—offered to show 'policy or custom.'" *Mullins v. County of Fresno*, 2021 U.S. Dist. LEXIS 220432, at *15, *18 (E.D. Cal. Nov. 15, 2021). Rather, "courts must consider the complaint in its entirety," including "*all* of the facts alleged, taken collectively," as opposed to "any individual allegation, scrutinized in isolation." *See*, *e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308,

4

322–23 (2007); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("read as a whole, not parsed piece by piece"); *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162–63 (C.D. Cal. 2010) ("A court reads the complaint as a whole … rather than isolating allegations and taking them out of context.").

County Defendants only challenge *some* of Plaintiffs' allegations—*i.e.*, "Incidents of Inadequate Medical Care," "grand jury reports," and "Wellpath's operations," *see* Motion at 14—but do not address others, including "Standards," 1AC ¶ 177(a)–(d); "*Babu* Litigation, Consent Decree, and Monitoring Reports," *id*. ¶¶ 149–152, 178–181; and "DOJ Report," *id*. ¶ 183. County Defendants' failure to address these allegations gives rise to the inference that they could not do so. For example:

- Correctional Standards: "[D]eliberate indifference to [decedent]'s constitutional right to adequate medical care" may be inferred from "policies [which] deviated significantly from correctional healthcare standards." *See, e.g.*, *Estate of Hill*, 2025 U.S. App. LEXIS 13773, at *8–9; *Russell*, 31 F.4th at 742 (non-compliance with national correctional healthcare standards "help[ed] to underscore" liability); *Estate of Neil v. County of Colusa*, 2022 U.S. Dist. LEXIS 167659, at *19–20 (E.D. Cal. Sep. 14, 2022).

- *Babu* Consent Decree: A "[consent] decree fortifies [plaintiff]'s allegations of unlawful custom because it acknowledges a pattern or practice of conduct…" *See, e.g.*, *Estate of Roman v. City of Newark*, 914 F.3d 789, 799 (3d Cir. 2019) (internal citation omitted); *McNeil v. Corr. Med. Care, Inc.*, 2019 U.S. Dist. LEXIS 157466, at *33 (N.D.N.Y. Sep. 16, 2019); *Barry v. County of Riverside*, 2022 U.S. Dist. LEXIS 28409, at *10 (C.D. Cal. Jan. 27, 2022); *Mollica v. County of Sacramento*, 2023 U.S. Dist. LEXIS 85698, at *31–32 (E.D. Cal. May 15, 2023); *Regal v. County of Santa Clara*, 2025 U.S. Dist. LEXIS 103571, at *33–35 (N.D. Cal. May 31, 2025) ("relevant to the issue of notice").

- DOJ Investigations & Reports: "[DOJ reports] may be relevant to proving a policy or custom under a *Monell* claim…" *See, e.g.*, *Stucker v. Louisville Metro Gov't*, 2024 U.S. App. LEXIS 11731, at *36 (6th Cir. May 13, 2024); *Totten v. City of Sacramento*, 2022 U.S. Dist. LEXIS 171561, at *17–18 (E.D. Cal. Sep. 21, 2022) ( "put [police department] on notice"); *Holmes v. County of Orange*, 2016 U.S. Dist. LEXIS 204433, at *12 (C.D. Cal. Dec. 14, 2016); *Fogleman v. County of Los Angeles*, 2012 U.S. Dist. LEXIS 199922, at *19 (C.D. Cal. July 25, 2012) (reports "bear directly on the

5

supervisorial and *Monell* claims").

County Defendants' challenges to allegations which they *do* address are similarly unavailing:

- <u>Identified Policies & Customs</u>: County Defendants argue that the pleading contains a "list of conclusions without factual support." Motion at 14 (citing 1AC ¶¶ 175(a)–(f) & 176(a)–(r)). But "some district courts have held that plaintiffs must [] identify the particular policy or custom that caused the constitutional violation…" *Estate of Temple v. Placer County Sheriff's Office*, 2025 U.S. Dist. LEXIS 59037, at *18 (E.D. Cal. Mar. 27, 2025); *see, e.g.*, *Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 900 (N.D. Cal. 2013); *Johnson v. Shasta County*, 83 F. Supp. 3d 918, 931 (E.D. Cal. 2015); *Adams v. City of Redding*, 2022 U.S. Dist. LEXIS 208077, at *8–9 (E.D. Cal. Nov. 15, 2022) ("Plaintiff has alleged specific policies"). But, "[a]t the pleading stage, [p]laintiff is unlikely to have details of how a police department trains its officers—these are the kinds of details that are likely to emerge during discovery." *Ochoa v. City of San Jose*, 2021 U.S. Dist. LEXIS 226380, at *23 (N.D. Cal. Nov. 17, 2021).

- <u>Incidents of Inadequate Medical Care</u>: County Defendants argue that the pleading "cite[s] 28 instances of alleged 'Incidents of Inadequate Medical Care'" but those incidents do not "involve an incident where another inmate died because of excessive water consumption due to schizophrenia in Alameda County and are irrelevant" as a result. Motion at 14 (citing 1AC ¶ 184(a)–(bb)); *but see* 1AC ¶¶ 185(c) & (d) (inmates under Wellpath's died from water intoxication). But municipal liability may result from "similar conduct or constitutional violations"—*not* similar injuries resulting from the conduct or violations. *See Gordon*, 6 F.4th at 974. Thus, demanding a plaintiff to identify identical incidents involving similar injuries is "too granular for the pleading stage," *Ochoa*, 2021 U.S. Dist. LEXIS 226380, at *17, where "the factual similarity requirement is not [so] rigorous…" *See, e.g.*, *Adams*, 2022 U.S. Dist. LEXIS 208077, at *11; *Boarman v. County of Sacramento*, 2013 U.S. Dist. LEXIS 46326, at *14 (E.D. Cal. Mar. 29, 2013); *Estate of Johnson v. County of Sacramento*, 2024 U.S. Dist. LEXIS 13494, at *15 (E.D. Cal. Jan. 24, 2024) ("Although the specific facts are distinguishable, … the same conduct contributed to the incident…"). "The precise level of similarity, and whether these previous incidents are all manifestations of the same policy or custom, and whether that policy or custom was the moving force behind the injury to decedent in this case, are factual issues to be determined following the discovery phase of this litigation." *See, e.g.*, *Estate of Temple*, 2025 U.S. Dist. LEXIS 59037, at *16

6

(internal citation omitted); *Ochoa*, 2021 U.S. Dist. LEXIS 226380, at *24; *see also Park v. Thompson*, 851 F.3d 910, 928–29 (9th Cir. 2017) ("relevant facts [] are known only to the defendant"). For example, allegations of "delays in care," "death from overdose," "withdrawal," or "assault by other inmates" at a jail can "all support the allegation that the same conduct contributed to the incident [at issue]: inadequate supervision, monitoring and observation within the jail," even if "the specific facts are distinguishable…" *See, e.g.*, *Estate of Johnson*, 2024 U.S. Dist. LEXIS 13494, at *15–16; *Essex v. County of Imperial*, 2025 U.S. Dist. LEXIS 28789, at *17–18 (S.D. Cal. Feb. 18, 2025) ("prior jail deaths"); *Greer v. County of San Diego*, 2023 U.S. Dist. LEXIS 34460, at *37–38 (S.D. Cal. Mar. 1, 2023) ("same failures … harmed numerous prior inmates"); *Estate of Miller v. County of Sutter*, 2022 U.S. Dist. LEXIS 29273, at *12 (E.D. Cal. Feb. 16, 2022) ("a similar series of constitutional violations"). Specifically, "Santa Rita has a long history of in-custody deaths" and a "pattern of highly troubling alleged incidents…" *See, e.g.*, *Laurel v. County of Alameda*, 2025 U.S. Dist. LEXIS 161155, at *19–22 (N.D. Cal. Aug. 19, 2025); *Chaidez v. Alameda County*, 2023 U.S. Dist. LEXIS 178368, at *18 (N.D. Cal. Oct. 3, 2023) (other incidents of "insufficient medical treatment").

•   Grand Jury Reports: County Defendants argue that "citation to multiple grand jury reports does not assist in stating a *Monell* claim because the Grand Jury reports are factually dissimilar, as they do not involve deaths by acute water intoxication." Motion at 14 (citing 1AC ¶¶ 34, 35, 182). But "Plaintiffs are free to rely on allegations of past grand jury reports provided to the County to establish certain elements of a *Monell* claim for deliberate indifference." *See, e.g.*, *S.P. v. County of San Bernardino*, 2020 U.S. Dist. LEXIS 102022, at *14 (C.D. Cal. Mar. 24, 2020); *Dorger v. City of Napa*, 2012 U.S. Dist. LEXIS 124551, at *16 (N.D. Cal. Aug. 31, 2012); *Shibley v. County of San Bernardino*, 2022 U.S. Dist. LEXIS 103615, at *4 (C.D. Cal. Apr. 5, 2022) ("systemic problems" could "support the conclusion … the County had an official policy"). Specifically, the "Grand Jury investigation f[inding] that [Sheriff's Office]'s oversight of Wellpath's operational activities 'is insufficient to ensure that health care is being delivered in a timely manner with high quality'" supports the County's "actual or constructive notice" of a particular omission. *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *21.

•   Wellpath: County Defendants argue that "Wellpath's operations in other jurisdictions … does not constitute policies or practices of the County … [b]ecause none of the incidents … occurred in,

7

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
*Estate of Magana v. County of Alameda*, United States District Court, Northern District of California, Case No. 3:24-cv-04716-JD

or involved Alameda County…" Motion at 14 (citing 1AC ¶ 185(a)–(z)). But "[t]his argument is unpersuasive." *Singleton v. Clark County*, 2025 U.S. Dist. LEXIS 18052, at *54 (W.D. Wash. Jan. 31, 2025). "Alameda County can be held liable for constitutionally inadequate care rendered by [Wellpath personnel] under [a] *Monell* theory." *Chaidez*, 2023 U.S. Dist. LEXIS 178368, at *18–19; *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *19–20. Plaintiffs allege Wellpath's long history of deficient inmate care. 1AC ¶ 185(a)–(z). Because Wellpath has "operations across many states," liability may be supported by reference to incidents occurring *wherever* it operates—not merely the locale where the underlying action occurred. *See, e.g.*, *Singleton*, 2025 U.S. Dist. LEXIS 18052, at *54 n.4; *Estate of Miller v. County of Sutter*, 2020 U.S. Dist. LEXIS 204517, at *41 (E.D. Cal. Oct. 30, 2020); *Sauls v. County of LaSalle*, 2023 U.S. Dist. LEXIS 131970, at *12–13 (N.D. Ill. July 31, 2023) (citing incidents from outside locales to support liability); *see also Laurel*, 2025 U.S. Dist. LEXIS 161155, at *20 ("a pattern of unconstitutional acts committed by the [for-profit correctional healthcare] provider"). Additionally, Plaintiffs allege that the "fixed amount" structure of the County's contract with Wellpath incentivized low-quality and deficient inmate care. 1AC ¶¶ 33–48. *See Steel*, 428 F. Supp. 3d at 243 (contract created "a financial incentive and imperative for CFMG to refuse and withhold inpatient hospitalization services . . . . in order to reduce CFMG's costs under its contract").

- Single-Incident: The jail staff's inadequate monitoring and response to Magana's serious medical needs over the course of several hours, *see* 1AC ¶¶ 52–148, demonstrates a practice supporting municipal liability—even without reference to other incidents or occurrences. *See, e.g.*, *Nyarecha v. County of Los Angeles*, 2024 U.S. App. LEXIS 26252, at *4 (9th Cir. Oct. 17, 2024) ("The fact that the constitutionally inadequate checks occurred in quick succession over a relatively short period of time [supports] *Monell* liability."); *Estate of Hill*, 2025 U.S. App. LEXIS 13773, at *10 n.4 ("*all the guards* passed by *all the inmates* on medical watch without performing an adequate safety check"); *Vega v. County of Yolo*, 2012 U.S. Dist. LEXIS 49733, at *17–18 (E.D. Cal. Apr. 6, 2012) ("practice of refusing medical care that extended across shift lines and involved numerous officers"); *Tapia v. Naphcare Inc.*, 2025 U.S. Dist. LEXIS 7277, at *18–19 (W.D. Wash. Jan. 14, 2025) ("multiple instances of insufficient medical care provided to a single plaintiff can evidence a *Monell* custom").

County Defendants argue that "no facts are alleged showing a causal connection between a

8

County custom or policy and any alleged violation." Motion at 14. But it is "a question of fact for the jury as to whether [] customs and practices had a 'direct causal link' to the deprivation of [constitutional] rights." *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 797 (9th Cir. 2016); *see, e.g.*, *Long v. County of Los Angeles*, 442 F.3d 1178, 1190–91 (9th Cir. 2006); *Estate of Hill*, 2025 U.S. App. LEXIS 13773, at *9. Thus, Plaintiffs allege causation, 1AC ¶¶ 186–188, 194, including a "nexus between Alameda County's [policies and customs] and the resulting pattern of failure to provide adequate medical care …" *See, e.g.*, *Chaidez*, 2023 U.S. Dist. LEXIS 178368, at *19; *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *22; *Tapia v. NaphCare Inc.*, 2025 U.S. Dist. LEXIS 152555, at *48 (W.D. Wash. Aug. 7, 2025).

### 4. Sanchez (Supervisory Liability)

County Defendants argue that sheriff Sanchez had no "personal involvement in or a sufficient causal connection [to] … any constitutional violation." Motion at 11–12. But the "inquiry does not end" without " because "personal involvement," *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991), because neither a supervisor's "direct personal participation in the deprivation," *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978), nor "physical[] presen[ce] when the injury occurred," *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011), is required. *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991). Even if a sheriff "oversaw enforcement of [a] policy, although there was no allegation that he was involved in or aware of the policy's application against the plaintiff in particular," nonetheless, "[b]ecause the [s]heriff maintained the policy … , and because the unconstitutional [conduct against] the plaintiff … followed directly from the policy, the [s]heriff was held liable" in his individual capacity. *OSU Student All. v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012). "[U]nder California law, the sheriff is required by statute to take charge of and keep the county jail and the prisoners in it, and is answerable for the prisoner's safekeeping." *Starr*, 652 F.3d at 1208 (citation & alteration omitted).

As discussed above, Plaintiffs state a claim for municipal liability. *See* 1AC ¶¶ 170–188, 192. "A claim asserted against a [municipality] can serve as the basis for imposing both personal liability against the supervisor, and municipal liability [against the municipality,] if the supervisor is a municipal policymaker." *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (citation omitted); *see also Laurel*, 2025 U.S. Dist. LEXIS 161155, at *20 ("because the sheriff—and by extension the county—had control over the for-profit correctional healthcare provider and had notice of a pattern of unconstitutional acts

9

committed by the provider, municipal liability for failure to supervise could be established"). For example, where a supervisor is "liable for his own culpable action or inaction in the training, supervision, or control of his subordinates," *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 799 (9th Cir. 2018) (internal citation omitted), theories of *Monell* and supervisory liability "overlap." *See, e.g.*, *Larez*, 946 F.2d at 645; *Nehad v. Browder*, 929 F.3d 1125, 1141–42 (9th Cir. 2019); *Estate of Jackson v. City of Modesto*, 2022 U.S. Dist. LEXIS 137906, at \*27 (E.D. Cal. Aug. 3, 2022); *Estate of Johnson*, 2024 U.S. Dist. LEXIS 13494, at \*9 ("consider[ing] … *Monell* liability and supervisory liability together.").

**B.     TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101, *ET SEQ*.) § 504 OF THE REHABILITATION ACT (29 U.S.C. § 701, *ET SEQ*.)**

County Defendants argue that "[Magana] was [not] denied any services because of a disability." Motion at 18. But "[d]iscrimination includes a failure to reasonably accommodate a person's disability." *Sheehan v. City & County of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014). Thus, "[t]he failure to give a reasonable accommodation is a form of disability discrimination." *Estate of Jackson v. City of Modesto*, 2021 U.S. Dist. LEXIS 199638, at \*31 (E.D. Cal. Oct. 14, 2021). "[T]he deliberate indifference standard applies" to claims of "intentional discrimination" under Title II and § 504. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001); *see also Wiggins v. County of Riverside*, 2025 U.S. Dist. LEXIS 140761, at \*22 n.5 (C.D. Cal. June 9, 2025) ("There is curious overlap between Section 1983 claims based on deliberate indifference to a serious medical claim and a Title II ADA claims for monetary damages…"). As discussed above, Plaintiffs allege County Defendants' deliberate indifference to Magana's serious medical needs, including the jail staff who interacted with Magana, 1AC ¶¶ 52–148, and the municipality and policymakers who maintained deficient monitoring and care, *id*. ¶¶ 170–188. *See, e.g.*, *Duvall*, 260 F.3d at 1141 ("the public entity is liable for the vicarious acts of its employees"); *Estate of Jackson*, 2021 U.S. Dist. LEXIS 199638, at \*34 ("For a failure to train claim under Title II of the ADA and the RA, [c]ourt[s] utilize the *Monell* framework for § 1983 claims."). Thus, the same allegations are sufficient. *See, e.g.*, *Galley v. County of Sacramento*, 2023 U.S. Dist. LEXIS 120541, at \*15–16 (E.D. Cal. July 13, 2023) (deliberate indifference "sufficient to support a failure to accommodate claim"); *Estate of Silva v. City of San Diego*, 2020 U.S. Dist. LEXIS 221679, at \*29–30, \*70 (S.D. Cal. Nov. 25, 2020) (deliberate indifference supports violation of "ADA and the Rehabilitation Act").

10

**C.    FAMILIAL ASSOCIATION (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)**

County Defendants argue that "Duarte's claim for interference with familial association is integrally predicated upon and entwined with [Magana]'s §1983 claims…" Motion at 18. Plaintiffs agree that the claims are "governed by the same analysis." *Saxton v. County of Sonoma*, 2025 U.S. Dist. LEXIS 115828, at *18 n.7 (N.D. Cal. June 17, 2025); *see, e.g.*, *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013); *Cotta v. County of Kings*, 686 F. App'x 467, 469 n.1 (9th Cir. 2017). As discussed above, Plaintiffs allege County Defendants' deliberate indifference to Magana's rights, including the jail staff who interacted with Magana, 1AC ¶¶ 52–148, and the municipality and policymakers who maintained deficient monitoring and care, *id*. ¶¶ 170–188. Thus, Defendants are liable for a familial association claim. *See Saxton*, 2025 U.S. Dist. LEXIS 115828, at *18 n.7; *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *15–16 ("deliberate disregard for [decedent]'s escalating medical crisis").

**D.    CALIFORNIA GOVERNMENT CLAIMS ACT (CAL. GOV. CODE § 810 *ET SEQ.*)**

County Defendants argue that Duarte's state law claims are "barred by his failure to allege facts showing compliance with the Government Claims Act ('GCA') claim presentment requirement." Motion at 18. But Plaintiffs allege *do* allege that "[Duarte] submitted a timely and substantially compliant government claim…" 1AC ¶¶ 4–5.

<u>Claim Sufficiency</u>: County Defendants argue that "[California Government Code §] 910(a) requires the claimant provide '[t]he name and post address of the claimant'" but "[Duarte] is not identified as a claimant" and "Duarte's [s]tate law [c]laims are not included in the [c]laim." Motion at 19 (citing ECF No. 58-1). But Duarte *is* identified under "Claimants" as, *inter alia*, "the family of Jesus Eric Magana." ECF No. 58-1 at 4. Additionally, Duarte's specific claims and damages are identified, separately from those of Magana. *Id*. at 5 (stating claims of the "Estate" separate from his "survivors"). Thus, the claim sufficiently identified Duarte *and* his claims. *See, e.g.*, *Sakamoto v. County of Los Angeles*, 800 F. App'x 487, 489–90 (9th Cir. 2020); *Estate of Neil*, 2022 U.S. Dist. LEXIS 167659, at *12; *Tater v. City of Huntington Beach*, 2021 U.S. Dist. LEXIS 181601, at *11–12 (C.D. Cal. Mar. 25, 2021); *Stoetling v. County of Orange*, 2020 U.S. Dist. LEXIS 247116, at *7 (C.D. Cal. Sep. 23, 2020); *Bradley v. County of Sonoma*, 2020 U.S. Dist. LEXIS 50067, at *8 (N.D. Cal. Mar. 23, 2020); *Woods v. August*, 2019 U.S. Dist. LEXIS 228300, at *6 (N.D. Cal. Mar. 14, 2019); *Kim v. City of Belmont*, 2018

11

U.S. Dist. LEXIS 9946, at *28–29 (N.D. Cal. Jan. 22, 2018) (failure to identify specific claimant not fatal to claim where individualized damages identified).

Substantial Compliance: The claim is substantially compliant because "courts have prohibited a party whose claims are 'separate and distinct,' not when the claims encompass those in the submitted claim or are derivative of the submitted claim." *Tater*, 2021 U.S. Dist. LEXIS 181601, at *12 (internal citations omitted). Duarte's claims encompass and are derivative of the same facts giving rise to Magana's claims. *See* ECF No. 58-1.

Waiver of Sufficiency Defense: "Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to the defect or omission as provided in Section 910.8…" Cal. Gov. Code § 911. As a result, even if Plaintiffs' claim were insufficient, because "the [County] and [Sheriff's Office] failed or refused to act on the government claim," 1AC ¶ 5; "[i]nasmuch as [County Defendants] failed to notify [P]laintiffs of the insufficiencies in their [claim] that rendered it defective to comply substantially with sections 910 and 910.2, [they] ha[ve] waived any defenses it may have otherwise asserted based on such insufficiencies." *Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699, 711 (Cal. 1989); *see, e.g.*, *Simms v. Bear Valley Cmty. Healthcare Dist.*, 80 Cal. App. 5th 391, 407 (Cal. Ct. App. 2022); *Martinez v. County of Sonoma*, 2016 U.S. Dist. LEXIS 233, at *12 (N.D. Cal. Jan. 4, 2016).

## E.    FAILURE TO SUMMON MEDICAL CARE (CAL. GOV. CODE § 845.6)

*First*, County Defendants argue that Magana did not "suffer[] a serious and obvious medical condition requiring immediate care during the time he was in custody" or that "any of the individual Defendants knew or had reason to know [Magana] needed immediate medical care and failed to reasonably summon such care." Motion at 19. But, as discussed above, Plaintiffs allege County Defendants' deliberate indifference to Magana's serious medical needs, including the jail staff who interacted with Magana. 1AC ¶¶ 52–148. Thus, jail staff had *either* "actual or constructive knowledge" of Magana's immediate medical need but did not summon medical care. *Horton v. City of Santa Maria*, 915 F.3d 592, 608 (9th Cir. 2019); *see, e.g.*, *Frary*, 81 F. Supp. 3d at 842–43; *Parenti v. County of Monterey*, 2018 U.S. Dist. LEXIS 59352, at *51–52 (N.D. Cal. Apr. 6, 2018); *Washington v. County of San Diego*, 2006 U.S. Dist. LEXIS 104209, at *55 (S.D. Cal. Sep. 8, 2006).

12

*Second*, County Defendants argue that "'policies/customs'" are "not an element or basis for liability under § 845.6." Motion at 19. But § 845.6 liability may be predicated on municipal liability, where "§ 845.6 imposes [] a mandatory duty," including based on "negligen[ce] in hiring, supervising, training, and retaining employees…" *Bock v. County of Sutter*, 2012 U.S. Dist. LEXIS 124699, at *49–51 (E.D. Cal. Aug. 30, 2012); *Estate of Claypole v. County of San Mateo*, 2014 U.S. Dist. LEXIS 144209, at *25 (N.D. Cal. Oct. 9, 2014). Additionally, § 845.6 liability may be predicated on supervisory liability, where "officials may be liable for their employees' failure to summon medical care," including for "negligent supervision, training, hiring, and retention related to jail employees' actions, including jail employees' failure to summon medical care." *See*, *e.g.*, *Villarreal v. County of Monterey*, 254 F. Supp. 3d 1168, 1189 (N.D. Cal. 2017) (collecting cases); *Barnett v. County of Los Angeles*, 2021 U.S. Dist. LEXIS 40959, at *19–21 (C.D. Cal. Mar. 4, 2021). Thus, Plaintiffs assert a theory of "Municipal / Supervisory Liability," including based on "policies or customs." *See* 1AC ¶ 216. Substantively, County Defendants do not challenge the sufficiency of these allegations to support a § 845.6 claims.

## F.    TOM BANE CIVIL RIGHTS ACT (CAL. CIV. CODE § 52.1)

*First*, County Defendants argue that the pleading "does not allege facts showing Defendants intentionally interfered with [Magana] or Duarte's rights through threat, intimidation, or coercion." Motion at 20. But "the statutory phrase 'threat, intimidation or coercion' serves as an aggravator justifying the conclusion that the underlying violation of rights is sufficiently egregious to warrant enhanced statutory remedies…" *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766, 800 (Cal. Ct. App. 2017). And "the Bane Act does not require that the offending 'threat, intimidation or coercion' be independent from the constitutional violation alleged." *Rodriguez*, 891 F.3d at 802 (internal citation omitted). Thus, "a prisoner who successfully brings forth a claim that a prison official acted (or failed to act) with deliberate indifference to his medical needs adequately states a claim for relief under the Bane Act." *See*, *e.g.*, *Skydecker v. County of Alameda*, 2024 U.S. Dist. LEXIS 193781, at *7 (N.D. Cal. Oct. 24, 2024) (quoting *M.H. v. County of Alameda*, 90 F.Supp.3d 889, 899 (N.D. Cal. 2013)); *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *22–23; *Luttrell v. Hart*, 2020 U.S. Dist. LEXIS 173856, at *15–16 (N.D. Cal. Sep. 22, 2020). Thus, because Plaintiffs sufficiently state a claim for deliberate indifference, they also sufficiently state a Bane Act claim. *See id*.

13

*Second*, County Defendants argue that the pleading "fails to allege facts Defendants were even aware of Duarte." Motion at 20. But there is no such requirement that a defendant be "aware" of a person harmed by his conduct. *See Estate of Sanchez v. County of Stanislaus*, 2023 U.S. Dist. LEXIS 203673, at *101 (E.D. Cal. Nov. 14, 2023) (rejecting argument that "[decedent's parent]'s Bane Act claim based on her right to familial association must fail because she was not present at the time of the incident" because "[t]he Court cannot discern why this would be the case…"); *see also Rodriguez*, 891 F.3d at 798–802 (liability where the defendant "did not observe" the constitutional violation); *Cornell*, 17 Cal. App. 5th at 802 n.31 ("depending on the right alleged to have been interfered with, physical force is not required at all"). Duarte possessed a "Fourteenth Amendment due process right[]" against "interfer[ence] with the liberty interest [he] … ha[d] in the companionship and society" of his son, Magana. *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013) (internal citation omitted). Thus, County Defendants' deliberate indifference to Magana's serious medical needs gives rise to a "derivative" violation of Duarte's constitutional rights. *See, e.g.*, *Cotta*, 686 F. App'x at 469 n.1; *Lemire*, 726 F.3d at 1075; *Saxton*, 2025 U.S. Dist. LEXIS 115828, at *18 n.7.

## G.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*First*, County Defendants argue that the pleading "fail[s] to allege facts showing any of the County Defendants' individual conduct towards [Magana] was sufficiently outrageous." Motion at 21. But deliberate indifference to medical needs, including "purposefully delay[ing] or refus[ing] medical care," constitutes "outrageous" conduct giving rise to an IIED claim. *See, e.g.*, *Trujillo v. County of Los Angeles*, 2019 U.S. Dist. LEXIS 212065, at *32–33 (C.D. Cal. Jan. 22, 2019); *Martinez v. GEO Grp., Inc.*, 2019 U.S. Dist. LEXIS 143217, at *12–13 (C.D. Cal. Apr. 30, 2019); *Mollica*, 2023 U.S. Dist. LEXIS 85698, at *47. As discussed above, Plaintiffs allege County Defendants' deliberate indifference to Magana's serious medical needs, including the jail staff who interacted with Magana. 1AC ¶¶ 52–148.

*Second*, County Defendants argue that the pleading "fails to allege facts that Sanchez were aware of [Magana]'s incident." Motion at 21. But there is no requirement that a defendant be "aware" of a prisoner harmed by supervisory action or inaction. Rather, a supervisor's inadequate supervision resulting in constitutional violations may constitute "outrageous" conduct. *See, e.g.*, *Khatib v. County of Orange*, 2008 U.S. Dist. LEXIS 24530, at *33–34 (C.D. Cal. Mar. 26, 2008); *Mollica*, 2023 U.S. Dist.

LEXIS 85698, at *45–47; *Ramirez v. County of Los Angeles*, 2012 U.S. Dist. LEXIS 92418, at *17 (C.D. Cal. July 3, 2012). As discussed above, and incorporated herein, Plaintiffs allege County Defendants' deliberate indifference to Magana's serious medical needs, including Sanchez who maintained a practice of deficient monitoring and care. 1AC ¶¶ 170–188.

**H.    SPOLIATION OF EVIDENCE (FED. R. CIV. P. 37(e))**

County Defendants "request the Court dismiss this claim…" Motion at 21. Plaintiffs do not oppose dismissal of this claim.

**I.    IMMUNITY UNDER CALIFORNIA GOVERNMENT CODE § 820.8**

County Defendants argue that California Government Code § 820.8 immunizes Sanchez from "be[ing] held liable for the unlawful conduct of others unless she was directly involved in the unlawful conduct." Motion at 21. But no such immunity is afforded by § 820.8. For example, if "[plaintiff] alleges that [sheriff] is responsible … because he failed to implement adequate policies and failed to train his staff sufficiently to avoid violations of inmates' rights," then plaintiff "seeks to hold [sheriff] personally liable for his conduct as a supervisor" and "[sheriff] is not immune under § 820.8." *Johnson v. Baca*, 2014 U.S. Dist. LEXIS 196976, at *47–48 (C.D. Cal. Mar. 3, 2014). As discussed above, Plaintiffs allege County Defendants' deliberate indifference to Magana's serious medical needs, including Sanchez who maintained a practice of deficient monitoring and care. 1AC ¶¶ 170–188. Thus, "§ 820.8 is inapplicable because … [Plaintiffs] do not rely on vicarious liability, but, rather, rely on [Sanchez's] culpable action or inaction that proximately caused [their] injuries." *Rodriguez*, 891 F.3d at 799; *see, e.g.*, *Estate of Jackson*, 2021 U.S. Dist. LEXIS 199638, at *61–62; *Alexander v. Cal. Dep't of Corr. & Rehab.*, 2014 U.S. Dist. LEXIS 177381, at *13 (E.D. Cal. Dec. 23, 2014); *Cravotta v. County of Sacramento*, 717 F. Supp. 3d 941, 962 (E.D. Cal. 2024) ("§ 820.8 does not apply if the claims against defendant are based on his own supervision and negligence" (citation & alterations omitted)).

## IV.    <u>CONCLUSION</u>

For these reasons, County Defendants' motion to dismiss, ECF No. 57, should be denied. To the extent that the motion is granted in any respect, the Court "should grant leave to amend …, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

15

Dated: August 22, 2025

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF JESUS ERIC MAGANA
and JESUS MAGANA DUARTE