Richard W. Osman, State Bar No. 167993
John K. Salcedo, State Bar No. 320340
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:      rosman@bfesf.com
            jsalcedo@bfesf.com


Attorneys for Defendants
COUNTY OF ALAMEDA,
ALAMEDA COUNTY SHERIFF'S OFFICE,
YESENIA SANCHEZ, ERIK BAKER,
ZACHARY TSANG-LEE, PETER CANDELARIO,
& LUIS MARTINEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JESUS ERIC MAGANA and JESUS MAGANA DUARTE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANG-LEE, PETER CANDELARIO, CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC & WELLPATH MANAGEMENT, INC., also known as LIQUIDATING TRUST, a nominal party, RAJENDRA MAHAJAN, SUMEET CHAGGER, HARKAMALJIT HUNDAL, and DOE 1 to 20,<br><br>    Defendants. | Case No. 3:24-cv-04716-JD<br><br>**DEFENDANTS COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANG-LEE, PETER CANDELARIO, AND LUIS MARTINEZ'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:        October 2, 2025<br>Time:        10:00 AM<br>Location:    San Francisco Courthouse<br>             Courtroom 11, 19th Floor<br>             450 Golden Gate Avenue<br>             San Francisco, CA 94102<br><br>**Hon. James Donato** |

## Table of Contents

I.    INTRODUCTION ................................................................................................................. 1

II.   LEGAL ARGUMENT ........................................................................................................ 1

   A.  The FAC Fails to State a §1983 Claim for Deliberate Indifference to Medical
       Needs .......................................................................................................................... 1

       1.  The FAC Fails to State a § 1983 Claim Against Baker ........................................ 1

       2.  The FAC Fails to State a § 1983 Claim Against Tsang-Lee and Candelario ......... 2

       3.  The FAC Fails to State Municipal Liability Against the County Under Any
           Theory ................................................................................................................... 3

           a.  No Policy, Pattern, or Custom is Shown ...................................................... 3

           b.  No *Monell* Ratification Claim is Shown ...................................................... 6

           c.  The FAC Fails to State a *Monell* Training Claim ....................................... 6

       4.  The FAC Fails to State a §1983 Claim Against Sanchez ..................................... 6

   B.  The FAC Fails to State Claims for ADA & the Rehabilitation Act ............................. 7

   C.  The FAC Fails to State a § 1983 Claim for Familial Association ................................ 8

   D.  Duarte's State Claims are Barred for Failure to Comply with Cal. Gov. Claims Act ........ 8

   E.  The FAC Fails to State a Claim for Cal. Gov. Code § 845.6 ...................................... 9

   F.  The FAC Fails to State a § 52.1 Claim ...................................................................... 9

   G.  The FAC Fails to State a Claim for Intentional Infliction of Emotional Distress ........... 10

   H.  Gov. C. § 820.8 Immunity ......................................................................................... 10

III.  CONCLUSION ................................................................................................................ 10

1

## Table of Authorities

2

<u>**Cases**</u>

3
*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ...........................................................................................1, 3

4

*Bell Atlantic Corporation. v. Twombly*
5
   550 U.S. 544 (2007) ...........................................................................................1, 3

6
*Campos v. Cnty. of Kern*
   2017 WL 915294 (E.D. Cal. Mar. 7, 2017) ...........................................................2

7
*Castaneda v. Dept. of Corr. & Rehab.*
8
   212 Cal.App.4th 1051 (2013) ................................................................................9

9
*City of Canton v. Harris*
   489 U.S. 378 (1989) ...............................................................................................6

10

*Corales v. Bennet*
11
   567 F.3d 554 (9th Cir. 2009) ...............................................................................10

12
*Cosentino v. Kurtz*
   2012 WL 12883842 (C.D. Cal. Dec. 11, 2012) ....................................................8

13

*Davidson v. City of Westminster*
14
   32 Cal.3d 197 (1982).............................................................................................10

15
*Duvall v. Cnty. of Kitsap*
   260 F.3d 1124 (9th Cir. 2001) ...............................................................................7

16

*Est. of Arroyo v. Cty. of San Diego*
17
   2024 WL 4668146 (S.D. Cal. Nov. 4, 2024) .........................................................3

18
*Est. of Hill v. Naphcare*
   2025 WL 1588738 (9th Cir. June 5, 2025)............................................................3

19

*Est. of Jackson v. City of Modesto*
20
   2021 WL 4819604 (E.D. Cal. Oct. 14, 2021) .......................................................7

21
*Est. of Silva v. City of San Diego*
   2020 WL 6946011 (S.D. Cal. Nov. 25, 2020) .......................................................7

22

*Estate of Neil v. Cty. of Colusa,*
23
   2022 WL 4291745 (E.D. Cal. Sept. 16, 2022)......................................................8

24
Galindo v. City of San Mateo
   2016 WL 7116927 (N.D. Cal. 2016)......................................................................3

25

*Galley v. Cty. of Sacramento*
26
   2023 WL 4534205 (E.D. Cal. July 13, 2023) .......................................................7

27
*Hopkins v. Bonvicino*
   573 F.3d 752 (9th Cir. 2009) .................................................................................1

28

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Estate of Jesus Eric Magana v. County of Alameda, et al., Case No.: 3:24-cv-04716-JD*

*K. E. C. by & through Gonzalez v. Cnty. of Kern*
   788 F. App'x 506 (9th Cir. 2019) .................................................................3

*Kinney v. Contra Costa Cnty.*
   8 Cal.App.3d 761 (1970) ...........................................................................9

*Laurel v. Cty. of Alameda*
   2025 WL 22402674 (N.D. Cal. Aug. 19, 2025) ........................................9

*Lemire v. Cal. Dept. Corr. & Rehab.*
   726 F.3d 1062 (9th Cir. 2013) ...................................................................2

*Lucas v. City of Long Beach*
   60 Cal.App.3d 341 (1976) .........................................................................9

*Mendez v. Cty. of L.A.*
   897 F.3d 1067 (9th Cir. 2018) ...................................................................2

*Nelson v. Cnty. of Los Angeles*
   113 Cal.App.4th 783 (Cal. Ct. App. 2003) ...............................................8

*Petersen v. Vallejo*
   66 Cal. Rptr. 776 (Cal. Ct. App. 1968) .....................................................8

*Potter v. Firestone Tire & Rubber Co.*
   6 Cal.4th 965 (1993) ................................................................................10

*Russel v. Lumintap*
   31 F.4th 729 (9th Cir. 2022) .....................................................................2

*Sandoval v. Cnty. of San Diego*
   985 F.3d 657 (9th Cir. 2021) .....................................................................1

*Sandoval v. Cty. of Sonoma*
   F.3d 509 (9th Cir. 2018) ............................................................................9

*Singleton v. Clark Cty.*
   2025 WL 359015 (W.D. Wash. Jan. 31, 2025) ........................................5

*Skydecker v. Cty. of Alameda*
   2024 WL 4584024 (N.D. Cal. Oct. 24, 2024) ..........................................9

*Tater v. City of Huntington Beach*
   2021 WL 3523497 (C.D. Cal. Mar. 25, 2021) ..........................................8

*Watson v. California*
   21 Cal.App.4th 836 (1993) ........................................................................9

*Wiggins v. Cty. of Riverside*
   2025 WL 2005481 (C.D. Cal. Jun. 9, 2025) .............................................7

*Yela Fid. Servs., LLC v. Benton Cty.*
   2023 WL 5018218 (D. Or. Apr. 12, 2023) ...............................................3

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Estate of Jesus Eric Magana v. County of Alameda, et al., Case No.: 3:24-cv-04716-JD*

**<u>Statutes</u>**

42 U.S.C. § 1983 .................................................................................................................. 1, 2, 6

California Government Code  § 910.8 ............................................................................................8

California Government Code § 820.8 ...........................................................................................10

California Government Code § 845.6 ..............................................................................................9

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Estate of Jesus Eric Magana v. County of Alameda, et al., Case No.: 3:24-cv-04716-JD*

## I.    INTRODUCTION

The Court should grant Defendants COUNTY OF ALAMEDA, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANG-LEE, and PETER CANDELARIO's motion to dismiss as Plaintiffs' Opposition does not address clear deficiencies in the First Amended Compliant ("FAC"). Plaintiffs' opposition fails to address the complete absence of facts to meet their pleading burden to state *facts* showing a plausible right to relief on each of the claims asserted against each Defendant. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).) Plaintiffs rely on numerous cases which are factually distinguishable from the instant case and frequently cite language out of context from the facts of the case.  Accordingly, the motion to dismiss should be granted.

## II.    LEGAL ARGUMENT

**A.    The FAC Fails to State a §1983 Claim for Deliberate Indifference to Medical Needs**

**1.    The FAC Fails to State a § 1983 Claim Against Baker**

Baker's alleged 33-minute delay in summoning medical assistance for Decedent does not constitute deliberate indifference, especially where Baker brought Decedent to be examined by a doctor without incident. (FAC ¶¶57-59.) Although Baker allegedly failed to request a nurse twice after finding Decedent had been vomiting shortly after 10:10 a.m., Baker ultimately summoned a nurse to Decedent's cell by 10:40 a.m. and transported him to a doctor for examination by 10:50 a.m. (FAC ¶¶61, 62, 63, 64, 66, 69, 74, 95, 97, 100.) Per the FAC, Baker delayed obtaining a nurse by about 33 minutes. After Baker assisted in transferring Decedent to OPHU, he had no further contact with him. A defendant cannot be held liable under §1983 based on a "team effort" theory, which "lump[s] all the defendants together, rather than requir[ing] [plaintiff] to base each individual's liability on his own conduct." *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009). Since Plaintiffs' §1983 claim against Baker is based upon a Fourteenth Amendment claim for deliberate indifference to medical needs, they must show that Baker's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Sandoval*, 985 F.3d at 669. Plaintiffs do not allege facts showing the alleged 33-minute delay was objectively unreasonable considering Decedent was taken immediately to a doctor for examination. Further, the alleged 33-minute delay was not objectively unreasonable since the FAC alleges Decedent was able to respond to Baker and was not in

medical distress which warranted immediate emergency care. (FAC ¶61, 62, 63, 64, 66, 69.) Additionally, since Baker was entitled to defer to the medical opinions of qualified providers, he fulfilled his duty to Decedent by summoning medical assistance and was not required to do anything else. *Lemire v. Cal. Dept. Corr. & Rehab.*, 726 F.3d 1062, 1084 (9th Cir. 2013) (corrections officers "did not act with deliberate indifference" because they "reasonably relied on the expertise of the prison's medical staff").

Additionally, no facts are alleged which plausibly show Baker's alleged 33-minute delay in obtaining medical caused Decedent's death. By the FAC's own terms, Mahajan and Kaur's failure to refer Decedent to the hospital amounted deliberate indifference, and therefore acts as an intervening superseding cause cutting off causation from Baker's alleged conduct and Decedent's death several hours after Baker's last contact with Decedent. *Mendez v. Cty. of L.A.*, 897 F.3d 1067, 1080 (9th Cir. 2018) (superseding intervening cause applies in § 1983 cases). The FAC fails to state a § 1983 claim against Baker because it fails to show the requisite deliberate indifference and causation.

## 2. The FAC Fails to State a § 1983 Claim Against Tsang-Lee and Candelario

The FAC does not allege facts showing Tsang-Lee and Candelario acted objectively unreasonable when conducting safety checks on Decedent. The FAC alleges that Decedent was subject to 30-minute safety checks. Per the FAC, Tsang-Lee conducted safety checks at 11:12 a.m., 11:38 a.m., 12:05 p.m., 12:30 p.m., 1:07 p.m., and 1:37 p.m., 2:10 p.m., 2:46 p.m., and 3:19 p.m. where he observed signs of life, including respiratory activity and Decedent moving his fingers. (FAC ¶¶ 123-125, 127, 128, 130, 136.) The FAC merely concludes Tsang-Lee and Candelario ignored facts showing Decedent was in obvious medical distress but does not allege what obvious signs of medical distress exhibited by Decedent that they ignored. For example, the FAC does not allege Tsang-Lee and Candelario ignored Decedent's calls for medical assistance or that they observed Decedent continue to consume water and vomit.

Plaintiffs' authorities cited in support of their §1983 claim against Tsang-Lee and Candelario are distinguishable since the plaintiffs showed very clear signs of medical distress and defendants failed to act promptly. *Russel v. Lumintap*, 31 F.4th 729, 733-736 (deliberate indifference pled where, despite plaintiff reporting and demonstrating continuous symptoms of heart attack over 24 hours, defendants failed to refer the plaintiff to the hospital); *Campos v. Cnty. of Kern*, No. 114CV01099DADJLT, 2017 WL 915294, at *8 (E.D. Cal. Mar. 7, 2017), *aff'd sub nom. K. E. C. by & through Gonzalez v. Cnty. of*

*Kern*, 788 F. App'x 506 (9th Cir. 2019) (summary judgment denied in-custody suicide where the plaintiff provided evidence showing defendants were aware of the decedent's suicidal tendencies yet housed him near a fan with an electrical cord within arm's reach from the bars of the decedent's cell which decedent used to kill himself); *Est. of Arroyo v. Cty. of San Diego*, No. 3:21-CV-01956-RBM-SBC, 2024 WL 4668146, at *2-3 (S.D. Cal. Nov. 4, 2024) (deliberate indifference shown where defendant, responding to a mental health call regarding decedent, failed to disclose to jail staff critical information about plaintiff's mental and physical health issues resulting in plaintiff failing to receive necessary monitoring and care and also inaccurately changed the charges against plaintiff in order to justify him remaining in custody); *Yela Fid. Servs., LLC v. Benton Cty.,* No. 6:20-CV-01925-MK, 2023 WL 5018218, at *5 (D. Or. Apr. 12, 2023), *report and recommendation adopted*, No. 6:20-CV-01925-MK, 2023 WL 4841954 (D. Or. Jul. 28, 2023) (deliberate indifference shown where decedent died 5 days after defendants failed to provide decedent medication she specifically requested despite medical personnel knowing decedent could suffer life threatening withdrawal symptoms without the medication); *Frary v. Cty. of Marin*, 81 F.Supp.3d 811, (triable issue of fact as to the adequacy of safety checks where defendants' safety checks of a plaintiff undergoing withdrawal symptoms were conducted from an observation tower instead of from the cell doors); *Est. of Hill v. Naphcare*, No. 23-2741, 2025 WL 1588738, at *3 (9th Cir. June 5, 2025) *citing Nyarecha v. Cty of L.A.*, No 23-55773, 2024 WL 4511616 (9th Cir. Oct. 17, 2024) (defendants failed to assess decedent's condition over a 13 hour period).

In contrast, Tsang-Lee and Candelario conducted checks adequate to determine Decedent was alive. (FAC ¶¶ 123-125, 127, 128, 130, 136.) After determining Decedent was not breathing during the 3:19 p.m. safety check, Candelario immediately requested appropriate medical assistance. Accordingly, the FAC fails to state a claim for deliberate indifference to medical needs against Tsang-Lee and Candelario.

### 3.    The FAC Fails to State Municipal Liability Against the County Under Any Theory

### a.    No Policy, Pattern, or Custom is Shown

"*Monell* allegations must be pleaded with specificity as required under Twombly and Iqbal," accordingly, the FAC's conclusory statements are insufficient to show municipal liability under any theory. *Galindo v. City of San Mateo*, 2016 WL 7116927 at *5 (N.D. Cal. 2016).

1  Plaintiffs state, without supporting factual allegations, that Defendants violated various

2  correctional standards. (FAC ¶¶110, 120, 177, 186.)  However, Plaintiffs do not allege facts showing

3  how and why these standards apply and how Defendants' conduct violated these standards. Accordingly,

4  these 'allegations' are merely conclusory statements which the Court should disregard.

5  The *Babu* Consent Decree does not assist Plaintiffs in stating a policy, pattern, or custom claim.

6  The FAC does not allege facts showing the conditions and issues in Santa Rita Jail ("SRJ") which were

7  intended to be resolved by the *Babu* Consent Decree are sufficiently similar to this incident. The *Babu*

8  Consent Decree was intended to require SRJ to provide inmates with greater access to mental healthcare

9  and to reduce the use of isolation cells. The FAC alleges the incident was caused by an improper

10 diagnosis and treatment plan by medical staff and insufficient monitoring by the corrections staff and not

11 the provision of mental health services and/or use of isolation. Additionally, Plaintiffs state without

12 supporting facts that the incident constituted a failure by the County "to implement and comply with the

13 *Babu* consent decree's requirements." (FAC ¶152 subds. (a)-(f).) FAC ¶152 consists of legal conclusions

14 which the Court are not required to accept as true. Accordingly, the *Babu* Consent Decree does not show

15 the County had a policy, pattern, or custom which caused the incident.

16 The Grand Jury and DOJ reports referenced in the FAC likewise are insufficient to show a policy,

17 pattern, or custom. CFMG's medical director's termination for improperly writing prescriptions and

18 alleged failure to pursue breaches of contract cited from the 2020-2021 Grand Jury report likewise do not

19 show a policy, pattern, or custom since these issues **do not** relate to failure by medical staff to properly

20 diagnose and treat and correction staff's failure to monitor. The June 6, 2022 Grand Jury report likewise

21 does not support a *Monell* Claim because the report mainly pertained to inadequate security protocols to

22 prevent contraband from entering the jail, jail sanitation, and mental health resources, none of which are

23 related to the alleged cause of the incident.

24 The list of "policies and customs of inadequate supervision" maintained by the County

25 enumerated in FAC ¶176 are conclusions insufficient to state a *Monell* claim because there are **no facts**

26 alleged showing any of these "policies and customs" predated the incident. For example, FAC ¶176

27 subds. (a)-(d), (k), relate to schizophrenia and water intoxication.  However, the FAC **does not** allege

28 facts showing any other water intoxication incidents occurred in SRJ prior to the incident. (*See* FAC

4

¶184.) The other subds. in FAC ¶176 are not supported by facts and are not relevant to the causes of the incident.

Additionally, the incidents of inadequate medical care in FAC ¶184 are not sufficiently similar to the incident to show the County had a policy, pattern, or custom because they do not pertain to incidents involving misdiagnosis and inadequate treatment and inadequate monitoring. The incidents vary wildly and include deaths caused by inadequate dental care ((a), (c)), alleged inadequate monitoring of inmates which jail staff knew had suicidal tendencies or previous unsuccessful suicide attempts ((j), (k), (m), (o), (p), (q)-(z), (aa), (bb)), refusal to provide medications specifically requested by inmates ((n)), slip and fall injuries ((d), (e)), unsanitary conditions and COVID exposure ((b)), untreated bacterial/fungal infections ((f), (g)), and failure to detect and prevent consumption of drugs ((l)). Only three incidents, ((h), (i), (r)) appear to be related to failure to monitor on the part of jail corrections and medical staff. These three incidents are insufficient to a state a policy, pattern, or custom *Monell* claim.

Finally, the allegations in FAC ¶185 regarding Wellpath's conduct in other jurisdictions do not show a policy, pattern, or custom. Plaintiffs' citation to *Singleton v. Clark Cty.*, 2025 WL 359015 (W.D. Wash. Jan. 31, 2025) does not apply to the County because the *Singleton* Court was referring to whether the private medical provider defendant lacked notice of the plaintiff's allegations against it. *Id.* at *17 fn. 4 (W.D. Wash. Jan. 31, 2025) *Singleton* does not stand for the proposition that conduct by a nationwide private medical providers' out-of-jurisdiction affiliates could be imputed to a county to plead a *Monell* claim. Additionally, the incidents alleged in FAC ¶185 are not related to the conduct alleged to have caused the incident. The incidents in FAC ¶185 run the gamut from allegations regarding bribery of public officials, Wellpath's financial issues, studies regarding Wellpath's subsidiaries' performance in other jurisdictions, and two water intoxication deaths from Santa Cruz County. These incidents do not show a policy, pattern, or custom. Plaintiffs do not allege facts showing common management of Wellpath/CFMG's out-of-jurisdiction affiliates with CFMG's Alameda County operations and a causal relationship between these incidents and the instant case. Finally, Plaintiffs' allegations claiming the "fixed amount" structure of County's contract with CFMG incentivizes poor medical care is conclusory. FAC ¶¶33-48. Accordingly, the FAC fails to state a *Monell* claim for policy, pattern, or custom.

1

   **b.    No *Monell* Ratification Claim is Shown**

2

   Plaintiffs' opposition concedes that the FAC does not allege a *Monell* ratification claim.

3

   **c.    The FAC Fails to State a *Monell* Training Claim**

4

   "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns

5

on a failure to train." *Connick,* 563 U.S. at 61. Municipal liability on this theory attaches "only where the

6

failure to train amounts to deliberate indifference to the rights of persons with whom the police come into

7

contact." *City of Canton v. Harris*, 489 U.S. 378, 388. "Only where a municipality's failure to train its

8

employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can

9

such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under

10

§1983....Municipal liability under §1983 attaches where–and only where–a deliberate choice to follow a

11

course of action is made from among various alternatives by city policymakers." *Id.* at 389. The "focus

12

must be on adequacy of the training program in relation to the tasks the particular officers must perform.

13

Deliberate indifference is shown when "the need for more or different training is so obvious, and the

14

inadequacy so likely to result in the violation of constitutional rights that the policymaker of the city can

15

reasonably be said to have been deliberately indifferent to the need." *Id.* at 390. None of Baker, Tsang-

16

Lee, and Candelario's conduct demonstrated a need for training as they acted  reasonably by transporting

17

Decedent to the infirmary and promptly requesting emergency medical care when it was obvious

18

Decedent was in medical distress. Accordingly, Plaintiffs fail to respond to this argument and do not

19

identify deficient training practices or any basis to show the need for more or different training of County

20

employees that was so obvious, and the alleged inadequacy so likely to result in constitutional violations,

21

necessary to meet the high deliberate indifference standard.

22

   **4.    The FAC Fails to State a §1983 Claim Against Sanchez**

23

   Plaintiffs' argument that the same facts they alleged to state a *Monell* claim also can be used to

24

state an individual §1983 claim against Sanchez is meritless because the FAC fails to allege facts

25

showing Sanchez acted with deliberate indifference to Decedent's constitutional rights for the same

26

reasons stated in Section 3, subds. (a)-(c). Moreover, the FAC alleges only conclusory statements and no

27

specific conduct or omissions by Sanchez sufficient to state a claim for § 1983 claim. Accordingly, the

28

FAC fails to state a claim for deliberate indifference against Sanchez.

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Estate of Jesus Eric Magana v. County of Alameda, et al., Case No.: 3:24-cv-04716-JD*

**B.      The FAC Fails to State Claims for ADA & the Rehabilitation Act**

To prove the intentional discrimination element of their ADA and Rehabilitation Act claim, Plaintiffs must show "[d]eliberate indifference [which] requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001). The Ninth Circuit requires the plaintiff to "identify "specific reasonable" and "necessary" accommodations that the defendant failed to provide." *Id.* The FAC fails to allege such facts. The cases Plaintiffs cite in support of their ADA and Rehabilitation Act claims are distinguishable because the plaintiffs in those cases requested **specific accommodations from the defendants which the defendants failed to provide**. *Duvall*, 260 F.3d at 1130-31 (deaf plaintiff advised defendant's accommodations were insufficient to participate in trial and proposed a video transcript service which was denied by the court); *Wiggins v. Cty. of Riverside*, 2025 WL 2005481, at *10 (C.D. Cal. Jun. 9, 2025) (plaintiff with seizures injured after suffering a seizure and falling from top bunk even though plaintiff specifically advised defendants he needed a bottom bunk to prevent injury from falling); *Est. of Jackson v. City of Modesto*, 2021 WL 4819604, at *2 (E.D. Cal. Oct. 14, 2021) (defendant officers knew plaintiff had mental illness issues but did not use proper tactics, including use of de-escalation tactics and less-than-lethal force, that would prevent injury to plaintiff); *Galley v. Cty. of Sacramento*, 2023 WL 4534205, at *1 (E.D. Cal. July 13, 2023) (plaintiff advised defendants he suffered from alcohol and substance withdrawal symptoms, including seizures, but defendants did not place plaintiff on increased monitoring protocols which defendants did when plaintiff was previously incarcerated); *Est. of Silva v. City of San Diego*, 2020 WL 6946011, at *3 (S.D. Cal. Nov. 25, 2020) (plaintiff advised defendants he had schizophrenia and diabetes but was not given treatment or medication by defendants and died as a result of injuries sustained during attempted extraction from cell during a psychotic episode). In contrast, the FAC does not allege a "specific reasonable" and "necessary" accommodation, nor does it allege facts showing Defendants knew Decedent had a history of excessive water consumption, or that Decedent required specific medication or treatment that was not provided. Accordingly, the FAC fails to state an ADA and Rehabilitation Act claim against any Defendant.

**C.    The FAC Fails to State a § 1983 Claim for Familial Association**

As argued in sections A(2) and (3) above, the FAC fails to state a claim under §1983. Therefore Duarte's derivative claim for Interference with Familial Association likewise fails.

**D.    Duarte's State Claims are Barred for Failure to Comply with Cal. Gov. Claims Act**

Duarte failed to comply with the Government Claims Act because the Estate's Government Claim ("Claim") does not adequately identify him or his claims. "Where two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim, and one cannot rely on a claim presented by another." *Nelson v. Cnty. of Los Angeles*, 113 Cal.App.4th 783, 796 (Cal. Ct. App. 2003). The Plaintiffs' authorities do not help because the claims discussed either specifically identifies the omitted claimant by name or alleges facts which sufficiently identify the omitted claimant. *Sakamoto v. Cty. of L.A.*, 800 F. App'x 487, 489-490 (claim found sufficient where loss of consortium damages was specifically stated, therefore giving defendant notice of a surviving spouse and spouse's claims); *Estate of Neil v. Cty. of Colusa*, a, No. 2:19-CV-02441-TLN-DB, 2022 WL 4291745, at *4 (E.D. Cal. Sept. 16, 2022) (mother's claim omitting decedent's estate was found sufficient where facts in claim stated facts sufficient to infer mother was bringing successor-in-interest claim); *Tater v. City of Huntington Beach*, No. SACV 20-01772JVS(JDEX), 2021 WL 3523497, at *5 (C.D. Cal. Mar. 25, 2021) (claims by plaintiff who did not submit a claim on his own behalf not barred because plaintiff's name was on letter attached to the named claimant's claim form). Plaintiffs' substantial compliance argument likewise fails. "[I]t is generally recognized the mere fact the governmental entity has some notice or knowledge of the accident and possible claim will not excuse failure of the claimant to file a timely claim as required by the statute." *Cosentino v. Kurtz*, 2012 WL 12883842, at *5 (C.D. Cal. Dec. 11, 2012) (quoting *Petersen v. Vallejo*, 66 Cal. Rptr. 776, 781 (Cal. Ct. App. 1968). Substantial compliance under the Government Claims Act requires a claim to have been submitted. Since Duarte did not submit a timely claim, substantial compliance is impossible.

Finally, Plaintiffs' waiver of sufficiency defense argument should be disregarded. A public entity's duty to notify a claimant that the claim form is "defective" necessarily presumes the defect is disclosed on the face of the form. (Gov. Code, § 910.8.) The problem here is not that [Duarte's] claim was defective, but that no claim at all was filed by or on behalf of Dwayne's estate. *Nelson v. Cnty. of Los*

1  *Angele*s, 113 Cal. App. 4th 783, 797–98 (2003). Accordingly, Duarte's claims are barred for failure to

2  comply with the Government Claims Act requirement to present a timely claim.

3  **E.    The FAC Fails to State a Claim for Cal. Gov. Code § 845.6**

4  "California cases have repeatedly limited liability under the statute 'to serious and obvious

5  medical conditions requiring immediate care.'" *Castaneda v. Dept. of Corr. & Rehab.,* 212 Cal.App.4th

6  1051, 1074 (2013); *Kinney v. Contra Costa Cnty.,* 8 Cal.App.3d 761 (1970) (no liability for failure to

7  provide medical care when prisoner complained of a bad headache and requested medication); *Lucas v.*

8  *City of Long Beach,* 60 Cal.App.3d 341, 350 (1976) (intoxication due to drugs or alcohol did not impose

9  duty to summon immediate medical care). The duty under Section 845.6 does not extend beyond

10  summoning medical care when the need for immediate medical care arises–it does not include ensuring

11  that medical staff properly diagnosed and treated the medical condition. *Watson v. California*, 21

12  Cal.App.4th 836, 842 (1993). The FAC fails to state facts showing that Decedent suffered a "**serious and**

13  **obvious** medical condition requiring **immediate** care" during the time he was in custody. As stated

14  above, Defendants had no notice that Decedent was experiencing medical distress prior to being found

15  unresponsive at the 3:19 p.m. safety check, after which Defendants acted immediately. Accordingly, the

16  FAC fails to state a §845.6 claim against any Defendant.

17  **F.    The FAC Fails to State a § 52.1 Claim**

18  Plaintiffs must prove Defendants "commit[ed] the act in question with the particular purpose of

19  depriving the citizen victim of his enjoyment of the interests protected by that right[.]'" *Sandoval v. Cty.*

20  *of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018). As stated in Section A, the FAC fails to state a claim for

21  intentional indifference to medical needs and any state law claim sufficient under § 52.1. Additionally,

22  Plaintiffs' authorities are distinguishable because the defendants knew the plaintiff suffered from a

23  condition whose harm could be mitigated by a clearly defined treatment or act. *Skydecker v. Cty. of*

24  *Alameda*, 2024 WL 4584024 *1 (N.D. Cal. Oct. 24, 2024) (defendants knowingly failed to give inmate

25  with seizures bottom bunk to prevent injury from falling); *Laurel v. Cty. of Alameda*, 2025 WL 22402674

26  *1-2 (defendants failed to treat withdrawing plaintiff who had been vomiting for 48 hours). Accordingly,

27  the FAC fails to state a § 52.1 claim.

28

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
*Estate of Jesus Eric Magana v. County of Alameda, et al., Case No.: 3:24-cv-04716-JD*

**G.     The FAC Fails to State a Claim for Intentional Infliction of Emotional Distress**

Plaintiff must plead facts showing conduct also must be "motivated by ill will or a desire to harm" (*Corales v. Bennet,* 567 F.3d 554, 572 (9th Cir. 2009)), "intended to inflict injury or engaged in with the realization that injury will result." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 1001 (1993). Outrageous conduct refers to conduct that is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982). The FAC alleges no facts showing the individual defendants or the County's conduct was outrageous or "so extreme as to exceed all bounds…tolerated in a civilized community." *Id.* Accordingly the FAC fails to state a claim for Intentional Infliction of Emotional Distress against any Defendant.

**H.     Gov. C. § 820.8 Immunity**

Section 820.8 makes Sanchez immune for the acts of others under respondeat superior. Accordingly, state law claims asserted against Sanchez for the conduct of others under a respondeat superior theory should be dismissed. As stated above, FAC fails to allege facts sufficient to state a claim against Sanchez. Accordingly, Sanchez is immune from liability for the acts of others.

### III.     CONCLUSION

For the reasons set forth in the moving papers and above, Defendants' motion to dismiss Plaintiffs' First Amended Complaint should be granted.

Dated:  August 29, 2025                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL


                                          By:   */s/ John K. Salcedo*
                                                Richard W. Osman
                                                John K. Salcedo
                                                Attorneys for Defendants COUNTY OF
                                                ALAMEDA, ALAMEDA COUNTY SHERIFF'S
                                                OFFICE, YESENIA SANCHEZ, ERIK BAKER,
                                                ZACHARY TSANG-LEE, & PETER CANDELARIO