Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
2748 Adeline Street, Suite A
Berkeley, California 94703
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
E-Mail: yhuang.law@gmail.com

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com
paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF JESUS ERIC MAGANA,
J. JESUS MAGANA DUARTE,
and VERONICA DUARTE VACA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESTATE OF JESUS ERIC MAGANA, J. JESUS MAGANA DUARTE, and VERONICA DUARTE BACA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANG-LEE, PETER CANDELARIO, CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC & WELLPATH MANAGEMENT, INC., also known as LIQUIDATING TRUST, a nominal party, RAJENDRA MAHAJAN, SUMEET CHAGGER, HARKAMALJIT HUNDAL, and DOE 1 to 20,<br><br>Defendants. | Case No. 3:24-cv-04716-JD<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT [ECF NO. 83]**<br><br>Date: June 4, 2026<br>Time: 10:00 a.m.<br>Location: Phillip Burton U.S. Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102<br>Courtroom: 11 (19th Floor)<br>District Judge: Hon. James Donato |

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. STATEMENT OF RELEVANT FACTS AND PROCEEDINGS .......... 1

III. ARGUMENT .......... 1

A. DELIBERATE INDIFFERENCE (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983) .......... 1

1. Erik Baker (Individual Liability) .......... 1

2. Zachary Tsang-Lee & Peter Candelario (Individual Liability) .......... 2

3. County of Almeda & Alameda County Sheriff's Office (Municipal Liability) .......... 4

4. Yesenia Sanchez (Supervisory Liability) .......... 9

B. TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101, *ET SEQ*.) § 504 OF THE REHABILITATION ACT (29 U.S.C. § 701, *ET SEQ*.) .......... 10

C. FAMILIAL ASSOCIATION (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983) .......... 11

D. CALIFORNIA GOVERNMENT CLAIMS ACT (CAL. GOV. CODE § 810, *ET SEQ*.) .......... 11

E. FAILURE TO SUMMON MEDICAL CARE (CAL. GOV. CODE § 845.6) .......... 13

F. TOM BANE CIVIL RIGHTS ACT (CAL. CIV. CODE § 52.1) .......... 13

G. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS .......... 14

H. WRONGFUL DEATH (CAL. CODE CIV. PROC. § 377.60) .......... 15

I. IMMUNITY UNDER CALIFORNIA GOVERNMENT CODE § 820.8 .......... 15

IV. CONCLUSION .......... 15


* * *

# TABLE OF AUTHORITIES

## Cases


*A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195 (9th Cir. 2016) .......... 10

*Adams v. City of Redding*, 2022 U.S. Dist. LEXIS 208077 (E.D. Cal. Nov. 15, 2022) .......... 7

*Barnett v. County of Los Angeles*, 2021 U.S. Dist. LEXIS 40959 (C.D. Cal. Mar. 4, 2021) .......... 13

*Barry v. County of Riverside*, 2022 U.S. Dist. LEXIS 28409 (C.D. Cal. Jan. 27, 2022) .......... 5

*BBL, Inc. v. City of Angola*, 809 F.3d 317 (7th Cir. 2015) .......... 4

*Bell v. Williams*, 108 F.4th 809 (9th Cir. 2024) .......... 10

*Boarman v. County of Sacramento*, 2013 U.S. Dist. LEXIS 46326 (E.D. Cal. Mar. 29, 2013)....................7

*Bock v. County of Sutter*, 2012 U.S. Dist. LEXIS 124699 (E.D. Cal. Aug. 30, 2012)..............................13

*Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585 (8th Cir. 2009)..........................................................4

*Bradley v. County of Sonoma*, 2020 U.S. Dist. LEXIS 50067 (N.D. Cal. Mar. 23, 2020)........................12

*Burke v. Regalado*, 935 F.3d 960 (10th Cir. 2019)..................................................................9

*Chaidez v. Alameda County*, 2023 U.S. Dist. LEXIS 178368 (N.D. Cal. Oct. 3, 2023)......................7, 8, 9

*Chavez v. Carpenter*, 91 Cal. App. 4th 1433 (Cal. Ct. App. 2001)..........................................15

*Cravotta v. County of Sacramento*, 717 F. Supp. 3d 941 (E.D. Cal. 2024)...............................15

*Cravotta v. State of California*, 2025 Cal. App. Unpub. LEXIS 4558 (Cal. Ct. App. July 23, 2025) .......12

*D'Braunstein v. Diaz-Durazo*, 131 F.4th 764 (9th Cir. 2025)...........................................2

*Dorger v. City of Napa*, 2012 U.S. Dist. LEXIS 124551 (N.D. Cal. Aug. 31, 2012)..................................8

*Essex v. County of Imperial*, 2025 U.S. Dist. LEXIS 28789 (S.D. Cal. Feb. 18, 2025)...............................7

*Estate of Arroyo v. County of San Diego*, 2024 U.S. Dist. LEXIS 200333 (S.D. Cal. Nov. 4, 2024)..........4

*Estate of Bartolacci v. County of San Diego*, 2026 U.S. Dist. LEXIS 27623 (S.D. Cal. Feb. 10, 2026) .2, 4

*Estate of Claypole v. County of San Mateo*, 2014 U.S. Dist. LEXIS 144209 (N.D. Cal. Oct. 9, 2014) ....13

*Estate of Hill v. NaphCare, Inc.*, 2025 U.S. App. LEXIS 13773 (9th Cir. June 5, 2025) ...................5, 6, 9

*Estate of Jackson v. City of Modesto*, 2022 U.S. Dist. LEXIS 137906 (E.D. Cal. Aug. 3, 2022).............10

*Estate of Johnson v. County of Sacramento*, 2024 U.S. Dist. LEXIS 13494 (E.D. Cal. Jan. 24, 2024).7, 10

*Estate of Miller v. County of Sutter*, 2020 U.S. Dist. LEXIS 204517 (E.D. Cal. Oct. 30, 2020)................8

*Estate of Miller v. County of Sutter*, 2022 U.S. Dist. LEXIS 29273 (E.D. Cal. Feb. 16, 2022)...................7

*Estate of Neil v. County of Colusa*, 2022 U.S. Dist. LEXIS 167659 (E.D. Cal. Sep. 14, 2022) ................11

*Estate of Roman v. City of Newark*, 914 F.3d 789 (3d Cir. 2019)...............................................5

*Estate of Sanchez v. County of Stanislaus*, 2023 U.S. Dist. LEXIS 203673 (E.D. Cal. Nov. 14, 2023)....14

*Estate of Settles v. County of San Diego*, 2025 U.S. Dist. LEXIS 214483 (S.D. Cal. Oct. 30, 2025)........11

*Estate of Silva v. City of San Diego*, 2020 U.S. Dist. LEXIS 221679 (S.D. Cal. Nov. 25, 2020)..........2, 10

*Estate of Temple v. Placer County Sheriff's Office*, 2025 U.S. Dist. LEXIS 59037 (E.D. Cal. Mar. 27, 2025) 4, 6, 7

*Estate of Van Tine v. County of San Diego*, 2026 U.S. Dist. LEXIS 60991 (S.D. Cal. Mar. 23, 2026).....11

*Estate of Verdugo v. City of El Centro*, 2022 U.S. Dist. LEXIS 199050 (S.D. Cal. Nov. 1, 2022) .............4

*Fogleman v. County of Los Angeles*, 2012 U.S. Dist. LEXIS 199922 (C.D. Cal. July 25, 2012)................5

*Franklin v. Midwest Recovery Sys.*, 2020 U.S. Dist. LEXIS 107749 (C.D. Cal. Mar. 9, 2020) .................4

*Frary v. County of Marin*, 81 F. Supp. 3d 811 (N.D. Cal. 2015) ........................................................4, 13

*Galley v. County of Sacramento*, 2023 U.S. Dist. LEXIS 120541 (E.D. Cal. July 13, 2023)...................11

*Gordon v. County of Orange*, 6 F.4th 961 (9th Cir. 2021) ..........................................................3, 7

*Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018) ....................................................................2

*Greer v. County of San Diego*, 2023 U.S. Dist. LEXIS 34460 (S.D. Cal. Mar. 1, 2023)............................7

*Holmes v. County of Orange*, 2016 U.S. Dist. LEXIS 204433 (C.D. Cal. Dec. 14, 2016) ..........................5

*Horton v. City of Santa Maria*, 915 F.3d 592 (9th Cir. 2019) ..................................................................13

*Hyer v. City & County of Honolulu*, 118 F.4th 1044 (9th Cir. 2024) .......................................................10

*Johnson v. Baca*, 2014 U.S. Dist. LEXIS 196976 (C.D. Cal. Mar. 3, 2014)............................................15

*Johnson v. Duffy*, 588 F.2d 740 (9th Cir. 1978) ..........................................................................................9

*Johnson v. Shasta County*, 83 F. Supp. 3d 918 (E.D. Cal. 2015) ..............................................................6

*Khatib v. County of Orange*, 2008 U.S. Dist. LEXIS 24530 (C.D. Cal. Mar. 26, 2008) ..........................15

*Kim v. City of Belmont*, 2018 U.S. Dist. LEXIS 9946 (N.D. Cal. Jan. 22, 2018).....................................12

*Kirkpatrick v. County of Washoe*, 843 F.3d 784 (9th Cir. 2016).................................................................9

*L.F. v. City of Stockton*, 2020 U.S. Dist. LEXIS 126486 (E.D. Cal. July 17, 2020) ................................14

*Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) ..................................................9, 10

*Laurel v. County of Alameda*, 2025 U.S. Dist. LEXIS 161155 (N.D. Cal. Aug. 19, 2025) .....7, 8, 9, 11, 14

*Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062 (9th Cir. 2013)..........................................2, 5, 14

*Long v. County of Los Angeles*, 442 F.3d 1178 (9th Cir. 2006) ................................................................9

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)..........................................................................................15

*Lucero v. Arce*, 2025 U.S. Dist. LEXIS 73706 (N.D. Cal. Apr. 17, 2025)...............................................14

*Luttrell v. Hart*, 2020 U.S. Dist. LEXIS 173856 (N.D. Cal. Sep. 22, 2020) .............................................14

*M.H. v. County of Alameda*, 90 F.Supp.3d 889 (N.D. Cal. 2013) ............................................................14

*Martinez v. County of Sonoma*, 2016 U.S. Dist. LEXIS 233 (N.D. Cal. Jan. 4, 2016) .............................13

*Martinez v. GEO Grp., Inc.*, 2019 U.S. Dist. LEXIS 143217 (C.D. Cal. Apr. 30, 2019) .........................14

*Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890 (N.D. Cal. 2013).........................................6

*McNeil v. Corr. Med. Care, Inc.*, 2019 U.S. Dist. LEXIS 157466 (N.D.N.Y. Sep. 16, 2019)....................5

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157 (C.D. Cal. 2010) ............................4

*Mollica v. County of Sacramento*, 2023 U.S. Dist. LEXIS 85698 (E.D. Cal. May 15, 2023) .........5, 14, 15

*Mullins v. County of Fresno*, 2021 U.S. Dist. LEXIS 220432 (E.D. Cal. Nov. 15, 2021) ..........................4

*Munoz v. Cal. Dep't of Corr. & Rehab.*, 2022 U.S. Dist. LEXIS 11036 (E.D. Cal. Jan. 20, 2022)..........11

*Nash-Perry v. City of Bakersfield*, 2021 U.S. Dist. LEXIS 165273 (E.D. Cal. Aug. 31, 2021)................15

*Nehad v. Browder*, 929 F.3d 1125 (9th Cir. 2019) ..........................................................................10

*Nyarecha v. County of Los Angeles*, 2024 U.S. App. LEXIS 26252 (9th Cir. Oct. 17, 2024) .....................6

*O'Dell v. Mims*, 2020 U.S. Dist. LEXIS 108044 (E.D. Cal. June 18, 2020)...........................................14

*Ochoa v. City of San Jose*, 2021 U.S. Dist. LEXIS 226380 (N.D. Cal. Nov. 17, 2021) ..........................6, 7

*OSU Student All. v. Ray*, 699 F.3d 1053 (9th Cir. 2012) ..........................................................................9

*Parenti v. County of Monterey*, 2018 U.S. Dist. LEXIS 59352 (N.D. Cal. Apr. 6, 2018) ........................13

*Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699 (Cal. 1989)....................................................................13

*Ramirez v. County of Los Angeles*, 2012 U.S. Dist. LEXIS 92418 (C.D. Cal. July 3, 2012)....................15

*Redman v. County of San Diego*, 942 F.2d 1435 (9th Cir. 1991) ..............................................................9

*Regal v. County of Santa Clara*, 2025 U.S. Dist. LEXIS 103571 (N.D. Cal. May 31, 2025).....................5

*Rodriguez v. County of Los Angeles*, 891 F.3d 776 (9th Cir. 2018) ...................................................10, 15

*Russell v. Lumitap*, 31 F.4th 729 (9th Cir. 2022)............................................................................2, 5

*S.P. v. County of San Bernardino*, 2020 U.S. Dist. LEXIS 102022 (C.D. Cal. Mar. 24, 2020)..................8

*Sakamoto v. County of Los Angeles*, 800 F. App'x 487 (9th Cir. 2020)...............................................11

*Sauls v. County of LaSalle*, 2023 U.S. Dist. LEXIS 131970 (N.D. Ill. July 31, 2023) ...............................8

*Saxton v. County of Sonoma*, 2025 U.S. Dist. LEXIS 115828 (N.D. Cal. June 17, 2025)........................11

*Schomer v. Narvaiza*, 2026 U.S. Dist. LEXIS 71176 (D. Nev. Mar. 31, 2026) .............................3, 11, 14

*Sheehan v. City & County of San Francisco*, 743 F.3d 1211 (9th Cir. 2014) ..........................................10

*Shibley v. County of San Bernardino*, 2022 U.S. Dist. LEXIS 103615 (C.D. Cal. Apr. 5, 2022)................8

*Simms v. Bear Valley Cmty. Healthcare Dist.*, 80 Cal. App. 5th 391 (Cal. Ct. App. 2022).......................13

*Singleton v. Clark County*, 2025 U.S. Dist. LEXIS 18052 (W.D. Wash. Jan. 31, 2025) ............................8

*Skydecker v. County of Alameda*, 2024 U.S. Dist. LEXIS 193781 (N.D. Cal. Oct. 24, 2024)...................14

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ....................9

*Steel v. Alameda County Sheriff's Office*, 428 F. Supp. 3d 235 (N.D. Cal. 2019) ....................1, 5

*Stoetling v. County of Orange*, 2020 U.S. Dist. LEXIS 247116 (C.D. Cal. Sep. 23, 2020)....................11

*Stucker v. Louisville Metro Gov't*, 2024 U.S. App. LEXIS 11731 (6th Cir. May 13, 2024)....................5

*Tapia v. NaphCare Inc.*, 2025 U.S. Dist. LEXIS 152555 (W.D. Wash. Aug. 7, 2025) ....................9

*Tapia v. Naphcare Inc.*, 2025 U.S. Dist. LEXIS 7277 (W.D. Wash. Jan. 14, 2025)....................6

*Tater v. City of Huntington Beach*, 2021 U.S. Dist. LEXIS 181601 (C.D. Cal. Mar. 25, 2021)..........11, 12

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ....................4

*Thomas v. Clark County*, 2026 U.S. Dist. LEXIS 68547 (D. Nev. Mar. 31, 2026) ....................6, 8

*Totton v. City of Sacramento*, 2022 U.S. Dist. LEXIS 171561 (E.D. Cal. Sep. 21, 2022)....................5

*Trujillo v. County of Los Angeles*, 2019 U.S. Dist. LEXIS 212065 (C.D. Cal. Jan. 22, 2019) ....................14

*Turano v. County of Alameda*, 2019 U.S. Dist. LEXIS 21123 (N.D. Cal. Feb. 8, 2019) ....................15

*Updike v. Multnomah County*, 870 F.3d 939 (9th Cir. 2017) ....................10

*Vega v. County of Yolo*, 2012 U.S. Dist. LEXIS 49733 (E.D. Cal. Apr. 6, 2012)....................6

*Villarreal v. County of Monterey*, 254 F. Supp. 3d 1168 (N.D. Cal. 2017)....................13

*Washington v. County of San Diego*, 2006 U.S. Dist. LEXIS 104209 (S.D. Cal. Sep. 8, 2006)....................13

*Woods v. August*, 2019 U.S. Dist. LEXIS 228300 (N.D. Cal. Mar. 14, 2019)....................12

*Yela Fiduciary Servs., LLC v. Benton County*, 2023 U.S. Dist. LEXIS 132060 (D. Or. Apr. 12, 2023) .....4

## STATUTES

Cal. Gov. Code § 910.4....................12

Cal. Gov. Code § 911....................12

## REGULATIONS

Cal. Code Regs. tit. 15 § 1027.5(a)....................3

# I. INTRODUCTION

Plaintiffs oppose County Defendants' motion to dismiss, ECF No. 83.

# II. STATEMENT OF RELEVANT FACTS AND PROCEEDINGS

Generally, this action arises from the April 27, 2023, in-custody death of 26-year-old pre-trial detainee Jesus Eric Magana at the Santa Rita Jail. On August 2, 2024, the Complaint was filed initiating this action. ECF No. 1. On February 19, 2026, the Estate of Jesus Eric Magana, J. Jesus Magana Duarte, and Veronica Duarte Baca (collectively, "Plaintiffs") filed the currently-operative Second Amended Complaint against the County of Alameda, Alameda County Sheriff's Office, Yesenia Sanchez, Erik Baker, Zachary Tsang-Lee, and Peter Candelario (collectively, "County Defendants") and the California Forensic Medical Group, Inc., Wellpath LLC/Wellpath Management, Inc. (also known as Liquidating Trust), Rajendra Mahajan, Sumeet Chagger, and Harkamaljit Hundal (collectively, "Wellpath Defendants"). ECF No. 78 ("2AC"). On April 30, 2026, County Defendants filed the instant motion to dismiss. ECF No. 83 ("Motion").[1]

# III. ARGUMENT

The standard applicable to a Rule 12(b)(6) motion to dismiss is well-known to the Court and is not restated here. *Steel v. Alameda County Sheriff's Office*, 428 F. Supp. 3d 235, 240 (N.D. Cal. 2019).

## A. DELIBERATE INDIFFERENCE (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)

### 1. Erik Baker (Individual Liability)

County Defendants argue that Baker's "conduct was [not] 'objectively unreasonable'" because Baker "removed [Magana] from his cell and transferred him to the OPHU for medical treatment upon observing he was vomiting." Motion at 11. But Plaintiffs allege that, "[o]n April 27, 2023, around 10:12 a.m., [Baker], a deputy sheriff, was serving lunch to inmates in the area of the jail in which [Magana] was housed. [Baker] was informed by an inmate that [Magana] was 'projectile vomiting' inside of his cell. [Baker] approached [Magana]'s cell. [Baker] observed that the 'cell floor was covered in a wet substance and it appeared to be vomit' and that [Magana] wore 'no shoes on his feet and the bottom of his pants were wet.' [Baker] asked [Magana] if he was 'ok and if he was feeling well.' [Magana] 'shook

[1] All references to filed documents include the page number provided at the top of the document via the CM/ECF court docketing system, rather than the page number provided at the bottom of the document.

his head side to side in a 'no' gesture.' [Baker] and asked [Magana] 'if he had been throwing up.' [Magana] responded by 'nodding his head [']yes.[']' [Baker] told [Magana] that he 'would contact a nurse to check on him. [Baker] failed to contact a nurse to check on [Magana]'s condition. At around 10:35 a.m., [Baker] observed [Magana] 'projectile vomiting' inside of his cell. [Baker] again told [Magana] that he 'would contact a nurse. [Baker] again failed to contact a nurse to check on [Magana]'s condition." 2AC ¶¶ 56–67. "[O]fficers must seek to provide an injured detainee or arrestee with objectively reasonable medical care in the face of medical necessity creating a substantial and obvious risk of serious harm, including by summoning medical assistance." *D'Braunstein v. Diaz-Durazo*, 131 F.4th 764, 771 (9th Cir. 2025). "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment…" *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081 (9th Cir. 2013) (citation & alteration omitted). Here, Plaintiffs allege two occasions "[Baker] fail[ed] to notify and summon medical staff to determine whether [Magana]'s presentation indicated the need for medical treatment." 2AC ¶¶ 62, 65. *See*, *e.g.*, *Estate of Bartolacci v. County of San Diego*, 2026 U.S. Dist. LEXIS 27623, at *57 (S.D. Cal. Feb. 10, 2026) ("Defendants did not take reasonable steps to mitigate this risk by notifying someone about [decedent]'s medical distress or intervening to provide care"); *Estate of Silva v. City of San Diego*, 2020 U.S. Dist. LEXIS 221679, at *29–30 (S.D. Cal. Nov. 25, 2020) ("a reasonable Sheriff's deputy would have obtained medical and psychiatric evaluation and/or care for Decedent to prevent the reasonably foreseeable consequence of his decompensation").

**2. Zachary Tsang-Lee & Peter Candelario (Individual Liability)**

County Defendants argue that Tsang-Lee and Candelario's "conduct was [not] 'objectively unreasonable'" because they did not "kn[o]w [Magana] was in acute medical distress…" Motion at 11. But "[a] defendant can be liable even if he did not actually draw the inference that the plaintiff was at a substantial risk of suffering serious harm, so long as a reasonable official in his circumstances would have drawn that inference." *Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022); *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). Nonetheless, Plaintiffs allege that, "[a]t about 11:05 a.m., [Tsang-Lee] and [Candelario], deputy sheriffs assigned to the OPHU, [and others], transported [Magana] to the OPHU and confined him in a medical observation cell, OPHU-WEST-11. [Magana] was 'placed on the bed face down' in the cell and the restraints were removed from his arms, waist, and legs.

At about 11:09 a.m., … [Tsang-Lee] and [Candelario] attempted to speak with [Magana]. [Magana] did not respond. After he was transferred to the OPHU, [Magana]'s condition continued to deteriorate and he was experiencing medical distress including loss of consciousness. [Tsang-Lee], [Candelario], [and others] were responsible for monitoring and supervising [Magana] including his observed medical condition. [Tsang-Lee], [Candelario], [and others] failed to observe and detect [Magana]'s immediate medical needs, including loss of consciousness." 2AC ¶¶ 110–116. "Around 11:12 a.m.," "11:38 a.m.," "12:05 p.m.," "12:30 p.m.," "1:07 p.m.," and "1:37 p.m., [Tsang-Lee] reported conducting a 'Well-Being Check Inmate and Cell' on [Magana] in his cell which lasted no more than seconds. [Tsang-Lee] failed to conduct a safety check sufficient to determine that [Magana]'s presentation indicated the need for medical treatment." *Id.* ¶¶ 122–128. "Around 2:10 p.m., [Tsang-Lee] observed [Magana] unresponsive and unconscious in his cell. [Tsang-Lee] did not call for an emergency medical response. . . . [Candelario] kicked the cell door three times in attempt to elicit a response from [Magana]. [Magana] remained unresponsive and unconscious. . . . [Tsang-Lee] watched [Magana] for about 25 seconds without any response. [Candelario] said, 'You don't see them?' [Tsang-Lee] said, 'No.' [Candelario] looked into the cell, kicked the cell door three more times, and observed that [Magana] remained unresponsive and unconscious. [Candelario] watched [Magana] for about one minute and 30 seconds without any response. . . . [Tsang-Lee] and [Candelario] walked away from the cell. [Magana] was in medical distress, including from the acute effects of PPD/water intoxication, and required immediate medical attention. [Tsang-Lee] and [Candelario] ignored [Magana] and made no further efforts to observe his medical distress." *Id.* ¶¶ 128–133.

"[P]re-trial detainees [] have a right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021); *see also* Cal. Code Regs. tit. 15 § 1027.5(a). Here, Plaintiffs allege "[Tsang-Lee] and [Candelario]'s fail[ed] to conduct a safety check sufficient to determine that [Magana]'s presentation indicated the need for medical treatment," when "[Magana] was in medical distress from the acute effects of PPD/water intoxication including loss of consciousness" and "required immediate medical attention." 2AC ¶¶ 110–137. *See, e.g.*, *Schomer v. Narvaiza*, 2026 U.S. Dist. LEXIS 71176, at *35 (D. Nev. Mar. 31, 2026) ("[Deputies] saw that [decedent] was lying on the floor in an unnatural position, not

responding verbally, and apparently could not get up from the ground."); *Estate of Bartolacci*, 2026 U.S. Dist. LEXIS 27623, at *55–58 ("'flyby checks'—merely glancing into cells without checking on the occupants' welfare" insufficient); *Estate of Arroyo v. County of San Diego*, 2024 U.S. Dist. LEXIS 200333, at *28 (S.D. Cal. Nov. 4, 2024) ("[official] could see [decedent] lying on the ground" but "did not take action"); *Yela Fiduciary Servs., LLC v. Benton County*, 2023 U.S. Dist. LEXIS 132060, at *38 (D. Or. Apr. 12, 2023) ("[deputies] failed to check [decedent] for signs of life despite their knowledge of [her] prior symptoms"); *Frary v. County of Marin*, 81 F. Supp. 3d 811, 829–30 (N.D. Cal. 2015) ("[deputy] yelled and knocked hard on [decedent]'s door but received no response from him").

**3. County of Almeda & Alameda County Sheriff's Office (Municipal Liability)**

County Defendants argue that some (but not all) of Plaintiffs' "Policy / Custom" allegations, *see* 2AC ¶¶ 169–187, are insufficient. Motion at 13. But it is not proper to "deconstruct[] and dismiss[] [municipal liability theories] piecemeal based on the form of proof—or more specifically, the types of allegations—offered to show 'policy or custom.'" *Mullins v. County of Fresno*, 2021 U.S. Dist. LEXIS 220432, at *15, *18 (E.D. Cal. Nov. 15, 2021). Rather, "courts must consider the complaint in its entirety," including "*all* of the facts alleged, taken collectively," as opposed to "any individual allegation, scrutinized in isolation." *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("not parsed piece by piece"); *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1162–63 (C.D. Cal. 2010). Indeed, "Federal Rule of Civil Procedure 12(b)(6) does not provide a mechanism for dismissing only a portion of a claim." *Franklin v. Midwest Recovery Sys.*, 2020 U.S. Dist. LEXIS 107749, at *3–4 (C.D. Cal. Mar. 9, 2020) (collecting cases); *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). Thus, when plaintiffs allege liability based on multiple theories but defendants "challenge just [one] theory of liability," dismissal will be denied because "[defendants] may [not] attack portions of a single claim on a motion to dismiss." *Estate of Temple v. Placer County Sheriff's Office*, 2025 U.S. Dist. LEXIS 59037, at *38–39 (E.D. Cal. Mar. 27, 2025) (citation omitted); *see also Estate of Verdugo v. City of El Centro*, 2022 U.S. Dist. LEXIS 199050, at *15 (S.D. Cal. Nov. 1, 2022) ("a cause of action should not be dismissed if it states a claim under any legal theory, even if there are other theories alleged").

County Defendants only challenge *some* of Plaintiffs' allegations—*i.e.*, "Incidents of Inadequate

Medical Care," "grand jury reports," and "Wellpath's operations," *see* Motion at 13—but do not address others, including "Standards," 2AC ¶ 176(a)–(d); "*Babu* Litigation, Consent Decree, and Monitoring Reports," *id.* ¶¶ 148–151, 177–180; "DOJ Report," *id.* ¶ 182; and services contract, *id.* ¶¶ 28–47.

- Standards: "[D]eliberate indifference to [decedent]'s constitutional right to adequate medical care" may be inferred from "policies [which] deviated significantly from correctional healthcare standards." *See*, *e.g.*, *Estate of Hill v. NaphCare, Inc.*, 2025 U.S. App. LEXIS 13773, at *8–9 (9th Cir. June 5, 2025); *Russell*, 31 F.4th at 742 (non-compliance with national correctional healthcare standards "help[ed] to underscore" liability); *Lemire*, 726 F.3d at 1079 (officer's "fail[ure] to follow [] policies" could "result in a substantial risk of harm to inmates").

- *Babu* Consent Decree: A "[consent] decree fortifies [plaintiff]'s allegations of unlawful custom because it acknowledges a pattern or practice of conduct…" *See*, *e.g.*, *Estate of Roman v. City of Newark*, 914 F.3d 789, 799 (3d Cir. 2019) (internal citation omitted); *McNeil v. Corr. Med. Care, Inc.*, 2019 U.S. Dist. LEXIS 157466, at *33 (N.D.N.Y. Sep. 16, 2019); *Barry v. County of Riverside*, 2022 U.S. Dist. LEXIS 28409, at *10 (C.D. Cal. Jan. 27, 2022); *Mollica v. County of Sacramento*, 2023 U.S. Dist. LEXIS 85698, at *31–32 (E.D. Cal. May 15, 2023); *Regal v. County of Santa Clara*, 2025 U.S. Dist. LEXIS 103571, at *33–35 (N.D. Cal. May 31, 2025) ("relevant to the issue of notice").

- DOJ Investigations & Reports: "[DOJ reports] may be relevant to proving a policy or custom under a *Monell* claim…" *See*, *e.g.*, *Stucker v. Louisville Metro Gov't*, 2024 U.S. App. LEXIS 11731, at *36 (6th Cir. May 13, 2024); *Totton v. City of Sacramento*, 2022 U.S. Dist. LEXIS 171561, at *17–18 (E.D. Cal. Sep. 21, 2022) ( "put [municipality] on notice"); *Holmes v. County of Orange*, 2016 U.S. Dist. LEXIS 204433, at *12 (C.D. Cal. Dec. 14, 2016) ("Plaintiff has plausibly alleged (through the DOJ reports) … a pattern"); *Fogleman v. County of Los Angeles*, 2012 U.S. Dist. LEXIS 199922, at *19 (C.D. Cal. July 25, 2012) (DOJ MOU and report "bear directly on the supervisorial and *Monell* claims").

- Services Contract: Plaintiffs allege that the "fixed amount" structure of the County's contract with Wellpath incentivized low-quality and deficient inmate care. 2AC ¶¶ 32–47. *See Steel*, 428 F. Supp. 3d at 243 (contract created "a financial incentive and imperative for CFMG to refuse and withhold inpatient hospitalization services . . . . in order to reduce CFMG's costs under its contract").

- Single-Incident: Plaintiffs allege the jail staff's inadequate monitoring and response to

Magana's serious medical needs over the course of several hours. 2AC ¶¶ 52–147. *See*, *e.g.*, *Nyarecha v. County of Los Angeles*, 2024 U.S. App. LEXIS 26252, at *4 (9th Cir. Oct. 17, 2024) ("The fact that the constitutionally inadequate checks occurred in quick succession over a relatively short period of time [supports] *Monell* liability."); *Estate of Hill*, 2025 U.S. App. LEXIS 13773, at *10 n.4 ("*all the guards* passed by *all the inmates* on medical watch without performing an adequate safety check"); *Thomas v. Clark County*, 2026 U.S. Dist. LEXIS 68547, at *40 (D. Nev. Mar. 31, 2026) ("two instances happened to the same person within a relatively short time period"); *Tapia v. Naphcare Inc.*, 2025 U.S. Dist. LEXIS 7277, at *18–19 (W.D. Wash. Jan. 14, 2025) ("multiple instances of insufficient medical care provided to a single plaintiff can evidence a *Monell* custom"); *Vega v. County of Yolo*, 2012 U.S. Dist. LEXIS 49733, at *17–18 (E.D. Cal. Apr. 6, 2012) ("practice of refusing medical care that extended across shift lines and involved numerous officers").

Additionally, County Defendants' challenges to allegations addressed are similarly unavailing:

- Identified Policies & Customs: County Defendants argue that Plaintiffs allege a "list of conclusions without factual support." Motion at 13 (citing 2AC ¶¶ 174(a)–(f), 175(a)–(r)). But "some district courts have held that plaintiffs must [] identify the particular policy or custom that caused the constitutional violation…" *Estate of Temple*, 2025 U.S. Dist. LEXIS 59037, at *18; *see*, *e.g.*, *Mateos-Sandoval v. County of Sonoma*, 942 F. Supp. 2d 890, 900 (N.D. Cal. 2013); *Johnson v. Shasta County*, 83 F. Supp. 3d 918, 931 (E.D. Cal. 2015); *Adams v. City of Redding*, 2022 U.S. Dist. LEXIS 208077, at *8–9 (E.D. Cal. Nov. 15, 2022) ("Plaintiff has alleged specific policies"). Nonetheless, "[a]t the pleading stage, Plaintiff is unlikely to have details of how a police department trains its officers—these are the kinds of details that are likely to emerge during discovery." *Ochoa v. City of San Jose*, 2021 U.S. Dist. LEXIS 226380, at *23 (N.D. Cal. Nov. 17, 2021).

- Incidents of Inadequate Medical Care: County Defendants argue that Plaintiffs "cite[s] 28 instances of alleged 'Incidents of Inadequate Medical Care'" but those incidents are "irrelevant" because they do not "involve an incident where another inmate died because of excessive water consumption due to schizophrenia in Alameda County …" Motion at 13 (citing 2AC ¶ 183(a)–(bb)); *but see* 2AC ¶¶ 184(c) & (d) (inmates under Wellpath's care died from water intoxication); *see also Andrews v. Alameda County*, No. RG21106094 (Alameda Cnty. Super. Ct.) ($1,300,000 settlement for 2020 death of pre-trial

detainee Jonah Andrews who died of water intoxication at Santa Rita Jail). But municipal liability may result from "similar conduct or constitutional violations"—*not* similar injuries. *See Gordon*, 6 F.4th at 974. Thus, a defendant's demand for identical incidents with similar injuries is "too granular for the pleading stage," *Ochoa*, 2021 U.S. Dist. LEXIS 226380, at *17, where "the factual similarity requirement is not [so] rigorous…" *See*, *e.g.*, *Adams*, 2022 U.S. Dist. LEXIS 208077, at *11; *Boarman v. County of Sacramento*, 2013 U.S. Dist. LEXIS 46326, at *14 (E.D. Cal. Mar. 29, 2013); *Estate of Johnson v. County of Sacramento*, 2024 U.S. Dist. LEXIS 13494, at *15 (E.D. Cal. Jan. 24, 2024) ("Although the specific facts are distinguishable, … the same conduct contributed to the incident…"). "The precise level of similarity, and whether these previous incidents are all manifestations of the same policy or custom, and whether that policy or custom was the moving force behind the injury to decedent in this case, are factual issues to be determined following the discovery phase of this litigation." *See*, *e.g.*, *Estate of Temple*, 2025 U.S. Dist. LEXIS 59037, at *16 (internal citation omitted); *Ochoa*, 2021 U.S. Dist. LEXIS 226380, at *24. For example, allegations of "delays in care," "death from overdose," "withdrawal," or "assault by other inmates" at a jail can "all support the allegation that the same conduct contributed to the incident [at issue]: inadequate supervision, monitoring and observation within the jail," even if "the specific facts are distinguishable…" *See*, *e.g.*, *Estate of Johnson*, 2024 U.S. Dist. LEXIS 13494, at *15–16; *Essex v. County of Imperial*, 2025 U.S. Dist. LEXIS 28789, at *17–18 (S.D. Cal. Feb. 18, 2025) ("prior jail deaths"); *Greer v. County of San Diego*, 2023 U.S. Dist. LEXIS 34460, at *37–38 (S.D. Cal. Mar. 1, 2023) ("same failures … harmed numerous prior inmates"); *Estate of Miller v. County of Sutter*, 2022 U.S. Dist. LEXIS 29273, at *12 (E.D. Cal. Feb. 16, 2022) ("a similar series of constitutional violations"). Specifically, "Santa Rita has a long history of in-custody deaths" and a "pattern of highly troubling alleged incidents…" *See*, *e.g.*, *Laurel v. County of Alameda*, 2025 U.S. Dist. LEXIS 161155, at *19–22 (N.D. Cal. Aug. 19, 2025); *Chaidez v. Alameda County*, 2023 U.S. Dist. LEXIS 178368, at *18 (N.D. Cal. Oct. 3, 2023) (other incidents of "insufficient medical treatment").

- <u>Grand Jury Reports</u>: County Defendants argue that the "multiple grand jury reports … are factually dissimilar, and do not involve deaths by acute water intoxication or similar conduct." Motion at 13 (citing 2AC ¶¶ 33, 34, 181). But "Plaintiffs are free to rely on allegations of past grand jury reports provided to the County to establish certain elements of a *Monell* claim for deliberate indifference." *See*,

*e.g.*, *S.P. v. County of San Bernardino*, 2020 U.S. Dist. LEXIS 102022, at *14 (C.D. Cal. Mar. 24, 2020); *Dorger v. City of Napa*, 2012 U.S. Dist. LEXIS 124551, at *16 (N.D. Cal. Aug. 31, 2012); *Shibley v. County of San Bernardino*, 2022 U.S. Dist. LEXIS 103615, at *4 (C.D. Cal. Apr. 5, 2022) ("systemic problems" could "support the conclusion … the County had an official policy"). Specifically, the "Grand Jury investigation f[inding] that [Sheriff's Office]'s oversight of Wellpath's operational activities 'is insufficient to ensure that health care is being delivered in a timely manner with high quality'" supports the County's "actual or constructive notice" of a particular omission. *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *21.

- Wellpath/CFMG: County Defendants argue that "Wellpath's operations in other jurisdictions" "cannot be imputed to the County or constitute County policy" because "[n]one of the incidents … occurred in, or involved Alameda County…" Motion at 13 (citing 2AC ¶ 184(a)–(z)). But "[t]his argument is unpersuasive." *Singleton v. Clark County*, 2025 U.S. Dist. LEXIS 18052, at *54 (W.D. Wash. Jan. 31, 2025). "[A] local government's constitutional duty to provide adequate medical care is non-delegable and the government remains liable for the policies and practices for its contractor." *See*, *e.g.*, *Thomas*, 2026 U.S. Dist. LEXIS 68547, at *34. Thus, "Alameda County can be held liable for constitutionally inadequate care rendered by [Wellpath personnel] under [a] *Monell* theory." *Chaidez*, 2023 U.S. Dist. LEXIS 178368, at *18–19; *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *19–20. Plaintiffs allege Wellpath's long history of deficient inmate care. 2AC ¶ 184(a)–(z). Because Wellpath has "operations across many states," liability may be supported by reference to incidents occurring *wherever* it operates—not merely the locale where the underlying action occurred. *See*, *e.g.*, *Singleton*, 2025 U.S. Dist. LEXIS 18052, at *54 n.4; *Estate of Miller v. County of Sutter*, 2020 U.S. Dist. LEXIS 204517, at *41 (E.D. Cal. Oct. 30, 2020); *Sauls v. County of LaSalle*, 2023 U.S. Dist. LEXIS 131970, at *12–13 (N.D. Ill. July 31, 2023) (citing incidents from outside locales to support liability); *see also Laurel*, 2025 U.S. Dist. LEXIS 161155, at *20 ("a pattern of unconstitutional acts committed by the [for-profit correctional healthcare] provider").

Further, County Defendants argue that "no facts are alleged showing a causal connection between a County custom or policy and any alleged violation." Motion at 13. But it is "a question of fact for the jury as to whether [] customs and practices had a 'direct causal link' to the deprivation of [constitutional]

rights." *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 797 (9th Cir. 2016); *see*, *e.g.*, *Long v. County of Los Angeles*, 442 F.3d 1178, 1190–91 (9th Cir. 2006); *Estate of Hill*, 2025 U.S. App. LEXIS 13773, at *9. Plaintiffs allege causation, 2AC ¶¶ 185–187, 193, including a "nexus between Alameda County's [policies and customs] and the resulting pattern of failure to provide adequate medical care …" *See*, *e.g.*, *Chaidez*, 2023 U.S. Dist. LEXIS 178368, at *19; *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *22; *Tapia v. NaphCare Inc.*, 2025 U.S. Dist. LEXIS 152555, at *48 (W.D. Wash. Aug. 7, 2025).

**4. Yesenia Sanchez (Supervisory Liability)**

County Defendants argue that Sanchez had no "personal involvement in or a sufficient causal connection [to] … any constitutional violation." Motion at 11. But the "inquiry does not end" because the "[sheriff] was not liable for any personal involvement in the deprivation of [plaintiff]'s constitutional right…" *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991). It is not necessary that a supervisor have "direct personal participation in the deprivation," *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978), or was "physically present when the injury occurred," *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011), because "[a] supervisor will rarely be directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury…" *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991). For example, if a sheriff "oversaw enforcement of [a] policy, although there was no allegation that he was involved in or aware of the policy's application against the plaintiff in particular," then, "[b]ecause the [s]heriff maintained the policy … , and because the unconstitutional [conduct against] the plaintiff … followed directly from the policy, the [s]heriff [i]s held liable" in his individual capacity. *OSU Student All. v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012) (citation omitted). Indeed, "under California law, the sheriff is required by statute to take charge of and keep the county jail and the prisoners in it, and is answerable for the prisoner's safekeeping." *Starr*, 652 F.3d at 1208 (internal citation & alteration omitted).

As discussed, Plaintiffs plausibly allege municipal liability. 2AC ¶¶ 169–187, 191. "A claim asserted against a [municipality] can serve as the basis for imposing both personal liability against the supervisor, and municipal liability [against the municipality,] if the supervisor is a municipal policymaker." *Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019) (citation omitted); *see also Laurel*, 2025 U.S. Dist. LEXIS 161155, at *20 ("because the sheriff—and by extension the county—had control

over the for-profit correctional healthcare provider and had notice of a pattern of unconstitutional acts committed by the provider, municipal liability for failure to supervise could be established"). For example, where a supervisor is "liable for his own culpable action or inaction in the training, supervision, or control of his subordinates," *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 799 (9th Cir. 2018) (internal citation omitted), theories of *Monell* and supervisory liability "overlap." *See*, *e.g.*, *Larez*, 946 F.2d at 645; *Nehad v. Browder*, 929 F.3d 1125, 1141–42 (9th Cir. 2019); *Estate of Jackson v. City of Modesto*, 2022 U.S. Dist. LEXIS 137906, at *27 (E.D. Cal. Aug. 3, 2022); *Estate of Johnson*, 2024 U.S. Dist. LEXIS 13494, at *9 ("consider[ing] … *Monell* liability and supervisory liability together").

### B. TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12101, *ET SEQ.*) § 504 OF THE REHABILITATION ACT (29 U.S.C. § 701, *ET SEQ.*)

County Defendants argue that "[Magana] was [not] denied any services because of a disability." Motion at 16. But "[d]iscrimination includes a failure to reasonably accommodate a person's disability." *See*, *e.g.*, *Sheehan v. City & County of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014); *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1206 (9th Cir. 2016); *Updike v. Multnomah County*, 870 F.3d 939, 951 (9th Cir. 2017); *Bell v. Williams*, 108 F.4th 809, 826–28 (9th Cir. 2024). "[T]he key question is whether the [public entity] discriminated against [plaintiff] by failing to provide a reasonable accommodation" and "the reasonableness of an accommodation is ordinarily a question of fact." *Hyer v. City & County of Honolulu*, 118 F.4th 1044, 1066 (9th Cir. 2024) (internal citation omitted). "Plaintiffs have raised a number of possible accommodations…" *Id.* 1066. Here, Plaintiffs allege that jail staff "failed reasonably to accommodate [Magana]'s disabilities and impairments, where a reasonable accommodation was available, including: (a) by monitoring, classifying, and housing [Magana] in a manner which he could receive necessary healthcare/medical services and treatment; (b) by providing [Magana] with necessary healthcare/medical services and treatment; and/or (c) by transferring [Magana] to an outside facility which could provide necessary healthcare/medical services and treatment…" 2AC ¶¶ 197, 203. Thus, "[f]or the same reasons" Plaintiffs "allege[] sufficient facts to state [deliberate indifference] § 1983 claims, it follows that [Plaintiffs] ha[ve] sufficiently pled that the County violated [Magana's] rights under the ADA and the Rehabilitation Act." *Estate of Silva*, 2020 U.S. Dist. LEXIS 221679, at *29–30, *70; *see*, *e.g.*, *Munoz v. Cal. Dep't of Corr. & Rehab.*, 2022 U.S. Dist.

LEXIS 11036, at *24 (E.D. Cal. Jan. 20, 2022); *Galley v. County of Sacramento*, 2023 U.S. Dist. LEXIS 120541, at *15–16 (E.D. Cal. July 13, 2023); *Estate of Settles v. County of San Diego*, 2025 U.S. Dist. LEXIS 214483, at *24–25 (S.D. Cal. Oct. 30, 2025); *Estate of Van Tine v. County of San Diego*, 2026 U.S. Dist. LEXIS 60991, at *27–28 (S.D. Cal. Mar. 23, 2026) ("County failed to provide reasonable accommodations by not placing [decedent] in monitored or psychiatric housing, or otherwise adjusting his classification and check intervals").

### C. FAMILIAL ASSOCIATION (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)

County Defendants argue that "[Duarte's] claim for interference with familial relations is predicated on [Magana]'s [deliberate indifference] claims and fails for the same reasons…" Motion at 16. But, as discussed, Plaintiffs plausibly allege deliberate indifference. 2AC ¶¶ 51–187. Thus, because Plaintiffs' "claims of loss of familial association parallel the deliberate indifference claims," both claims are sufficient. *See*, *e.g.*, *Schomer*, 2026 U.S. Dist. LEXIS 71176, at *69–70; *Saxton v. County of Sonoma*, 2025 U.S. Dist. LEXIS 115828, at *18 n.7 (N.D. Cal. June 17, 2025); *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *15–16 ("deliberate disregard for [decedent]'s escalating medical crisis").

### D. CALIFORNIA GOVERNMENT CLAIMS ACT (CAL. GOV. CODE § 810, *ET SEQ.*)

County Defendants argue that Duarte and Vaca's state law claims are "barred by their failure to comply with the claim presentation requirements of the Government Claims Act…" Motion at 17. But Plaintiffs allege that "[Duarte] and [Vaca] submitted a timely and substantially compliant government claim…" 2AC ¶ 4; *see also* ECF No. 84 at 4–8 (Plaintiffs' government claim).

<u>Claim Sufficiency</u>: *First*, County Defendants argue that the claim is insufficient because "[t]he [c]laim does not even mention or reference 'Duarte,' 'Vaca,' parent(s), father or mother anywhere in the Claim." Motion at 19. But Duarte and Vaca are identified as "Claimants" and "the family of Jesus Eric Magana." ECF No. 84 at 6. Additionally, Duarte and Vaca's personal claims and damages are identified separately from Magana's survival claims. *Id.* at 7 (distinguishing "Estate" claims from "Magana's survivors" claims). *See*, *e.g.*, *Sakamoto v. County of Los Angeles*, 800 F. App'x 487, 489–90 (9th Cir. 2020); *Estate of Neil v. County of Colusa*, 2022 U.S. Dist. LEXIS 167659, at *12 (E.D. Cal. Sep. 14, 2022); *Tater v. City of Huntington Beach*, 2021 U.S. Dist. LEXIS 181601, at *11–12 (C.D. Cal. Mar. 25, 2021); *Stoetling v. County of Orange*, 2020 U.S. Dist. LEXIS 247116, at *7 (C.D. Cal. Sep. 23, 2020);

*Bradley v. County of Sonoma*, 2020 U.S. Dist. LEXIS 50067, at *8 (N.D. Cal. Mar. 23, 2020); *Woods v. August*, 2019 U.S. Dist. LEXIS 228300, at *6 (N.D. Cal. Mar. 14, 2019); *Kim v. City of Belmont*, 2018 U.S. Dist. LEXIS 9946, at *28–29 (N.D. Cal. Jan. 22, 2018) (failure to identify specific claimant by name not necessary where claimant's individualized damages were identified).

*Second*, County Defendants argue that "the [c]laim states no facts showing Duarte or Vaca's relationship to [Magana] or 'circumstances' giving rise to any claim on Duarte or Vaca's personal behalf." Motion at 19. But the claim identifies Duarte and Vaca as Magana's "family," ECF No. 84 at 6, and "survivors" with personal claims including "Unwarranted Interference with Familial Association" and "Wrongful Death," *id.* at 7—and only a decedent's heirs can bring such claims.

*Third*, County Defendants argue that "the [c]laim states no amount claimed by Duarte or Vaca, or if claims by them would be a limited civil case." Motion at 19. But the claim provides: "Total Amount of Claim: $10,000,000.00" and "If filed in a Superior Court of California, the action would qualify for Unlimited Civil Case Jurisdiction, as the amount in controversy would exceed $25,000." ECF No. 84 at 4, 8. In any event, "[b]ecause [Plaintiffs] used the [County]'s claim form, the claim was deemed by statute to conform with sections 910 and 910.2." *Cravotta v. State of California*, 2025 Cal. App. Unpub. LEXIS 4558, at *15 (Cal. Ct. App. July 23, 2025) (citing Cal. Gov. Code § 910.4).

<u>Substantial Compliance</u>: The claim was at least substantially compliant because "courts have prohibited a party whose claims are 'separate and distinct,' not when the claims encompass those in the submitted claim or are derivative of the submitted claim." *Tater*, 2021 U.S. Dist. LEXIS 181601, at *12 (internal citations omitted). Duarte and Vaca's claims encompass and are derivative from the same facts giving rise to Magana's claims. *See* ECF No. 84 at 4–8.

<u>Waiver of Sufficiency Defense</u>: "Any defense as to the sufficiency of the claim based upon a defect or omission in the claim as presented is waived by failure to give notice of insufficiency with respect to the defect or omission as provided in Section 910.8…" Cal. Gov. Code § 911. Thus, even if Plaintiffs' claim is insufficient, because "the [County] and [Sheriff's Office] failed or refused to act on the government claim," 2AC ¶ 5, "[i]nasmuch as [County Defendants] failed to notify [P]laintiffs of the insufficiencies in their [claim] that rendered it defective to comply substantially with sections 910 and 910.2, [they] ha[ve] waived any defenses it may have otherwise asserted based on such insufficiencies."

*Phillips v. Desert Hosp. Dist.*, 49 Cal. 3d 699, 711 (Cal. 1989); *see*, *e.g.*, *Simms v. Bear Valley Cmty. Healthcare Dist.*, 80 Cal. App. 5th 391, 407 (Cal. Ct. App. 2022); *Martinez v. County of Sonoma*, 2016 U.S. Dist. LEXIS 233, at *12 (N.D. Cal. Jan. 4, 2016).

**E. FAILURE TO SUMMON MEDICAL CARE (CAL. GOV. CODE § 845.6)**

*First*, County Defendants argue that Plaintiffs do not allege Magana suffered a "serious and obvious medical condition requiring immediate care" or that jail staff "knew or had reason to know he needed immediate medical care and failed to reasonably summon such care." Motion at 17. But, as discussed, Plaintiffs plausibly allege deliberate indifference to Magana's serious medical needs, including by the jail staff who interacted with Magana. 2AC ¶¶ 51–147. Thus, jail staff had *either* "actual or constructive knowledge" of Magana's immediate medical need but did not summon medical care. *Horton v. City of Santa Maria*, 915 F.3d 592, 608 (9th Cir. 2019); *see*, *e.g.*, *Frary*, 81 F. Supp. 3d at 842–43; *Parenti v. County of Monterey*, 2018 U.S. Dist. LEXIS 59352, at *51–52 (N.D. Cal. Apr. 6, 2018); *Washington v. County of San Diego*, 2006 U.S. Dist. LEXIS 104209, at *55 (S.D. Cal. Sep. 8, 2006).

*Second*, County Defendants argue that "policies/customs" are "not an element or basis for liability under § 845.6." Motion at 17. But § 845.6 liability may be predicated on policies and customs, including based on "negligen[ce] in hiring, supervising, training, and retaining employees…" *Bock v. County of Sutter*, 2012 U.S. Dist. LEXIS 124699, at *49–51 (E.D. Cal. Aug. 30, 2012); *Estate of Claypole v. County of San Mateo*, 2014 U.S. Dist. LEXIS 144209, at *25 (N.D. Cal. Oct. 9, 2014). Additionally, supervisory liability is available because "officials may be liable for their employees' failure to summon medical care," including for "negligent supervision, training, hiring, and retention related to jail employees' actions, including jail employees' failure to summon medical care." *See*, *e.g.*, *Villarreal v. County of Monterey*, 254 F. Supp. 3d 1168, 1189 (N.D. Cal. 2017) (collecting cases); *Barnett v. County of Los Angeles*, 2021 U.S. Dist. LEXIS 40959, at *19–21 (C.D. Cal. Mar. 4, 2021). As discussed, Plaintiffs plausibly allege supervisory liability against Sanchez. 2AC ¶¶ 169–187, 215.

**F. TOM BANE CIVIL RIGHTS ACT (CAL. CIV. CODE § 52.1)**

*First*, County Defendants argue that Plaintiffs do not allege "specific intent" to "interfer[] with [Magana] or Duarte's rights…" Motion at 20–21. But, as discussed, Plaintiffs plausibly allege deliberate indifference. 2AC ¶¶ 51–147. Thus, alleging "deliberate indifference to [Magana's] medical needs

adequately states a claim for relief under the Bane Act." *See*, *e.g.*, *Skydecker v. County of Alameda*, 2024 U.S. Dist. LEXIS 193781, at *7 (N.D. Cal. Oct. 24, 2024) (quoting *M.H. v. County of Alameda*, 90 F.Supp.3d 889, 899 (N.D. Cal. 2013)); *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *22–23; *Luttrell v. Hart*, 2020 U.S. Dist. LEXIS 173856, at *15–16 (N.D. Cal. Sep. 22, 2020).

*Second*, County Defendants argue that Duarte cannot bring a personal Bane Act claim "based on [Magana]'s alleged wrongful death" because "[n]o facts are stated showing Defendants took any action as to Duarte or were even aware of him…" Motion at 21. But there is no requirement that a defendant be "aware" of a person harmed by his conduct. *See Estate of Sanchez v. County of Stanislaus*, 2023 U.S. Dist. LEXIS 203673, at *101 (E.D. Cal. Nov. 14, 2023) ("Court cannot discern why" "[parent]'s Bane Act claim based on her right to familial association must fail because she was not present at the time of the incident"); *see also Schomer*, 2026 U.S. Dist. LEXIS 71176, at *69 (familial association claim has "no requirement that plaintiffs show that defendants intended to harm them specifically"). Indeed, "[p]arents … may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their child … through official conduct." *Lemire*, 726 F.3d at 1075. Thus, because Plaintiffs plausibly allege deliberate indifference, they also plausibly allege a Bane Act claim. *See Estate of Sanchez*, 2023 U.S. Dist. LEXIS 203673, at *101; *L.F. v. City of Stockton*, 2020 U.S. Dist. LEXIS 126486, at *66–67 (E.D. Cal. July 17, 2020) ("Fourteenth Amendment [familial association] analysis" applicable to Bane Act claims).

### G. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

*First*, County Defendants argue that "County Defendants' conduct towards [Magana] was [not] sufficiently outrageous…" Motion at 21. But, as discussed, Plaintiffs plausibly allege deliberate indifference. 2AC ¶¶ 51–147. Deliberate indifference, including "delay[ing] or refus[ing] medical care," may constitute "outrageous" conduct. *See*, *e.g.*, *Trujillo v. County of Los Angeles*, 2019 U.S. Dist. LEXIS 212065, at *32–33 (C.D. Cal. Jan. 22, 2019); *Mollica*, 2023 U.S. Dist. LEXIS 85698, at *47; *O'Dell v. Mims*, 2020 U.S. Dist. LEXIS 108044, at *15–16 (E.D. Cal. June 18, 2020); *Lucero v. Arce*, 2025 U.S. Dist. LEXIS 73706, at *10 (N.D. Cal. Apr. 17, 2025); *Martinez v. GEO Grp., Inc.*, 2019 U.S. Dist. LEXIS 143217, at *12–13 (C.D. Cal. Apr. 30, 2019)

*Second*, County Defendants argue that Sanchez was not "aware of [Magana's] incident." Motion

at 21. But there is no "awareness" requirement. Rather, inadequate supervision resulting in constitutional violations may constitute "outrageous" conduct. *See*, *e.g.*, *Khatib v. County of Orange*, 2008 U.S. Dist. LEXIS 24530, at *33–34 (C.D. Cal. Mar. 26, 2008); *Mollica*, 2023 U.S. Dist. LEXIS 85698, at *45–47; *Ramirez v. County of Los Angeles*, 2012 U.S. Dist. LEXIS 92418, at *17 (C.D. Cal. July 3, 2012). As discussed, Plaintiffs plausibly allege Sanchez's deliberate indifference. 2AC ¶¶ 169–187.

### H. WRONGFUL DEATH (CAL. CODE CIV. PROC. § 377.60)

County Defendants argue—without support—that "Duarte [and] Vaca are [not] proper plaintiffs with standing to assert wrongful death claims…" Motion at 22. But Plaintiffs allege that Durate and Vaca "shared a natural parent-child relationship with [Magana]," "held out [Magana] as their own," and "are the biological parents of [Magana] and [Magana] died without issue, leaving [them] heirs and successors-in-interest." 2AC ¶ 258. "Under the laws of intestate succession, a decedent's parents become heirs where there is no surviving issue." *Chavez v. Carpenter*, 91 Cal. App. 4th 1433, 1440 (Cal. Ct. App. 2001); *see*, *e.g.*, *Nash-Perry v. City of Bakersfield*, 2021 U.S. Dist. LEXIS 165273, at *32 (E.D. Cal. Aug. 31, 2021) ("[decedent's parents] have standing to act as the heirs of the decedent, whether [or not] they were dependent upon the decedent").

### I. IMMUNITY UNDER CALIFORNIA GOVERNMENT CODE § 820.8

County Defendants argue that California Government Code § 820.8 immunizes "Sanchez and all individual Defendants" from "unlawful conduct of CFMG employees or anyone else…" Motion at 22. But Plaintiffs do not allege vicarious liability against any individual. 2AC ¶¶ 216, 238, 245, 253, 261. Thus, "§ 820.8 is inapplicable because … [Plaintiffs] do not rely on vicarious liability, but, rather, rely on [Defendants'] culpable action or inaction that proximately caused [] injuries." *Rodriguez*, 891 F.3d at 799; *e.g.*, *Johnson v. Baca*, 2014 U.S. Dist. LEXIS 196976, at *47–48 (C.D. Cal. Mar. 3, 2014); *Cravotta v. County of Sacramento*, 717 F. Supp. 3d 941, 962 (E.D. Cal. 2024); *Turano v. County of Alameda*, 2019 U.S. Dist. LEXIS 21123, at *9–11 (N.D. Cal. Feb. 8, 2019) ("§ 820.8 immunity does not apply").

## IV. <u>CONCLUSION</u>

Therefore, County Defendants' motion to dismiss, ECF No. 83, should be denied. If granted in any respect, the Court "should grant leave to amend …, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Dated: May 14, 2026

Respectfully Submitted,

By: ________________________________

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF JESUS ERIC MAGANA,
J. JESUS MAGANA DUARTE,
and VERONICA DUARTE VACA