Lindsey M. Romano (SBN: 337600)
Kendra N. Stark (SBN: 363663)
Bailey M. Frank (*Pro Hac Vice*)
Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054
Email: lromano@grsm.com
kstark@grsm.com
bfrank@grsm.com

***Attorneys for Defendants***
***CALIFORNIA FORENSIC MEDICAL GROUP, INC., RAJENDRA MAHAJAN, SUMEET CHAGGER, and HARKAMALJIT HUNDAL***

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JESUS ERIC MAGANA, J. JESUS MAGANA DUARTE, and VERONICA DUARTE VACA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANGLEE, PETER CANDELARIO, CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC & WELLPATH MANAGEMENT, INC., also known as WELLPATH LIQUIDATING TRUST, a nominal party, RAJENDRA MAHAJAN, SUMEET CHAGGER, HARKAMALJIT HUNDAL, and DOE 1 to 20,<br><br>Defendants. | CASE NO. 3:24-cv-04716-JD<br><br>**DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP, INC.'S NOTICE OF MOTION, MOTION FOR SUMMARY JUDGMENT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: October 15, 2026<br>Judge: Honorable James Donato |

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 15, 2026, at 11:00 a.m. PST, or as soon thereafter as this matter may be heard before the Honorable James Donato in Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant CALIFORNIA FORENSIC MEDICAL GROUP, INC. ("CFMG") respectfully will and hereby does move the Court for summary judgment on Plaintiffs'

claims for municipal liability and violation of California Evidence Code section 1158.

By this Motion, Defendant CFMG moves for summary judgment on the following claims against it:

**1. Fourth Cause of Action** – *Monell* claim under 42 U.S.C. § 1983 for unconstitutional policies, customs, practices, failure to train, failure to supervise, and municipal liability;

**2. Seventh Cause of Action** – Alleged violation of California Evidence Code section 1158.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings, exhibits, deposition testimony, discovery responses, records, and papers on file in this action, and upon such other matters as may be presented at the hearing of this Motion.

CFMG moves the above-entitled Court to enter judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure on the Fourth and Seventh Causes of Action on the grounds that there is no genuine dispute as to any material fact and that CFMG is entitled to judgment as a matter of law.

Dated: August 31, 2026 GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Kendra N. Stark*
Lindsey M. Romano
Kendra N. Stark
Bailey M. Frank
***Attorneys for Defendants***
***CALIFORNIA FORENSIC MEDICAL GROUP. INC., RAJENDRA MAHAJAN, SUMEET CHAGGER, and HARKAMALJIT HUNDAL***

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... iv

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 2

III. STANDARD OF REVIEW ..... 3

IV. ARGUMENT ..... 4

A. Plaintiffs failed to present any evidence to support a Monell claim against CFMG. ..... 4

1. Plaintiffs failed to present any evidence to show that CFMG has unconstitutional policies that caused Mr. Magana's death. ..... 6

2. Plaintiffs failed to present any evidence to show that CFMG has unconstitutional customs or practices that caused Mr. Johnston's death. ..... 7

B. Plaintiffs failed to present any evidence to show that CFMG deliberately failed to train its staff on relevant policies and procedures. ..... 9

C. Plaintiffs failed to present evidence to satisfy the any of the Monell causation requirements under Section 1983 ..... 11

D. Plaintiffs cannot establish a violation of California Evidence Code Section 1158. ..... 13

V. CONCLUSION ..... 14

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397 (1997) .......... 5

*Bell v. Williams*, 108 F.4th 809 (9th Cir. 2024) .......... 5

*Borges v. City of Eureka*, No. 15-CV-00846-YGR, 2017 WL 363212 (N.D. Cal. Jan. 25, 2017) .......... 3

*Bulgara v. Cnty. of Stanislaus*, No. 118CV00804DADSAB, 2020 WL 5366306 (E.D. Cal. Sept. 8, 2020), *report and recommendation adopted*, No. 118CV00804DADSABPS, 2021 WL 1105255 (E.D. Cal. Mar. 23, 2021) .......... 4, 6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) .......... 4, 6

*City of Canton v. Harris*, 489 U.S. 378 (1989) .......... 5, 9, 10, 11

*Connick v. Thompson*, 563 U.S. 51 (2011) .......... 5, 9

*Garlick v. County of Kern*, 167 F. Supp. 3d 1117 (E.D. Cal. 2016) .......... 7

*Gonzalez v. Cnty. of Alameda*, No. 3:19-CV-07423-JSC, 2024 WL 3408219 (N.D. Cal. July 12, 2024) .......... 5, 11

*Gordon v. County of Orange*, 6 F.4th 961 (9th Cir. 2021) .......... 7, 8, 12

*Lemoon v. California Forensic Medical Group, Inc.*, 575 F. Supp. 3d 1212 (N.D. Cal. 2021) .......... 11

*Long v. County of Los Angeles*, 442 F.3d 1178 (9th Cir. 2006) .......... 4, 11

*Maher v. County of Alameda*, 223 Cal. App. 4th 1340 (2014) .......... 13, 14

*Meehan v. County of Los Angeles*, 856 F.2d 102 (9th Cir. 1988) .......... 7

*Monell v. Department of Social Services*, 436 U.S. 658 (1978) ........................................ 1, 4

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099 (9th Cir. 2000) ........................................ 4

*Estate of Nunez by & through Nunez v. County of San Diego*, 381 F. Supp. 3d 1251 (S.D. Cal. 2019) ........................................ 5, 9, 11

*Reyes v. Meyer*, No. C 13-0980 RMW(PR), 2014 WL 3058426 (N.D. Cal. July 3, 2014) ........................................ 4

*Smith v. County of Orange*, 678 F. Supp. 3d 1182 (C.D. Cal. 2023) ........................................ 6, 7, 10

*Thornburg v. El Centro Regional Medical Center*, 143 Cal. App. 4th 198 (2006) ........................................ 14

*Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996) ........................................ 5, 7

*Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012) ........................................ 4, 5, 11

**Statutes**

42 U.S.C. § 1983 ........................................ 2, 4, 11

Cal. Civ. Proc. Code § 1985.7 ........................................ 14

Cal. Evid. Code § 1158 ........................................ 2, 13, 14

Cal. Prob. Code § 8400(a) ........................................ 13

**Court Rules**

Fed. R. Civ. P. 56 ........................................ 3

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Motion concerns Plaintiffs' attempt to impose municipal liability on California Forensic Medical Group, Inc. ("CFMG") under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). After extensive written discovery, numerous depositions, and the disclosure of four retained experts, Plaintiffs still cannot identify evidence sufficient to satisfy any of the essential elements of a *Monell* claim.

The undisputed evidence establishes that CFMG maintained written policies governing physician evaluation, emergency medical care, patient observation, and referral of inmates for outside treatment when medically indicated. Plaintiffs have produced no evidence that any of those policies were unconstitutional. Nor have Plaintiffs identified a single policy that allegedly caused Mr. Magana's death. Instead, Plaintiffs' experts criticize only the treatment decisions and conduct of individual healthcare providers on April 27, 2023.

Plaintiffs likewise cannot establish the existence of a widespread unconstitutional custom or practice. Their experts offer only retrospective criticism of the care rendered to a single inmate and identify no pattern of similar constitutional violations, no recurring incidents, no statistical evidence, and no facts demonstrating conduct of sufficient duration, frequency, or consistency to constitute a custom under *Monell*. The Ninth Circuit has repeatedly held that such individualized allegations are insufficient as a matter of law.

Nor can Plaintiffs proceed on a failure-to-train or failure-to-supervise theory. None of Plaintiffs' experts reviewed CFMG's training program, analyzed its training materials, identified a deficient training practice, or offered an opinion that additional training would have prevented Mr. Magana's death. Most notably, Plaintiffs' correctional-health expert, Dr. Michael Puerini, admitted that he did not review CFMG's policies and procedures before rendering his opinions. Plaintiffs therefore have no evidence that CFMG's training or supervision was constitutionally inadequate.

Finally, Plaintiffs cannot establish causation. Their experts identify no policy, custom, or training deficiency that was the moving force behind Mr. Magana's death. At most, Plaintiffs contend that individual providers should have exercised different clinical judgment under existing

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

policies. But § 1983 does not impose *respondeat superior* liability, and *Monell* does not permit a jury to infer an unconstitutional policy from a single adverse outcome.

Plaintiffs likewise cannot establish their Seventh Cause of Action under California Evidence Code section 1158, as the undisputed evidence demonstrates that CFMG produced Mr. Magana's records upon receiving documentation establishing the requestor's authority, and Section 1158 does not authorize the standalone damages claim asserted in this action.

In sum, Plaintiffs cannot produce evidence sufficient to support either their Monell theory of liability or their claim under California Evidence Code section 1158. Because Plaintiffs cannot establish an unconstitutional policy, unconstitutional custom, deliberately indifferent training or supervision, causation, or any actionable violation of Section 1158, summary judgment should be entered in favor of the CFMG Defendants on all claims.

## II. STATEMENT OF FACTS

California Forensic Medical Group, Inc. ("CFMG") contracted to provide medical care to inmates housed at Santa Rita Jail during the relevant period of Mr. Magana's incarceration. [Ex. A at CFMG 000783-000863]. CFMG maintained written policies governing medical evaluations, physician consultation, emergency assessment, patient observation, medication administration, and referral of inmates for outside medical treatment when clinically indicated. [Ex. L at CFMG 000865-000869].

Jesus Eric Magana was booked into Santa Rita Jail on or around March 29, 2023. [Ex. B at 000104]. On the morning of April 27, 2023, custody staff observed Mr. Magana vomiting inside his housing unit and consuming large quantities of water. [Ex. B. at 000466; Ex. C at 60:2-10; SAC ¶¶ 73-84]. Registered Nurse Par Kaur responded to the housing unit after being notified by custody staff. [Ex. D; Ex. B at 000466; SAC ¶¶ 78-89]. At the request of custody staff and Nurse Kaur, Mr. Magana was transported to the Outpatient Housing Unit ("OPHU') for medical evaluation and observation. [Ex. B at 000466; Ex. E at 53:1-54:25; SAC ¶¶ 94-99].

At approximately 10:52 a.m., Dr. Rajendra Mahajan evaluated Mr. Magana in the OPHU. [Ex. B at 000466; SAC ¶¶ 97-103]. During the encounter, Nurse Kaur informed Dr. Mahajan that Mr. Magana had experienced multiple episodes of projectile vomiting and had reportedly consumed

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

approximately 15 cups of water. [Ex. C at 60:2-10, 143:9-13; SAC ¶¶ 100-103]. Dr. Mahajan personally examined Mr. Magana, reviewed his presentation and vital signs, and documented that Mr. Magana was awake, alert, oriented, in no apparent distress, denied abdominal pain, denied diarrhea, denied dizziness, and displayed stable vital signs. [Ex. B at 000466; Ex. C at 70:20-76:24; SAC ¶¶ 97-103]. Dr. Mahajan assessed acute gastritis with vomiting, ordered treatment, and directed that Mr. Magana remain in the OPHU for observation. [Ex. B at 000466-467; Ex. C at 60:11-61:24; SAC ¶¶ 105-107].

Pursuant to those orders, Mr. Magana was placed in an observation cell within the OPHU. [Ex. B at 000467; SAC ¶¶ 105-111]. Mr. Magana was observed throughout his placement in the OPHU by both custody staff and medical personnel. [Ex. B at 000467-468; Ex. E at 68:1-75:25; SAC ¶¶ 113, 123-138].

At approximately 3:19 p.m., custody staff and Nurse Hundal observed Mr. Magana unresponsive in his cell. [Ex. B at 000467; SAC ¶ 138]. A medical emergency was immediately called, and custody personnel, nursing staff, Dr. Mahajan, Alameda County Fire Department personnel, and EMS personnel responded. [Ex. B at 000467; SAC ¶¶ 139-145]. Resuscitative efforts, including CPR, airway management, Narcan administration, advanced life-support measures, and cardiac monitoring, were undertaken. [Ex. B at 000467; SAC ¶¶ 140-145]. Despite those efforts, Mr. Magana was pronounced deceased at approximately 4:06 p.m. [Ex. B at 000467; SAC ¶ 145].

## III. <u>STANDARD OF REVIEW</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when the pleadings and evidence in the records show that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law on a particular cause of action. If the moving party makes such a showing, the court shall grant summary judgment in the movant's favor. *See* FRCP 56. "Any party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Borges v. City of Eureka*, No. 15-CV-00846-YGR, 2017 WL 363212, at *4 (N.D. Cal. Jan. 25, 2017). "Defendants, in their motions, have the burden of

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

producing evidence negating an essential element of each claim on which they seek judgment or showing that plaintiff cannot produce evidence sufficient to satisfy their burden of proof at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden on the moving party to produce evidence "may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). A moving party may show that "after suitable discovery," the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd.*, 210 F.3d at 1106; *see Celotex*, 477 U.S. at 324–25, 106 S.Ct. 2548.

Once the moving party meets its burden, the burden shifts to the plaintiff to show specific, material facts that demonstrate there is a genuine issue for trial. *Reyes v. Meyer*, No. C 13-0980 RMW(PR), 2014 WL 3058426, at *3–4 (N.D. Cal. July 3, 2014). "A party cannot oppose a properly made motion for summary judgment by merely relying on the allegations in his pleadings, but must come forward with evidence to demonstrate that a genuine issue of material fact exists." *Bulgara v. Cnty. of Stanislaus*, No. 118CV00804DADSAB, 2020 WL 5366306, at *7 (E.D. Cal. Sept. 8, 2020), *report and recommendation adopted*, No. 118CV00804DADSABPS, 2021 WL 1105255 (E.D. Cal. Mar. 23, 2021).

## IV. <u>ARGUMENT</u>

### A. Plaintiffs failed to present any evidence to support a *Monell* claim against CFMG.

To impose *Monell* liability on CFMG under § 1983, Plaintiffs must prove not only an underlying constitutional violation, but also that CFMG maintained an official policy, longstanding custom, or deliberately indifferent omission that was the moving force behind the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143–44 (9th Cir. 2012); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185–86 (9th Cir. 2006). Because CFMG is a private entity acting under color of state law, it is subject to the same *Monell* requirements as a municipality and cannot be held liable under a

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

theory of *respondeat superior*. *Tsao*, 698 F.3d at 1143–44. Moreover, liability for improper custom "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy," quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Liability for failure-to-train *Monell* allegations require Plaintiffs to prove that: (1) CFMG's training or supervision was inadequate to prevent constitutional violations or inadequate to prepare employees for the usual and recurring situations they encounter; (2) CFMG was deliberately indifferent to the known or obvious consequences of that inadequacy; and (3) the alleged failure to train or supervise was the moving force behind the deprivation of Mr. Magana's constitutional rights. *Estate of Nunez by & through Nunez v. County of San Diego*, 381 F.Supp.3d 1251, 1257 (S.D. Cal. 2019); *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). A plaintiff must show that the entity "disregarded a known or obvious consequence" that deficiencies in training or supervision would cause employees to violate constitutional rights. *Estate of Nunez*, 381 F.Supp.3d at 1258 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

Proof of causation is also required to survive summary judgment whether liability is based on a theory of deliberate indifference or *Monell. See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 415 (1997) ("As [the Supreme Court] recognized in Monell and ha[s] repeatedly reaffirmed, Congress did not intend municipalities to be held liable [under a Section 1983 claim] unless deliberate action attributable to the municipality directly caused a deprivation of federal rights."); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("plaintiff must also show that the circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional deprivation."); *Gonzalez v. Cnty. of Alameda*, No. 3:19-CV-07423-JSC, 2024 WL 3408219, *6 (N.D. Cal. July 12, 2024) (This Court agreed that the plaintiffs failed to identify sufficient evidence to support a finding that "a Wellpath policy or practice caused, that is, was the moving force behind, any of Plaintiff's alleged injuries."). As the Ninth Circuit explained in *Bell*, "[e]stablishing municipal liability based on a *Monell* theory of liability is difficult. A plaintiff must show 'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Bell v. Williams*, 108 F.4th 809, 824 (9th Cir. 2024). After the close of discovery, Plaintiffs cannot

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

satisfy any of the *Monell* requirements.

**1. Plaintiffs failed to present any evidence to show that CFMG has unconstitutional policies that caused Mr. Magana's death.**

Although Plaintiffs broadly allege inadequate medical care, monitoring, emergency response, and treatment at Santa Rita Jail, allegations are not evidence. *Bulgara*, 2020 WL 5366306, at *7. At summary judgment, Plaintiffs may no longer rely on their pleadings and instead must identify evidence creating a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 322-23. The record here contains no such evidence.

First, it is undisputed that CFMG maintained written policies governing the precise issues implicated by Plaintiffs' claims, including the evaluation of inmates presenting with urgent medical conditions, physician assessment and referral, emergency care, and transfer of patients to outside hospitals when clinically indicated. [Ex. L at CFMG 000865-000869]. Yet Plaintiffs have produced no testimony, expert opinion, or documentary evidence suggesting that any of those policies were constitutionally deficient. Instead, Plaintiffs' case is built entirely on the theory that individual providers exercised poor judgment in their treatment of Mr. Magana.

This evidentiary failure is independently fatal to Plaintiffs' policy claim. In *Smith v. County of Orange*, the district court granted summary judgment on a *Monell* claim where the plaintiff "offer[ed] no evidence of an unconstitutional policy or custom" and the record instead demonstrated the existence of written policies governing the conduct at issue. 678 F. Supp. 3d 1182 (C.D. Cal. 2023). The same is true here. CFMG maintained written policies governing medical evaluation, emergency care, patient observation, and hospital referrals, and Plaintiffs have produced no evidence that any of those policies were unconstitutional.

The absence of such evidence is particularly striking because Plaintiffs retained four experts, yet none identifies a constitutionally deficient CFMG policy. In sum, Plaintiffs have produced no expert testimony identifying a constitutionally deficient policy, no analysis of CFMG's actual policies, no evidence that any policy was unconstitutional, and no evidence that any policy was the moving force behind Mr. Magana's death. What remains is merely a challenge to the actions of individual employees during a single inmate encounter. That is insufficient as a matter of law to

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

establish *Monell* liability. *See Smith v. County of Orange*, 678 F. Supp. 3d 1182 (C.D. Cal. 2023) (granting summary judgment where the plaintiff offered no evidence of an unconstitutional policy or custom despite the existence of written policies); *Garlick v. County of Kern*, 167 F. Supp. 3d 1117 (E.D. Cal. 2016) (granting summary judgment where plaintiffs relied on conclusory assertions unsupported by evidence of a deficient policy or causation). Summary judgment should therefore be entered in favor of the CFMG Defendants on Plaintiffs' unconstitutional-policy theory.

**2. Plaintiffs failed to present any evidence to show that CFMG has unconstitutional customs or practices that caused Mr. Johnston's death.**

The same evidentiary failures that doom Plaintiffs' policy theory are equally fatal to their custom-and-practice theory. The Ninth Circuit has repeatedly held that *Monell* liability cannot rest on isolated incidents or individualized allegations of deficient care. *Gordon v. County of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) ("Liability for improper custom may not be predicated on isolated or sporadic incidents."); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Rather, an unconstitutional custom must be supported by evidence demonstrating conduct of sufficient duration, frequency, and consistency that it became the entity's traditional method of operation. *Gordon*, 6 F.4th at 973-74; *Trevino*, 99 F.3d at 918; *Meehan v. County of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988).

The Ninth Circuit's decision in *Gordon* illustrates the demanding nature of this standard. There, the plaintiff alleged that jail medical staff used an improper withdrawal protocol, failed to conduct ordered monitoring, housed the inmate in a location with less observation, and failed to recognize a deteriorating medical condition before the inmate died. *Gordon*, 6 F.4th at 965-67. The plaintiff supported those claims with expert testimony criticizing the care provided and opining that proper monitoring and protocols likely would have resulted in earlier detection of the inmate's distress. *Id.* at 966. Nevertheless, the Ninth Circuit affirmed summary judgment on the *Monell* claim because the plaintiff failed to present evidence of other similar incidents demonstrating a longstanding custom or practice. *Id.* at 974. The court's focus was not on whether the individual care may have been deficient, but on what was missing from the record: evidence that similar conduct occurred repeatedly enough to constitute a custom. *Id.*

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

The exact same evidentiary deficiency exists here. After full discovery, Plaintiffs have produced no evidence of any widespread custom or practice maintained by CFMG. None of Plaintiffs' four retained experts identifies recurring conduct by CFMG employees, a pattern of similar constitutional violations, statistical evidence, prior comparable inmate deaths, prior complaints, mortality reviews, or evidence that CFMG policymakers routinely tolerated similar conduct.

The opinions of Plaintiffs' experts provide no evidence of a widespread custom or practice because each expert confines his analysis to the care rendered to Mr. Magana during a single incident. All four experts offer only retrospective criticism of the care rendered to a single inmate and provide no evidence of the widespread conduct required to establish a Monell custom. Thus, like the experts in *Gordon*, Plaintiffs' experts offer only retrospective criticism of the care rendered to a single inmate. They provide no evidence of the widespread conduct required to establish a *Monell* custom. Nor have Plaintiffs produced any independent evidence of a custom apart from their experts. There is no evidence of prior detainees suffering acute water intoxication who were denied hospital evaluation. There is no evidence that CFMG providers routinely ignored excessive water consumption. There is no evidence of prior constitutional violations involving circumstances remotely similar to those alleged here.

To the extent Plaintiffs rely on generalized allegations regarding Santa Rita Jail, mental-health litigation involving Alameda County, or consent-decree proceedings concerning psychiatric services, those allegations are not admissible, nor do they establish a custom attributable to the CFMG Defendants in this case.

In short, Plaintiffs seek to do exactly what *Gordon* prohibits: infer a custom from criticism of a single inmate's care. But *Monell* liability requires evidence that similar conduct occurred with sufficient duration, frequency, and consistency to become the entity's customary method of operation. *Gordon*, 6 F.4th at 973-74. Plaintiffs have no such evidence. Discovery is complete. Numerous depositions have been taken. Expert discovery has closed. Yet Plaintiffs cannot identify "any other event involving similar conduct or constitutional violations," the very evidentiary failure that compelled summary judgment in *Gordon*. *Id.* at 974.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

Accordingly, Plaintiffs have failed to produce evidence from which a reasonable jury could find that CFMG maintained a longstanding unconstitutional custom or practice, and summary judgment should be entered in favor of the CFMG Defendants on Plaintiffs' custom-and-practice theory of *Monell* liability.

**B. Plaintiffs failed to present any evidence to show that CFMG deliberately failed to train its staff on relevant policies and procedures.**

Plaintiffs likewise cannot establish *Monell* liability based on an alleged failure to train or supervise. To prevail on such a claim, Plaintiffs must prove that: (1) CFMG's training or supervision was inadequate to prevent constitutional violations or inadequate to prepare employees for the usual and recurring situations they encounter; (2) CFMG was deliberately indifferent to the known or obvious consequences of that inadequacy; and (3) the alleged failure to train or supervise was the "moving force" behind the deprivation of Mr. Magana's constitutional rights. *Estate of Nunez*, 381 F. Supp. 3d at 1257; *City of Canton*, 489 U.S. at 388-91. To establish deliberate indifference, Plaintiffs must show that CFMG disregarded a known or obvious consequence that deficiencies in training or supervision would cause employees to violate constitutional rights. *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011). Ordinarily, this requires proof of a pattern of similar constitutional violations by untrained employees sufficient to place policymakers on notice that additional training or supervision is necessary. *Id.*

Failure-to-train liability is "at its most tenuous" where a plaintiff seeks to impose *Monell* liability based on a single incident involving otherwise trained employees. *Connick*, 563 U.S. at 61. The Supreme Court has repeatedly cautioned that a municipality's culpability for a deprivation of rights is at its lowest ebb in failure-to-train cases because permitting liability based merely on an unfavorable outcome would effectively revive *respondeat superior* liability prohibited by *Monell*. *Id.* at 61-63; *City of Canton*, 489 U.S. at 392.

Moreover, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference." *Connick*, 563 U.S. at 62. Without notice that a particular training program is deficient, policymakers can hardly be said to have deliberately chosen a training program that will cause constitutional violations. *Id.* Accordingly,

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

summary judgment is appropriate where a plaintiff cannot identify prior similar incidents sufficient to place the entity on notice of an alleged training deficiency. *Smith*, 678 F. Supp. 3d at 1214.

Plaintiffs have no such evidence. As an initial matter, Plaintiffs have not identified any training topic that CFMG failed to provide. Nor have they produced any evidence that the individually named Defendants lacked the training necessary to perform their jobs. To the contrary, the undisputed evidence establishes that the individual Defendants were licensed medical professionals acting within their respective fields of practice. Dr. Mahajan was a licensed physician. (Ex. C at 13:2-5). Chagger and Hundal were licensed registered nurses. (Ex. E at 11:13-19; Ex. F at 11:7-15). Nor do Plaintiffs' experts identify a constitutionally deficient training program. Plaintiffs have produced no evidence that any of them lacked the qualifications, education, training, or licensure required to perform their duties.

Plaintiffs have also failed to produce any independent evidence that CFMG's training was deficient. They have not identified a missing training module, a deficient curriculum, an omitted subject area, a supervisory failure, or any policymaker testimony suggesting inadequate training. They likewise have produced no evidence that any CFMG employee misunderstood his or her duties because of inadequate instruction. Instead, Plaintiffs' theory is simply that individual employees should have acted differently on April 27, 2023.

That is insufficient as a matter of law. "Pro[of] that an injury or accident could have been avoided if an [employee] had had better or more training" is not enough to establish Monell liability. *City of Canton*, 489 U.S. at 391. The focus is on the adequacy of the training program itself, not disagreement with individual decisions made by trained employees. Here, Plaintiffs have produced no evidence regarding the substance of CFMG's training, much less evidence that it was constitutionally deficient.

Accordingly, Plaintiffs' theory ultimately rests on the premise that because Mr. Magana died, additional training must have been necessary. The Supreme Court has expressly rejected that reasoning. "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city," nor is "[p]roof that an injury or accident could have been avoided if an officer had had better or more training" sufficient to establish *Monell* liability. *City of Canton*, 489 U.S. at

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

390-91. Because Plaintiffs have no evidence of a deficient training program, no evidence of prior similar constitutional violations, no evidence of deliberate indifference, and no evidence connecting any alleged training deficiency to Mr. Magana's death, summary judgment should be entered in favor of the CFMG Defendants.

### C. Plaintiffs failed to present evidence to satisfy the any of the *Monell* causation requirements under Section 1983.

Finally, Plaintiffs cannot satisfy *Monell's* causation requirements. A *Monell* plaintiff must establish both actual and proximate causation and demonstrate that the alleged constitutional injury would have been avoided absent the challenged policy, custom, or practice. *Long*, 442 F.3d at 1190; *Tsao*, 698 F.3d at 1146. Likewise, a failure-to-train plaintiff must show not only that additional training or supervision should have been provided, but also that the alleged deficiency was the "moving force" behind the constitutional deprivation. *City of Canton*, 489 U.S. at 391; *Estate of Nunez*, 381 F. Supp. 3d at 1258. In *Lemoon v. California Forensic Medical Group, Inc.*, 575 F. Supp. 3d 1212, 1226-27 (N.D. Cal. 2021), the court rejected multiple *Monell* theories where the plaintiff failed to establish that any proposed policy change, custom, or additional training would have altered the events leading to the inmate's death.

Indeed, this Court recently granted summary judgment on a healthcare-contractor *Monell* claim where the plaintiff failed to identify evidence that a Wellpath policy or practice caused the alleged injury. *Gonzalez v. County of Alameda*, No. 3:19-cv-07423-JSC, 2024 WL 3408219, at *6 (N.D. Cal. July 12, 2024). The same evidentiary void exists here. After years of litigation, multiple depositions, and four retained experts, Plaintiffs still cannot identify a policy, custom, or training practice that caused Mr. Magana's death. Nor can they establish that any such policy, custom, or training deficiency actually influenced the treatment decisions at issue.

Plaintiffs' own experts confirm the absence of any causal connection between a challenged CFMG policy and the events of April 27, 2023. Dr. Xiong identifies no CFMG policy that caused Mr. Magana's death and instead faults the alleged lack of psychiatric treatment, despite admitting that CFMG was not responsible for providing mental-health services. (Ex. G at 25:15-23; 26:10-24). Dr. Sperry similarly criticizes individual treatment decisions, monitoring, and charting, but

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

identifies no CFMG policy, custom, or training deficiency that caused those actions. (Ex. H at 9-11). Dr. Puerini fares no better. He admitted that he did not review CFMG's policies and procedures or the depositions of the medical providers, and his report criticizes only the clinical decisions made by individual staff members. (Ex. I at 16:18-24; 18:18-25; Ex. J at 9-13). Thus, none of Plaintiffs' experts identifies a policy, custom, or training deficiency that caused or contributed to Mr. Magana's death.

The absence of causation evidence is particularly significant because CFMG maintained policies addressing the very issues implicated by Plaintiffs' claims, including emergency evaluation, physician care, and transfer of inmates requiring outside treatment. [Ex. L at CFMG 000865-000869]. Plaintiffs have produced no evidence that any provider acted because of a CFMG policy, no evidence that any policy prevented a hospital transfer, and no evidence that any policy prohibited the testing, monitoring, or treatment that Plaintiffs contend should have occurred. At most, Plaintiffs contend that individual providers should have exercised different clinical judgment under existing policies. That is not a *Monell* claim.

As in *Gordon*, Plaintiffs also offer no evidence of similar constitutional violations from which a jury could infer that a policy, custom, or training deficiency caused Mr. Magana's death. The record remains devoid of evidence of "any other event involving similar conduct or constitutional violations." *Gordon*, 6 F.4th at 974. Plaintiffs have identified no prior cases involving acute water intoxication, psychogenic polydipsia, failures to respond to excessive water consumption, or other comparable circumstances. Thus, there is no basis for concluding that any purported systemic issue, as opposed to the actions of individual providers in this single case, caused the alleged deprivation.

What remains, at most, is a dispute regarding the actions and clinical judgments of individual healthcare providers on April 27, 2023. But *Monell* liability cannot be established through speculation, by inviting a jury to infer an unconstitutional policy from a single adverse outcome, or by imposing liability on CFMG for the acts of its employees under *respondeat superior* principles. *Monell*, *Tsao*, and their progeny foreclose that theory. Because Plaintiffs cannot identify a policy, cannot establish a custom, cannot demonstrate a training deficiency, and cannot connect

any such alleged defect to Mr. Magana's death, they necessarily cannot satisfy *Monell's* causation requirement. Summary judgment in favor of the CFMG Defendants is therefore required.

**D. Plaintiffs cannot establish a violation of California Evidence Code Section 1158.**

Plaintiffs' Seventh Cause of Action under California Evidence Code Section 1158 fails for two independent reasons. First, the undisputed evidence establishes that CFMG complied with Plaintiffs' request for records once Plaintiffs provided documentation establishing authority to obtain records belonging to Mr. Magana's estate. Second, Evidence Code Section 1158 does not create the standalone damages claim Plaintiffs seek to pursue in this action.

California Evidence Code Section 1158 requires a healthcare provider to make patient records available upon receipt of a proper request from a person authorized to obtain those records. The statute's enforcement mechanism is limited. Section 1158 provides for recovery of reasonable expenses and attorney's fees incurred in a proceeding brought to enforce compliance with the statute, but it does not create a freestanding cause of action for consequential damages arising from an alleged delay in production. *Maher v. County of Alameda,* 223 Cal. App. 4th 1340 (2014).

In any event, the undisputed facts demonstrate there was no violation by CFMG. Plaintiffs' counsel first requested Mr. Magana's medical records on July 12, 2024. [Ex. K]. At that time, however, Plaintiffs had not provided documentation establishing that the requesting party possessed legal authority to obtain records belonging to Mr. Magana's estate. Accordingly, counsel for CFMG informed Plaintiffs that the records could not be released until documentation confirming the effectiveness of the estate representative's appointment was provided pursuant to California Probate Code section 8400(a). [Ex. K].

Plaintiffs subsequently provided the requested probate documentation on August 5, 2024. That same day, CFMG provided access to Mr. Magana's medical records. [Ex. K]. There is therefore no evidence that CFMG refused to produce records, ignored a valid request, or delayed production after receiving the documentation necessary to establish the requestor's authority.

Plaintiffs have not, and cannot, identified any evidence demonstrating that CFMG was required to release a deceased patient's records before verifying that the requesting party possessed legal authority to obtain them. The undisputed evidence instead shows that CFMG acted to confirm

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

the authority of the requester before releasing protected medical information and produced the records immediately after receiving the necessary documentation.

Plaintiffs also never initiated the type of enforcement proceeding contemplated by Section 1158 and Code of Civil Procedure section 1985.7. Rather than seeking an order compelling production, Plaintiffs attempt to assert Section 1158 as an independent claim for damages in this lawsuit. California courts have squarely rejected that theory. While Section 1158 permits a patient to enforce compliance with the statute and seek fees incurred in that enforcement effort, it does not authorize a standalone damages action of the type asserted here. *Maher v. County of Alameda*, 223 Cal. App. 4th 1340; *Thornburg v. El Centro Regional Medical Center,* 143 Cal. App. 4th 198 (2006).

Finally, Plaintiffs have produced no evidence that they suffered any cognizable damages arising from the brief period between the initial request and the receipt of the probate documentation necessary to authorize release of the records. The records were ultimately produced, discovery proceeded, and Plaintiffs have identified no prejudice resulting from the timing of production.

Accordingly, because the undisputed evidence establishes that CFMG produced Mr. Magana's records immediately after receiving documentation establishing the requestor's authority, and because California Evidence Code section 1158 does not authorize the independent damages claim asserted by Plaintiffs, summary judgment should be entered in favor of the CFMG Defendants on Plaintiffs' Seventh Cause of Action.

## V. **CONCLUSION**

For the foregoing reasons, Plaintiffs cannot establish any basis for *Monell* liability against CFMG. After full discovery, they have identified no unconstitutional policy, no widespread custom or practice, no deliberately indifferent training deficiency, and no evidence that any alleged systemic failure caused Mr. Magana's death. Instead, Plaintiffs rely on criticism of individual clinical decisions in a single inmate encounter and on unrelated and inadmissible allegations concerning other inmates and other circumstances, which cannot create a triable *Monell* claim. Because Plaintiffs have failed to produce evidence sufficient to support their *Monell* theories or their claim under California Evidence Code section 1158, the Court should grant summary

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

judgment in favor of CFMG.

Dated: August 31, 2026

GORDON REES SCULLY MANSUKHANI, LLP

*By: Kendra N. Stark*
Lindsey M. Romano
Kendra N. Stark
Bailey M. Frank
***Attorneys for Defendants California Forensic Medical Group. Inc., Rajendra Mahajan, Sumeet Chagger, and Harkamaljit Hundal***

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**CERTIFICATE OF SERVICE**

*Estate of Jesus Eric Magana v. County of Alameda, et al.*

U.S.D.C., Northern District of California, Case No.: 3:24-cv-04716

I, Kendra N. Stark, certify that this document, filed through the Court's ECF system on **August 31, 2026**, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Kendra N. Stark*