Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
2748 Adeline Street, Suite A
Berkeley, California 94703
Telephone: (510) 329-2140
Facsimile: (510) 580-9410
E-Mail: yhuang.law@gmail.com

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336
E-Mail: mark@markmerin.com
paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF JESUS ERIC MAGANA,
J. JESUS MAGANA DUARTE,
and VERONICA DUARTE VACA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ESTATE OF JESUS ERIC MAGANA,
J. JESUS MAGANA DUARTE,
and VERONICA DUARTE BACA,

Plaintiffs,

vs.

CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC & WELLPATH MANAGEMENT, INC., also known as LIQUIDATING TRUST, a nominal party, RAJENDRA MAHAJAN, SUMEET CHAGGER, HARKAMALJIT HUNDAL, and DOE 1 to 20,

Defendants.

Case No. 3:24-cv-04716-JD

**PLAINTIFFS' TRIAL BRIEF**

## I. INTRODUCTION

Pursuant to the Court's scheduling order, ECF No. 54, and standing order, the Estate of Jesus Eric Magana, J. Jesus Magana Duarte, and Veronica Duarte Vaca (collectively, "Plaintiffs") submit the following trial brief.

## II. CLAIMS

### A. DELIBERATE INDIFFERENCE (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)

The Estate of Jesus Eric Magana alleges a claim for deliberate indifference in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 against California Forensic Medical Group, Inc., Rajendra Mahajan, Sumeet Chagger, and Harkamaljit Hundal (collectively, "Defendants"). ECF No. 78 ("2AC") ¶¶ 188–193.

#### 1. Rajendra Mahajan, Sumeet Chagger, and Harkamaljit Hundal (Individual Liability)

"[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard" and "the elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (internal citation omitted).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case" and "the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. at 1125 (internal citations & alteration omitted). For example, a defendant "violate[s] the Constitution when they deny, delay or intentionally interfere with needed medical treatment" including "choos[ing] a course of treatment that is medically unacceptable under the circumstances." *Sandoval v. County of San Diego*, 985 F.3d 657, 679 (9th Cir. 2021) (internal citations omitted). A defendant "who is aware that an

inmate is suffering from a serious acute medical condition violates the Constitution when he stands idly by rather than responding with reasonable diligence to treat the condition." *Id*. at 679–80. "[M]edical personnel at jail facilities are required to screen pretrial detainees for critical medical needs" and, "[t]hus, … [pretrial detainees] ha[ve] a … constitutional right to have a proper medical screen conducted to ensure the medically appropriate protocol [i]s initiated." *Gordon v. County of Orange*, 6 F.4th 961, 971 (9th Cir. 2021). Similar, "pre-trial detainees [] have a right to direct-view safety checks sufficient to determine whether their presentation indicates the need for medical treatment." *Id.* at 973. Further, "failing to provide CPR or other life-saving measures to an inmate in obvious need can provide the basis for liability under § 1983 for deliberate indifference." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013).

**2. California Forensic Medical Group, Inc. (Municipal Liability)**

"To establish *Monell* liability under 42 U.S.C. § 1983 against a private entity operating under color of state law, a plaintiff must show that: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) that policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation." *Estate of Hill v. NaphCare, Inc.*, 2025 U.S. App. LEXIS 13773, at *3 (9th Cir. June 5, 2025) (fn. omitted); *but see Sandoval*, 985 F.3d at 682 n.17 (9th Cir. 2021) ("Th[e] deliberate indifference standard does not apply when a *Monell* defendant's policies, customs, or practices directly require unconstitutional conduct…").

For example, a medical provider's services contract may constitute a policy causing "a financial incentive and imperative for CFMG to refuse and withhold inpatient hospitalization services . . . . in order to reduce CFMG's costs under its contract…" *Steel v. Alameda County Sheriff's Office*, 428 F. Supp. 3d 235, 243 (N.D. Cal. 2019). Additionally, a plaintiff may "suffer[] a constitutional deprivation as a result of the collective inaction of the [entity], or of [personnel's] adherence to [entity's] customs or practices." *Horton v. City of Santa Maria*, 915 F.3d 592, 604 (9th Cir. 2019) (internal citations & alterations omitted); *see*, *e.g.*, *Nyarecha v. County of Los Angeles*, 2024 U.S. App. LEXIS 26252, at *4 (9th Cir. Oct. 17, 2024) ("constitutionally inadequate checks occurr[ing] in quick succession over a relatively short period of time"); *Hill*, 2025 U.S. App. LEXIS 13773, at *10 n.4 ("*all the guards* passed

by *all the inmates* on medical watch without performing an adequate safety check"); *Thomas v. Clark County*, 2026 U.S. Dist. LEXIS 68547, at *40 (D. Nev. Mar. 31, 2026) ("two instances happened to the same person within a relatively short time period"); *Tapia v. Naphcare Inc.*, 2025 U.S. Dist. LEXIS 7277, at *18–19 (W.D. Wash. Jan. 14, 2025) ("multiple instances of insufficient medical care provided to a single plaintiff can evidence a *Monell* custom"); *Estate of Debbs v. County of Sacramento*, 2023 U.S. Dist. LEXIS 107230, at *13–14 (E.D. Cal. June 20, 2023) ("policies related to the use and monitoring of the [] cell"); *Vega v. County of Yolo*, 2012 U.S. Dist. LEXIS 49733, at *17–18 (E.D. Cal. Apr. 6, 2012) ("practice of refusing medical care that extended across shift lines and involved numerous officers"). Further, "deliberate indifference to [inmate]'s constitutional right to adequate medical care" may be inferred from "policies [which] deviated significantly from correctional healthcare standards." *Hill*, 2025 U.S. App. LEXIS 13773, at *8–9; *see*, *e.g.*, *id*. at *5 ("using medically untrained jail guards to monitor [medical] patients in need of medical monitoring by medical professionals" including by "put[ting] inmates in need of professional medical care in the [j]ail's 'medical watch' instead of providing them with necessary care"); *Long v. County of Los Angeles*, 442 F.3d 1178, 1189–90 (9th Cir. 2006) ("relying on medical professionals without training them how to implement proper procedures for documenting, monitoring and assessing patients for medical instability within the confines of the [jail]"); *Tapia*, 2025 U.S. Dist. LEXIS 152555, at *30–31 ("custom of relying on corrections officers for medical monitoring"). Also, "prior jail deaths" may demonstrate a custom or practice. *Essex v. County of Imperial*, 2025 U.S. Dist. LEXIS 28789, at *17–18 (S.D. Cal. Feb. 18, 2025); *see*, *e.g.*, *Overfield v. Wellpath Cmty. Care, LLC*, 2025 U.S. Dist. LEXIS 114427, at *7–11 (E.D. Cal. June 11, 2025) ("prior incidents help illuminate … customs or practices"); *Greer v. County of San Diego*, 726 F. Supp. 3d 1058, 1079 (S.D. Cal. 2023) ("same failures had already harmed numerous prior inmates"); *Estate of Miller v. County of Sutter*, 2022 U.S. Dist. LEXIS 29273, at *12 (E.D. Cal. Feb. 16, 2022) ("a similar series of constitutional violations").

## B. FAMILIAL ASSOCIATION (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)

J. Jesus Magana Duarte alleges a claim for unwarranted interference with familial association in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 against Defendants. ECF No. 78 ("2AC") ¶¶ 206–211.

"Just as the deliberate indifference of [jail] officials to the medical needs of [inmates] may support [Fourteenth] Amendment liability, such indifference may also rise to the conscience-shocking level required for a substantive due process violation." *Lemire*, 726 F.3d at 1075 (internal citation omitted). Thus, the same standards applicable to the violation of the decedent's constitutional rights are applicable to decedent's family's familial association rights because "claims of loss of familial association parallel the deliberate indifference claims, and … are adequately supported with the same evidence…" *Schomer v. Narvaiza*, 2026 U.S. Dist. LEXIS 71176, at *69–70 (D. Nev. Mar. 31, 2026); *see*, *e.g.*, *Saxton v. County of Sonoma*, 2025 U.S. Dist. LEXIS 115828, at *18 n.7 (N.D. Cal. June 17, 2025); *Laurel v. County of Alameda*, 2025 U.S. Dist. LEXIS 161155, at *15–16 (N.D. Cal. Aug. 19, 2025).

### C. FAILURE TO PRODUCE PATIENT RECORDS (CAL. EVID. CODE § 1158)

The Estate of Jesus Eric Magana alleges a claim for failure to produce patient records in violation of California Evidence Code § 1158 against CFMG. 2AC ¶¶ 223–226.

"[I]f an attorney at law or his or her representative presents a written authorization therefor signed by an adult patient, by the guardian or conservator of his or her person or estate, or, in the case of a minor, by a parent or guardian of the minor, or by the personal representative or an heir of a deceased patient, or a copy thereof, to a medical provider, the medical provider shall promptly make all of the patient's records under the medical provider's custody or control available for inspection and copying by the attorney at law or his or her representative." Cal. Evid. Code § 1158(b). "Failure to make the records available during business hours, within five days after the presentation of the written authorization, may subject the medical provider having custody or control of the records to liability for all reasonable expenses, including attorney's fees, incurred in any proceeding to enforce this section." Cal. Evid. Code § 1158(d).

### D. TOM BANE CIVIL RIGHTS ACT (CAL. CIV. CODE § 52.1)

The Estate of Jesus Eric Magana and J. Jesus Magana Duarte allege a claim for violation of the Tom Bane Civil Rights Act under California Civil Code § 52.1 against Defendants. 2AC ¶¶ 227–240.

"The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional

right." *Chinaryan v. City of Los Angeles*, 113 F.4th 888, 907 (9th Cir. 2024) (citation omitted). In a case like this one, "deliberate indifference to, or reckless disregard for, a prisoner's serious medical needs satisfies the 'threat, intimidation, or coercion' and specific intent requirement of the Bane Act." *See*, *e.g.*, *Laurel*, 2025 U.S. Dist. LEXIS 161155, at *22–23; *Skydecker v. County of Alameda*, 2024 U.S. Dist. LEXIS 193781, at *7 (N.D. Cal. Oct. 24, 2024); *Luttrell v. Hart*, 2020 U.S. Dist. LEXIS 173856, at *15–16 (N.D. Cal. Sep. 22, 2020); *see also Mollica v. County of Sacramento*, 2023 U.S. Dist. LEXIS 85698, at *44 (E.D. Cal. May 15, 2023) ("there is nothing novel or vague about the … right under the circumstances of this case, the gravamen of which is the delay of necessary medical care"). Thus, the same standards applicable to the violation of the decedent's constitutional rights are applicable to decedent's Bane Act rights. Similarly, the same standards applicable to the violation of the decedent's constitutional rights are applicable to decedent's family's Bane Act rights. *See Estate of Sanchez v. County of Stanislaus*, 2023 U.S. Dist. LEXIS 203673, at *101 (E.D. Cal. Nov. 14, 2023); *L.F. v. City of Stockton*, 2020 U.S. Dist. LEXIS 126486, at *66–67 (E.D. Cal. July 17, 2020) ("Fourteenth Amendment [familial association] analysis" applicable to Bane Act claims).

## E. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Estate of Jesus Eric Magana alleges a claim for intentional infliction of emotional distress against Defendants. 2AC ¶¶ 241–247.

"A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050–51 (Cal. 2009). For example, "a jury could find [] deliberate indifference to a plaintiff's medical needs sufficiently extreme and outrageous to sustain a claim for intentional infliction of emotional distress." *Estate of Wright v. County of Stanislaus*, 2026 U.S. Dist. LEXIS 202488, at *22 (E.D. Cal. Sep. 4, 2026); *see*, *e.g.*, *Trujillo v. County of Los Angeles*, 2019 U.S. Dist. LEXIS 212065, at *32–33 (C.D. Cal. Jan. 22, 2019); *Martinez v. GEO Grp., Inc.*, 2019 U.S. Dist. LEXIS 143217, at *12–13 (C.D. Cal. Apr. 30, 2019); *Loyd v. United States*, 2024 U.S. Dist. LEXIS 92092, at *18–19 (C.D. Cal. May 22, 2024) ("ignoring a patently severe medical condition is extreme

and outrageous conduct" (citation omitted)).

## F. NEGLIGENCE

The Estate of Jesus Eric Magana alleges a claim for negligence against Defendants. 2AC ¶¶ 248–255.

"Under California negligence law, a plaintiff must show that the defendant has a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." *Alves v. County of Riverside*, 135 F.4th 1161, 1170 (9th Cir. 2025) (internal citation omitted). "In California, prison officials owe detainees a duty to protect them from foreseeable harm. This standard requires a much lower level of culpability than deliberate indifference." *Cotta v. County of Kings*, 686 F. App'x 467, 469 (9th Cir. 2017) (internal citation omitted). Because "the bar for a deliberate indifference claim is significantly higher than that for a negligence claim," *Guy v. Bick*, 2022 U.S. Dist. LEXIS 77898, at *8 (E.D. Cal. Apr. 27, 2022), if a plaintiff proves deliberate indifference, then they have also proved negligence. *See*, *e.g.*, *Cravotta v. County of Sacramento*, 2025 U.S. Dist. LEXIS 34779, at *43 (E.D. Cal. Feb. 25, 2025); Estate of Bartolacci v. County of San Diego, 2026 U.S. Dist. LEXIS 27623, at *111 (S.D. Cal. Feb. 10, 2026); *Villarreal v. County of Monterey*, 254 F. Supp. 3d 1168, 1191 (N.D. Cal. 2017) ("Plaintiffs have adequately alleged the policies, procedures, actions, and omissions that allegedly violated the constitution" and "[t]hese same policies, procedures, actions, and omissions … may also form the basis of a negligence claim…"); *see also Estate of Lee v. Cal. Dep't of Corr. & Rehab.*, 2021 U.S. Dist. LEXIS 18924, at *8–9 (E.D. Cal. Jan. 29, 2021) ("[A]s § 340.5 only applies to claims based on professional negligence, it would not apply to Plaintiffs' claim based on Defendant's deliberate indifference. . . . Insofar as Plaintiffs' [negligence] claim is based on the other wrongful acts of Defendant, such as deliberate indifference, the motion to dismiss is denied.").

## G. WRONGFUL DEATH (CAL. CODE CIV. PROC. § 377.60)

J. Jesus Magana Duarte and Veronica Duarte Vaca allege a claim for wrongful death against Defendants. 2AC ¶¶ 256–263.

"The elements of a wrongful death claim "include (1) a 'wrongful act or neglect' on the part of one or more persons that (2) 'cause[s]' (3) the 'death of [another] person.'" *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 390 (Cal. 1999) (quoting Cal. Code Civ. Proc. § 377.60). The phrase "wrongful act" is

defined as a "tortious act," including both negligent or intentional conduct. *Barrett v. Superior Court*, 222 Cal. App. 3d 1176, 1183 (Cal. Ct. App. 1990); *see*, *e.g.*, *Lilly v. Univ. of Cal.-San Diego*, 2023 U.S. Dist. LEXIS 148759, at *54–56 (S.D. Cal. Aug. 23, 2023); *Deloney v. County of Fresno*, 2019 U.S. Dist. LEXIS 71089, at *28–29 (E.D. Cal. Apr. 26, 2019); *see also Estate of Vela v. County of Monterey*, 2018 U.S. Dist. LEXIS 145698, at *44 (N.D. Cal. Aug. 27, 2018) ("Plaintiffs' wrongful death claim is not a claim of professional negligence and therefore § 340.5 does not apply."). Additionally, municipal liability under § 377.60 may result, "if liable under *Monell*" for a "policy or custom." *Garcia v. County of Fresno*, 2005 U.S. Dist. LEXIS 31624, at *16–17 (E.D. Cal. Nov. 21, 2005).

Dated: November 19, 2026

Respectfully Submitted,

By: ______________________________

Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Attorneys for Plaintiffs
ESTATE OF JESUS ERIC MAGANA,
J. JESUS MAGANA DUARTE,
and VERONICA DUARTE VACA