Yolanda Huang, SBN 104543
LAW OFFICES OF YOLANDA HUANG
2748 Adeline Street, Suite A
Berkeley, CA 94703
Tele: (510) 329-2140
Fax: (510) 580-9410
Email: yhuang.law@gmail.com

Mark E. Merin, SBN 043849
Paul H. Masuhara, SBN 289805
LAW OFFICES OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, CA 95814
Tele: (916) 443-6911
Fax: (916) 447-8336
Email: mark@markmerin.com
paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF JESUS ERIC MAGANA,
J. JESUS MAGANA DUARTE,
and VERONICA DUARTE VACA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESTATE OF JESUS ERIC MAGANA,<br>J. JESUS MAGANA DUARTE,<br>and VERONICA DUARTE BACA,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC & WELLPATH MANAGEMENT, INC., also known as LIQUIDATING TRUST, a nominal party, RAJENDRA MAHAJAN, SUMEET CHAGGER, HARKAMALJIT HUNDAL, and DOE 1 to 20,<br><br>Defendants. | Case No. 3:24-cv-04716-JD<br><br>**PLAINTIFFS' PROPOSAL FOR DISPOSITION**<br>**RE: CLAIM SIX & CLAIM SEVEN** |

## I. INTRODUCTION

Pursuant to the Court's order, ECF No. 141, the Estate of Jesus Eric Magana, J. Jesus Magana Duarte, and Veronica Duarte Vaca (collectively, "Plaintiffs") and the California Forensic Medical Group, Inc., Rajendra Mahajan, Sumeet Chagger, and Harkamaljit Hundal (collectively, "CFMG Defendants") submit the following joint plan for disposition of Claim Six and Claim Seven.

## II. CLAIM SIX

Plaintiffs' Six Claim alleges violation of the California Public Records Act, Cal. Gov. Code § 7920.000 *et seq*., against the County of Alameda, Alameda County Sheriff's Office, and Yesenia Sanchez (collectively, "County Defendants"). ECF No. 78 ("2AC") ¶¶ 219–222.

Plaintiffs and County Defendants have reached a settlement which resolved all claims alleged by Plaintiffs against County Defendants. Accordingly, Plaintiffs' Claim Six may be dismissed, with prejudice, with each party to bear its own attorneys' fees and costs, pursuant to the settlement agreement of the parties.

## III. CLAIM SEVEN

Plaintiffs' Seven Claim alleges violation of California Evidence Code § 1158 against all Defendants, including County Defendants <u>and</u> CFMG. 2AC ¶¶ 223–226.

Plaintiffs and County Defendants have reached a settlement which resolved all claims alleged by Plaintiffs against County Defendants. Accordingly, Plaintiffs' Claim Seven may be dismissed, with prejudice as to County Defendants, with each party to bear its own attorneys' fees and costs, pursuant to the settlement agreement of the parties. However, Claim Seven remains pending against CFMG, as discussed below.

### A. Plaintiffs' Position

Plaintiffs' Claim Seven against CFMG remains extant and must be partially decided by a jury.

<u>Summary Judgment</u>: CFMG Defendants moved for summary judgment of Claim Seven on two bases. *First*, CFMG Defendants argued that CFMG could withhold records in response to Plaintiffs' § 1158 medical records request "until documentation confirming the effectiveness of the estate representative's appointment was provided…" ECF No. 111 ("MSJ") at 18–19. Plaintiffs responded that § 1158 affords no such exception where it provides: "Failure to make the records available … within five

days after the presentation of the written authorization, may subject the medical provider … to liability…" Cal. Evid. Code § 1158(d). Plaintiffs provided written authorization but Defendants did not make records available within the statutorily-mandated five days. ECF No. 124 ("Oppo.") at 27–28. *Second*, CFMG Defendants argued that "Plaintiffs attempt to assert Section 1158 as an independent claim for damages…" MSJ at 19. Plaintiffs responded that "[they] do not seek damages for violation of § 1158" but, "[r]ather, [they] allege 'entitl[ement] [] to receive reasonable expenses'" where "[t]he statute provides: 'Failure to make the records available … may subject the medical provider having custody or control of the records to liability for all reasonable expenses, including attorney's fees, incurred in any proceeding to enforce this section.'" Oppo. at 28 (quoting Cal. Evid. Code § 1158(d)).

But, in CFMG Defendants' reply brief, they failed to address either of Plaintiffs' arguments in opposition. *See generally* ECF No. 127. "When a non-moving party's opposition seriously calls into question whether the movant is entitled to summary judgment on a particular ground, it is not role of the Court to fill the awkward silence in the movant's reply brief." *Kaur v. City of Lodi*, 263 F. Supp. 3d 947, 980 n.12 (E.D. Cal. 2017). Thus, where a non-moving party's argument in opposition is met with silence in the moving party's reply brief," "[i]t is not the role of the Court to fill this silence" and "[t]he [moving party] ha[s] not met their burden to demonstrate they are entitled to judgment as a matter of law on this point." *Id*.

<u>Trial</u>: Two issues related to Claim Seven remain unresolved: (1) did CFMG violate § 1158 by "[f]ail[ing] to make the records available … within five days after the presentation of the written authorization"?; and (2) if so, is CFMG "subject … to liability for all reasonable expenses, including attorney's fees, incurred in any proceeding to enforce [§ 1158]"? *See* Cal. Evid. Code § 1158(d). The first inquiry (liability) is a factual issue which must be resolved by a jury at trial. The second inquiry (expenses) is a legal issue which must be resolved by the Court, if necessary, after the jury resolves the first inquiry in Plaintiffs' favor.

Dated: Nov. 19, 2026

Respectfully Submitted,
LAW OFFICES OF YOLANDA HUANG

*/s/ Yolanda Huang*

By: ______________________________
Yolanda Huang

Attorney for Plaintiffs
ESTATE OF JESUS ERIC MAGANA,
J. JESUS MAGANA DUARTE,
and VERONICA DUARTE VACA