Lindsey M. Romano (SBN: 337600)
Gregory E. Rousso (SBN: 353147)
Allison J. Becker (*Pro Hac Vice*)
Sarah A. Kilgore (*Pro Hac Vice*)
Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054
Email: lromano@grsm.com
grousso@grsm.com
abecker@grsm.com
skilgore@grsm.com
***Attorneys for Defendants California Forensic Medical Group, Inc., Rajendra Mahajan, Sumeet Chagger, and Harkamaljit Hundal***

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JESUS ERIC MAGANA, J. JESUS MAGANA DUARTE, and VERONICA DUARTE VACA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANGLEE, PETER CANDELARIO, CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC & WELLPATH MANAGEMENT, INC., also known as WELLPATH LIQUIDATING TRUST, a nominal party, RAJENDRA MAHAJAN, SUMEET CHAGGER, HARKAMALJIT HUNDAL, and DOE 1 to 20,<br><br>Defendants. | CASE NO. 3:24-cv-04716-JD<br><br>**TRIAL BRIEF SUBMITTED BY DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., RAJENDRA MAHAJAN, SUMEET CHAGGER, AND HARKAMALJIT HUNDAL**<br><br>Trial: December 14, 2026<br>Pre-Trial Conference: December 3, 2026<br><br>Hon. James Donato<br>Courtroom 11 |

## I. INTRODUCTION

Pursuant to the Court's Standing Order for Civil Jury Trials, Defendants California Forensic Medical Group, Inc. ("CFMG"); Rajendra Mahajan, M.D.; Sumeet Chagger, RN; and Harkamaljit Hundal, RN (collectively, the "CFMG Defendants") submit this trial brief "specifying each cause of action and defense remaining to be tried along with a statement of the applicable legal standard." This action arises from the death of Jesus Eric Magana at Santa Rita Jail in Alameda County on April 27, 2023. Plaintiffs' complaint alleges that the County Defendants (the County, the Sheriff's

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

Office, and multiple deputies), along with the CFMG Defendants, failed to prevent Mr. Magana's death at the jail while he was a pretrial detainee.

Plaintiffs settled with the County Defendants, but have not yet filed a dismissal despite the CFMG Defendants' approval of the dismissal stipulation. Against the CFMG Defendants, five claims remain from the Second Amended Complaint ("SAC"): the First Claim (Fourteenth Amendment medical care, 42 U.S.C. § 1983), the Fourth Claim (familial association), the Seventh Claim (Cal. Evid. Code § 1158), the Eighth Claim (Bane Act), and the Ninth Claim (intentional infliction of emotional distress). The dismissed negligence and wrongful death claims should not be presented to the jury, and the Seventh Claim should be decided by the Court.

## II. THE CLAIMS AND PARTIES REMAINING FOR TRIAL AGAINST THE CFMG DEFENDANTS.

At the November 5, 2026, hearing on the CFMG Defendants' Motion for Summary Judgment, the Court stated: "I have previously dismissed Count Two, Count Three, the claim with respect to -- oh, Count Ten and Count Eleven." (Nov. 5, 2026 Hr'g Tr. 6:19-21). The Fifth Claim (Gov. Code § 845.6) and Sixth Claim (Public Records Act) are not asserted against any CFMG Defendant. The remaining claims, and the plaintiffs who assert them against the CFMG Defendants, are as follows:

| **Claim** | **Plaintiff(s)** | **CFMG Defendant(s)** |
|---|---|---|
| First: Fourteenth Amendment medical care (§ 1983) | Estate | CFMG, Mahajan, Chagger, Hundal |
| Fourth: Familial association (§ 1983) | J. Jesus Magana Duarte | CFMG, Mahajan, Chagger, Hundal |
| Seventh: Evid. Code § 1158 | Estate | CFMG only |
| Eighth: Bane Act (Civ. Code § 52.1) | Estate; J. Jesus Magana Duarte | CFMG, Mahajan, Chagger, Hundal |

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

| | | |
|---|---|---|
| Ninth: IIED | Estate | CFMG, Mahajan, Chagger, Hundal |

These assignments come from the SAC itself. (See Dkt. 78.) Plaintiff Veronica Duarte Vaca is named against the CFMG Defendants only in the Eleventh Claim for wrongful death. Because that claim has been dismissed, Ms. Duarte Vaca has no claim remaining to be tried against the CFMG Defendants, and the instructions and verdict form should not identify her as a claimant against them.

## III. LEGAL STANDARDS FOR THE CLAIMS REMAINING TO BE TRIED

### A. First Claim: Fourteenth Amendment Inadequate Medical Care (Estate)

*Individual Defendants.* A pretrial detainee's medical care claim against an individual is evaluated under an objective deliberate indifference standard, and the Estate must prove that (i) the defendant made an intentional decision with respect to the conditions of confinement; (ii) those conditions put Mr. Magana at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the injuries. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–1125 (9th Cir. 2018). The defendant's conduct must be objectively unreasonable, and the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* These elements govern the claim "against an individual defendant," and so must be applied to each individual defendant separately. *Id.*

Two principles will be central at trial. First, the Ninth Circuit has emphasized that poor or even fatal medical care does not by itself establish a constitutional violation: "this is not a medical malpractice case," and the question is "whether the level of medical care was unconstitutional, not whether it was so substandard that it may have cost [the detainee] his life." *Russell v. Lumitap*, 31 F.4th 729, 736 (9th Cir. 2022). Second, a nurse who "promptly called the physician on call and followed his instructions" cannot be found deliberately indifferent on that basis, even if she perhaps

"should have called paramedics." *Id.* at 744. Here, Nurse Chagger and Nurse Hundal did exactly this; they alerted the on-call physician to the patient's condition and followed all treatment orders.

*CFMG.* A private entity acting under color of state law is subject to *Monell*'s requirements; the Estate must show that CFMG acted under color of state law and that any constitutional violation "was caused by an official policy or custom" of CFMG. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). CFMG "cannot be held liable *solely* because it employs a tortfeasor," i.e., on a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). An unwritten custom must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law," and it "may not be predicated on isolated or sporadic incidents." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021). The Estate must also prove a "direct causal link" between the custom and Mr. Magana's death, and, for a policy of inaction, actual or constructive notice that the practice was "substantially certain to result in the violation of the constitutional rights" of detainees. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 681–682 (9th Cir. 2021). Proof that would "support a finding of negligence" is not enough. *Id.*

**B. Fourth Claim: Interference with Familial Association (J. Jesus Magana Duarte)**

A parent has a Fourteenth Amendment liberty interest in the companionship and society of his child, but a familial association claim requires conduct that "shocks the conscience." *Ochoa v. City of Mesa*, 26 F.4th 1050, 1056–1059 (9th Cir. 2022). Deliberate indifference may satisfy that standard only where the circumstances permitted deliberation; otherwise the plaintiff must show a purpose to harm. *Id.* Courts in this Circuit applying these principles in the jail medical-care context have treated the familial association claim as rising or falling with the underlying deliberate indifference claim against each defendant. *M.H. v. Cnty. of Alameda*, 62 F. Supp. 3d 1049, 1095–1096 (N.D. Cal. 2014); *Hanington v. Multnomah Cnty.*, 593 F. Supp. 3d 1022, 1043–1044 (D. Or. 2022). Accordingly, Mr. Magana Duarte cannot prevail against any CFMG Defendant on this claim unless the jury first finds that defendant liable on the First Claim and that the conduct shocks the conscience.

**C. Eighth Claim: Tom Bane Civil Rights Act (Estate and J. Jesus Magana Duarte)**

The Bane Act reaches interference "by threat, intimidation, or coercion" with constitutional

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

or statutory rights. Cal. Civ. Code § 52.1. "The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Chinaryan v. City of Los Angeles*, 113 F.4th 888, 907 (9th Cir. 2024). Specific intent requires that the right be "clearly delineated and plainly applicable under the circumstances," and that the defendant committed the act "with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right," although reckless disregard of the right may suffice. *Id*. In *Reese*, the Ninth Circuit held it was error to instruct the jury that a plaintiff who prevails on the constitutional claim automatically prevails on the Bane Act claim, because the specific intent inquiry is separate. *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1044–1045 (9th Cir. 2018). The jury must therefore make a distinct specific-intent finding as to each CFMG Defendant. This is a notably more stringent standard than at the pleading stage, where plaintiffs need only adequately allege deliberate indifference in order to state a claim under the Bane Act. At trial, a plaintiff must not only prove each and every element of a § 1983 claim, but must also prove the added specific intent element – again, for each defendant.

**D. Ninth Claim: Intentional Infliction of Emotional Distress (Estate)**

The Estate must prove "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050–1051 (2009). Conduct is not outrageous unless it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community," and severe distress means distress "of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Id*. Because the Ninth Claim is brought only by the Estate, the distress at issue is Mr. Magana's own, not that of his family. The Court has noted this claim may be revisited during trial and in post-trial proceedings.

**E. Punitive Damages**

Under § 1983, punitive damages may be awarded only if the defendant's conduct "was malicious, oppressive, or in reckless disregard of the plaintiff's rights." Ninth Cir. Model Civ. Jury

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

Instr. 5.5. On the state-law claims, punitive damages require clear and convincing evidence of malice, oppression, or fraud, Cal. Civ. Code § 3294(a), and may be assessed against CFMG only if an officer, director, or managing agent had advance knowledge of and consciously disregarded, authorized, or ratified the conduct, or was personally guilty of it, id. § 3294(b). Defendants preserve their pleaded Code of Civil Procedure § 425.13(a) and due process defenses.

## IV. DEFENSES REMAINING TO BE TRIED

Defendants will contend that (1) there was no constitutional violation, because Plaintiffs' evidence shows at most negligence or a difference of medical opinion (*Russell*, 31 F.4th at 736); (2) no act or omission of theirs caused the harm alleged, and the acts of others were an intervening or superseding cause; (3) CFMG bears no vicarious liability under § 1983 (*Monell*, 436 U.S. at 691); (4) Defendants acted in good faith and without malice or specific intent, defeating the Bane Act claim and any punitive award; and (5) CFMG complied with Evidence Code § 1158 and Probate Code § 8400, as explained in Section VI. Defendants also preserve their pleaded MICRA, comparative fault, and Civil Code § 1431.2 defenses as to any remaining state-law claim to which they apply, and reserve their right to a setoff for the County Defendants' settlement. Cal. Civ. Proc. Code § 877.

## V. THE NEGLIGENCE AND WRONGFUL DEATH CLAIMS HAVE BEEN DISMISSED AND MAY NOT BE TRIED.

Plaintiffs continue to treat the Tenth and Eleventh Claims as live. Their proposed jury instructions contend that Defendants' instructions "erroneously omit[] three extant claims," including "Negligence" and "Wrongful Death (Cal. Code Civ. Proc. § 377.60)." For support, Plaintiffs quote only their own summary judgment opposition. (See, e.g., Dkt. 147-5 at 102).

That position cannot be reconciled with the record. At the November 5, 2026 hearing, the Court confirmed, "[j]ust to make sure that we're all on the same page," that Counts Ten and Eleven had been dismissed. Count Ten is the negligence claim and Count Eleven is the wrongful death claim. Arguments in a party's opposition brief are not rulings, and they cannot revive claims the Court has confirmed are out of the case.

The dismissal has concrete consequences for trial. No negligence or wrongful death

instruction should be given, and the verdict form should not include either claim. Plaintiffs should not argue to the jury that Defendants may be held liable merely for negligence or a breach of the standard of care, because that would invite the jury to impose liability on the very standard the Constitution rejects. *Gordon*, 888 F.3d at 1125. To the extent Plaintiffs believe any portion of Counts Ten or Eleven survives, Defendants respectfully request that the Court confirm at the December 3, 2026 pretrial conference that both claims are dismissed in their entirety.

## VI. THE EVIDENCE CODE § 1158 CLAIM SHOULD BE DECIDED BY THE COURT, NOT THE JURY

The Court asked the parties whether the records claim "goes to the jury," observing that "[i]t looks to me like it's an equitable claim, which means I would decide it" and "I don't think it goes to the jury." (Nov. 5, 2026 Hr'g Tr. 4:21 – 5::19-21). The CFMG Defendants submit that the Court is correct.[1]

*A. Section 1158 provides only a fee-and-expense enforcement remedy, not damages.* Section 1158 requires a medical provider, on presentation of a proper written authorization, to make the patient's records available for inspection and copying; a failure to do so within five days "may subject the … medical provider having custody or control of the records to liability for all reasonable expenses, including attorney's fees, incurred in any proceeding to enforce this section." Cal. Evid. Code § 1158. The Court of Appeal has held that "the remedy for a violation of section 1158 is to bring a 'proceeding' to enforce its requirements," and that "Section 1158 contemplates no other remedy, such as consequential damages caused by a delay in obtaining access to the records." *Maher v. Cnty. of Alameda*, 223 Cal. App. 4th 1340, 1353–1354 (2014). The Estate has the records, so all that remains is whether CFMG must pay enforcement expenses and fees.

*B. No Seventh Amendment jury right attaches to that remedy.* The Seventh Amendment extends to a statutory claim only if it is "legal in nature." *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 122–126 (2024). Courts first compare the action to 18th-century actions at law or in equity

[1] CFMG Defendants note that Plaintiffs have filed a document purporting to be a joint statement on this issue. (See Dkt. 153). The document's introduction states that Plaintiffs and CFMG Defendants "submit the following joint plan for disposition of Claim Six and Claim Seven." This is false; Plaintiffs have filed that document with no input from CFMG Defendants. We therefore address Count Seven in this Trial Brief.



GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

and then "examine the remedy sought and determine whether it is legal or equitable in nature"; the remedy is "the 'more important' consideration." *In re Tsay JBR LLC*, 136 F.4th 1176, 1179 (9th Cir. 2025) (internal citations omitted). A monetary remedy is legal when it is "designed to punish or deter the wrongdoer," rather than "solely to 'restore the status quo.'" *Jarkesy*, 603 U.S. at 122–126. Section 1158's only remedy, reimbursement of the reasonable expenses and attorney's fees of an enforcement proceeding, is neither punitive nor compensatory damages. *Maher*, 223 Cal. App. 4th at 1353–1354. It better resembles statutory fee-shifting, which courts decide (Cf. Fed R. Civ. P. 54(d)(2)) and is ancillary to an enforcement proceeding rather than damages for an injury. At least one court in this Circuit has treated the amount of attorney's fees as "an equitable claim that does not carry a Seventh Amendment right to a jury trial." *Finato v. Fink*, 803 F. App'x 84, 89 (9th Cir. 2020). Because the Seventh Claim seeks no legal relief, it should be tried to the Court.

*C. The dispositive issue is a question of law that the Court can resolve on a short record.* Under Probate Code § 8400(a), "[a] person has no power to administer the estate until the person is appointed personal representative and the appointment becomes effective," and the appointment "becomes effective when the person appointed is issued letters." Cal. Prob. Code § 8400. The SAC alleges the authorization was presented on July 12, 2024. (Dkt. 78 at ¶164). The probate order then in hand stated on its face: "THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED." Letters were filed on July 31, 2024. On August 4, 2024, counsel for CFMG advised Plaintiffs' counsel that, under § 8400(a), the records could not be released until the letters were provided. Plaintiffs' counsel sent the certified letters on the morning of August 5, 2024, and CFMG's counsel sent a secure link to Mr. Magana's medical records that afternoon. That production came the same day the letters were presented, and within five days after the letters issued. Plaintiffs dispute the completeness and timeliness of the production.

Whether an authorization from a person whose appointment had not yet taken effect triggered § 1158's five-day period, and whether a production made the day the letters were received complied with the statute, are questions of statutory interpretation for the Court. Any subsidiary factual dispute is equally suited to the Court as fact-finder.

*D. Proposed procedure.* Trying this claim to the jury would inject an unrelated records

dispute into a medical-care trial. Defendants propose that the Court (1) exclude the Seventh Claim and related evidence from the jury trial; (2) decide the claim on declarations, the correspondence identified above, and limited live testimony if needed, outside the jury's presence or after the verdict; and (3) if the Court finds a violation, determine any recoverable expenses and fees on a noticed motion.

## VII. CONCLUSION

The CFMG Defendants respectfully request that the Court try the First, Fourth, Eighth, and Ninth Claims to the jury under the standards set out above; confirm that the Tenth and Eleventh Claims are dismissed and exclude any negligence or wrongful death instruction, verdict question, or argument; confirm that Ms. Duarte Vaca has no claim remaining against the CFMG Defendants; and decide the Seventh Claim under Evidence Code § 1158 itself, without a jury.

Dated: November 19, 2026

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/Gregory E. Rousso*
Lindsey M. Romano
Gregory E. Rousso
Allison J. Becker
Sarah A. Kilgore
***Attorneys for Defendants California Forensic Medical Group, Inc., Rajendra Mahajan, Sumeet Chagger, and Harkamaljit Hundal***

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**CERTIFICATE OF SERVICE**

*Estate of Jesus Eric Magana v. County of Alameda, et al.*

U.S.D.C., Northern District of California, Case No.: 3:24-cv-04716-JD

I, Gregory E. Rousso, certify that this document, filed through the Court's ECF system on **November 19, 2026**, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Gregory E. Rousso*