Lindsey M. Romano (SBN: 337600)
Allison J. Becker (*PRO HAC VICE*)
Gregory Rousso (SBN: 353157)
Sarah A. Kilgore (*PRO HAC VICE*)
Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 875-4126
Facsimile: (415) 986-8054
Email: lromano@grsm.com
abecker@grsm.com
grousso@grsm.com
skilgore@grsm.com

***Attorneys for Defendants***
***CALIFORNIA FORENSIC MEDICAL GROUP, INC., RAJENDRA MAHAJAN, SUMEET CHAGGER, and HARKAMALJIT HUNDAL***



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF JESUS ERIC MAGANA, J. JESUS MAGANA DUARTE, and VERONICA DUARTE VACA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, YESENIA SANCHEZ, ERIK BAKER, ZACHARY TSANGLEE, PETER CANDELARIO, CALIFORNIA FORENSIC MEDICAL GROUP, INC., WELLPATH LLC & WELLPATH MANAGEMENT, INC., also known as WELLPATH LIQUIDATING TRUST, a nominal party, RAJENDRA MAHAJAN, SUMEET CHAGGER, HARKAMALJIT HUNDAL, and DOE 1 to 20,<br><br>Defendants. | CASE NO. 3:24-cv-04716-JD<br><br>**CFMG DEFENDANTS' MOTION IN LIMINE #2 TO EXCLUDE MENTION OF THE BABU CONSENT DECREE**<br><br>Pretrial Conference: November 19, 2026<br>Judge: Honorable James Donato |

Defendants California Forensic Medical Group, Inc. ("CFMG"), Rajendra Mahajan, M.D., Sumeet Chagger, R.N., and Harkamaljit Hundal, R.N. (collectively "CFMG Defendants") will and hereby do move for an order prohibiting Plaintiffs from mentioning the "Babu Consent Decree." In the operative complaint, Plaintiffs' Second Amended Complaint ("SAC"), Plaintiffs reference the Babu Consent Decree, describing it as follows:

> a class action lawsuit . . . filed against Defendants COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, and ex-Sheriff Gregory Ahern alleging that officials in Santa Rita Jail subject[ed] "individuals with mental health diagnoses and/or other psychiatric disabilities' to 'cruel and unusual use of isolation" as well as failing to respect their due process rights by not providing "adequate mental health care" and "reasonable accommodations" to those with mental disabilities.

[Dkt. 78 ¶¶ 148–51, 177–80] (quoting *Babu v. Ahern*, No. 5:18-cv-07677-NC (N.D. Cal.)).

## I. STANDARD OF REVIEW

Evidence is relevant, and *tentatively* admissible, if: "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401; 402. Rule 403 of the Federal Rules of Civil Procedure provides for the exclusion of evidence, even *relevant* evidence, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis . . . ." Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules.

## II. ARGUMENT

"Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (quoting *Trevino v. Gates*, 99 F.4th 911, 918 (9th Cir. 1996)). Plaintiffs' claims relate solely to **CFMG's** policies and customs involving the **medical** care—not the mental-health care—provided to Eric Magana on April 27, 2023. [Dkt. 78 ¶¶ 191, 193]. Therefore, evidence as to the quality of mental-health care provided by the County and a separate mental healthcare provider is irrelevant and has no tendency to prove a fact of consequence as it has no bearing on CFMG's customs regarding medical care at the Alameda County Jail. However, the allegations in the SAC regarding the Babu Consent Decree specifically focus on alleged deficiencies in the mental-health care at the jail, which was not provided by CFMG. *See id.*

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

Even if this evidence did have some limited bearing on a fact of consequence, which CFMG Defendants deny, the danger of unfair prejudice and confusing and misleading the jury substantially outweighs any probative value. The allegations in the SAC use the Babu Consent Decree to suggest there were deficiencies in the mental-health care provided at Alameda County Jail and that there was insufficient staffing of County employees and mental-health employees—not CFMG employees. *Id.* ¶ 178. Further, Plaintiffs themselves state that the purpose of the Babu Consent Decree was to ensure adequate mental-health care, out-of-cell time, suicide-risk prevention measures, classification systems, County policies, and ADA services—not to address inadequate medical care. *Id.* ¶ 179. Evidence of deficiencies related to the County or mental-health staff's services improperly suggests that CFMG must have provided inadequate care, too. *See, e.g.*, *Atencio v. Arpaio*, No. CIV. 12-2376-PHX-PGR, 2013 WL 5327382, at *4 (D. Ariz., Sept. 24, 2013) (finding that admission of County's deficient policies would "pose[] an undue risk of prejudice to" individual officials). The Supreme Court of the United States has clarified that a *Monell* claim requires proof of "a pattern of **similar** violations." *Connick v. Thompson*, 563 U.S. 51, 72 (2011). On top of the fact that CFMG was not responsible for mental-health at Alameda County Jail, mental-health care deficiencies are not similar to the medical care provided to Magana.

For example, the Ninth Circuit has previously upheld the exclusion of a consent decree from evidence pursuant to Rule 403 of the Federal Rules of Evidence. *U.S. Securities & Exchange Commission v. Jensen*, 835 F.3d 1100, 1116 (9th Cir. 2016). There, the Ninth Circuit reviewed the district court's decision to exclude evidence of a consent decree. *Id.* The Court explained that "there [wa]s a clear risk of unfair prejudice . . . ." *Id.* "The consent decree was not evidence of culpability, but admitting the settlement into evidence would run the risk of 'permitt[ing] the jurors to succumb to the simplistic reasoning that if the defendant was accused of the conduct, it probably or actually occurred.'" *Id.* (quoting *United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012)).

In sum, the Babu Consent Decree and related documents are irrelevant to Plaintiffs' *Monell* claim and would only encourage jurors to find CFMG liable on the basis of deficiencies in other *unrelated* areas of the jail for which CFMG is not responsible. It would likewise confuse the jury

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

to enter evidence related to mental-health care at the jail when such care is not at issue. Therefore, CFMG Defendants request an order from this Court prohibiting Plaintiffs' Counsel from mentioning the Babu Consent Decree or related documents. Additionally, there is no probative value to mentioning the lawsuit itself or the Consent Decree, as CFMG was not a party to either nor was CFMG's medical care at issue in either.

Dated: November 19, 2026

GORDON REES SCULLY MANSUKHANI, LLP

*By: Sarah A. Kilgore*
Lindsey M. Romano
Allison J. Becker (*pro hac vice*)
Gregory Rousso
Sarah A. Kilgore (*pro hac vice*)
***Attorneys for Defendants California Forensic Medical Group. Inc., Rajendra Mahajan, Sumeet Chagger, and Harkamaljit Hundal***

**CERTIFICATE OF SERVICE**

*Estate of Jesus Eric Magana v. County of Alameda, et al.*

U.S.D.C., Northern District of California, Case No.: 3:24-cv-04716

I, Sarah Kilgore, certify that this document, filed through the Court's ECF system on **November 19, 2026,** will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111